UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV,

      Defendant.

**PROPOSED JOINT SCHEDULING REPORT AND DISCOVERY PLAN**

Plaintiff Itamar Medical Ltd. ("Itamar") and Defendant Ectosense *nv* ("Ectosense") respectfully submit this Joint Proposed Scheduling Report and Discovery Plan pursuant to this Court's Order dated April 10, 2020 (DE 5), Southern District of Florida Local Rule 16.1, and Federal Rules of Civil Procedure 26(f) and 16(b). In accordance with the Local Rules and the Court's Order, the parties met telephonically on January 27, 2021, and report as follows:

**Local Rule 16.1 Conference Report**

  A.  **Likelihood of Settlement**

The parties have previously engaged in settlement discussions without resolution. The parties will consider whether further settlement discussions are warranted.

  B.  **Likelihood of Appearance in the Action of Additional Parties**

Itamar intends to amend its Complaint to add an additional defendant, VirtuOx, Inc., The parties anticipate submitting a stipulation to allow this amendment in due course.

### C. Proposed Time Limits and Discovery

The parties have agreed to the proposed time limits in the attached Proposed Scheduling Order. The parties further agree that a party may move to amend the schedule upon a showing of good cause only after first attempting to mutually agree with the other party on any modification. Per Local Rule 16.1(a)(2)(B), the parties intend to follow the "Standard" case management track for trial (i.e., trial can likely be completed within 3-10 days), but believe that this case necessitates extra time for the discovery period, as reflected in the attached Proposed Scheduling Order.

### D. Necessity or Desirability of Amendments to the Pleadings

Other than as noted above in Section B, the parties do not anticipate further amendments to the pleadings. Nonetheless, the parties reserve the right to amend the pleadings based on facts learned in discovery. Should either party seek to amend its pleadings, it will do so in accordance with the deadline set out in the Proposed Scheduling Order.

### E. Possibility of Obtaining Admissions or Stipulations, and the Need for Advance Rulings on Admissibility

The parties will stipulate to facts or admissibility where possible and will work in good faith to avoid unnecessary disputes or undue enlargement of the issues. The parties anticipate that a protective order will be needed and will work to jointly submit such an order for consideration. The parties also anticipate entering into a stipulation regarding electronically stored information ("ESI").

### F. Suggestions for the Avoidance of Unnecessary and Cumulative Evidence

The parties will continue to explore opportunities to streamline the evidence and eliminate unnecessary proof. The parties have no suggestions at this time.

G.   **Advisability of Referring Matters to a Magistrate Judge**

At least one party does not consent to trial before a Magistrate Judge or Master.

H.   **Preliminary Estimate of Time Required for Trial**

The parties' preliminary estimate of time for trial is five (5) to seven (7) days, and the parties' respectfully reserve the right to change this estimate as discovery develops.

I.   **Requested Date(s) for Trial and Conferences Before Trial**

The parties request that this cause be set for trial during the Court's two-week trial calendar beginning on September 12, 2022. The Calendar Call will be held at 9:00 a.m. on August 26, 2022. The parties' requested dates are set out in the attached Proposed Scheduling Order pursuant to Local Rule 16.1(b).

J.   **Other Information Helpful to the Court in Setting the Case for Status**

At this time, no other information would appear to be helpful to the Court.

### Federal Rule of Civil Procedure 26(f)(3) Discovery Plan

A.   **Initial Disclosures**

The parties intend to exchange initial disclosures by February 19, 2021, and will supplement their disclosures in accordance with F.R.C.P. 26(a).

B.   **Subjects of Discovery**

The parties anticipate conducting discovery appropriate to the Federal and Local Rules. The parties anticipate taking discovery related to the allegations, affirmative defenses, claims and counterclaims at issue in the case, including the issues of infringement, fair use, false advertising, damages, and remedies. The parties have agreed on a schedule for discovery as outlined in the Proposed Scheduling Order.

### C.     Discovery Issues

No issue currently exists between the parties related to disclosures, discovery, or ESI, and the parties will endeavor to diligently and reasonably work through any such issues that may arise as the case progresses forward into discovery.

### D.     Claims of Privilege

Because disclosure of confidential information will be necessary in this case, the parties will prepare a proposed protective order and ESI protocol for the Court's approval.

### E.     Proposed Modifications to Discovery Rules

The parties do not propose any modifications to the limitations on discovery imposed under the Federal and Local rules.

### F.     Other Rule 26(c) or Rule 16(b) and (c) Orders

The parties will submit a proposed protective order for the Court's approval, as well as a protocol governing the exchange of ESI. At this time, the parties do not anticipate the need for any further orders under Rule 26(c) or Rule 16(b) and (c).

## PROPOSED PRETRIAL SCHEDULE

The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court and the scheduling timeline for standard tracked cases. The parties propose the following dates and deadlines:

| Event | Proposed Date |
|---|---|
| Parties to select mediator and advise Clerk's Office on selection | [Must be completed within 14 days from issuance of Scheduling Order] |
| Complete mediation | May 12, 2022 (i.e., no later than 60 days prior to trial) |
| Initial disclosures | February 19, 2021 |
| Joinder of parties and amendment of pleadings | July 16, 2021 |
| Complete fact discovery | December 10, 2021 |
| Initial expert disclosures | January 28, 2022 |
| Rebuttal expert disclosures | March 4, 2022 |
| Complete expert discovery | April 22, 2022 |
| Submit dispositive pretrial motions and motions to exclude or limit expert testimony | May 27, 2022 |
| Motions in limine | July 22, 2022 |
| Submit oppositions to motions in limine | August 5, 2022 |
| Pretrial stipulation per Local Rule 16.1(e) | August 19, 2022 |
| Pretrial conference | August 26, 2022 |
| Trial (5 to 7 days) | September 12, 2022 |

Respectfully Submitted,

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| */s/ Robert D. W. Landon, III*<br>Robert D. W. Landon, III<br>(Florida Bar No. 961272)<br>Elizabeth B. Honkonen<br>(Florida Bar No. 0149403)<br>KENNY NACHWALTER, P.A.<br>Four Seasons Tower<br>1441 Brickell Avenue, Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>rdl@kennynachwalter.com<br>ebh@kennynachwalter.com<br><br>and<br><br>Allen M. Gardner (*admitted pro hac vice*)<br>Chase A. Chesser (*admitted pro hac vice*)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2270<br>Allen.Gardner@lw.com<br>Chase.Chesser@lw.com<br><br>Patrick C. Justman (*admitted pro hac vice*)<br>Jennifer L. Barry (*admitted pro hac vice*)<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130<br>(858) 523-5400<br>patrick.justman@lw.com<br>jennifer.barry@lw.com | */s/ Paul O. Lopez*<br>Paul O. Lopez<br>Seth J. Donahoe<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 525-7500<br>eservice@trippscott.com (primary)<br>pol@trippscott.com (secondary)<br>sxc@trippscott.com (secondary)<br>sjd@trippscott.com (secondary)<br>sgc@trippscott.com (secondary)<br><br>and<br><br>Scott J. Bornstein, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>bornsteins@gtlaw.com<br><br>Stephen Baird, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>90 South 7th St., Suite 3500<br>Minneapolis, MN 55402<br>bairds@gtlaw.com<br><br>Paul B. Ranis, Esq.<br>Florida Bar No. 64408<br>GREENBERG TRAURIG, P.A.<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>ranisp@gtlaw.com |