UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,
    Plaintiff,
v.

ECTOSENSE NV,
    Defendant.
_____/

## ECTOSENSE NV'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

Defendant / Counter-Plaintiff, ECTOSENSE *nv*, (hereinafter "Ectosense"), by and through the undersigned attorneys, hereby serves this Motion for Extension of Time to Respond to Discovery propounded by Itamar Medical Ltd. ("Itamar") and states as follows:

1.    On June 24, 2020, Plaintiff filed its Amended Complaint. [ECF 19]. Plaintiff's Amended Complaint is a five-count complaint filed under the Lanham Act and related state law statutes, and makes claims contending that Ectosense has infringed upon Plaintiff's trademark and has engaged in false advertising. Ectosense maintains that Plaintiff's claims are barred due to, among other things, the genericness of the mark in question, fair use, preclusion and preemption.

2.    Following the filing of Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF 28], Plaintiff's Response to Motion to Dismiss [ECF 35] and Defendant's Reply to Response [ECF 41], on January 4, 2021, this Court entered an Order Denying Defendant's Motion to Dismiss [ECF 52], ordering Defendant to file its answer to Plaintiff's Amended Complaint.

3. On January 27, 2021 Itamar propounded a set of Demands for Inspection and Requests for Production, **which contained 121 individual requests for production and 11 categories of demands for inspection seeking 5 sample of each category of the demand**.

4. During the next two weeks, the parties were working through a stipulated confidentiality order and filed their Joint Motion for Entry of Stipulated Protective Order on February 9, 2021. [ECF 60].

5. Simultaneously, Ectosense was finalizing its Answer, Affirmative Defenses, and Counterclaim, which was ultimately filed on February 12, 2021. [ECF 61].

6. One week later, on February 19, 2021, Itamar's counsel provided to Ectosense's counsel a proposed Second Amended Complaint that brings in a new party, and Itamar requested a stipulation to file the proposed Second Amended Complaint. Ectosense has since reviewed the proposed Second Amended Complaint, and while it denies the merits of the claims, recognizes the liberality of the legal standard for amending and stipulated to the amendment. Ectosense anticipates that Itamar will be filing and Unopposed Motion for Leave to Amend in the coming days.

7. With respect to the pending discovery, undersigned counsel reached out to Itamar's counsel and requested a 30 day extension of time to file discovery responses.

8. Itamar objected to the requested extension indicating: "On the discovery deadline, we are not comfortable giving such a lengthy extension, since the case has been pending for so long, we need to get moving. We are willing to give you another two weeks, provided that you confirm that you will actually be producing documents at that time (or very shortly thereafter)." (emphasis supplied).

9. Itamar's voluminous 121 individual request for production, contain a multitude of extraordinarily broad requests—the full implications of which are still analyzed by Ectosense and its counsel.

10. Based on a preliminary review, the requests are designed to capture virtually every single document and communication Ectosense has since the existence of the company.

11. Itamar is seeking, *inter alia*, all documents and communications relating to Ectosense's commercial activity, marketing, product testing, product development (past, present, and future), business valuations, FDA 510(k) applications and submissions, and Itamar is not doing so in a way that is tailored to the material issues in this litigation.

12. Here are just a few examples out of the 121 requests propounded by Itamar:

> REQUEST FOR PRODUCTION NO. 41: All DOCUMENTS related to any ECTOSENSE marketing campaign geared toward the United States market.
>
> REQUEST FOR PRODUCTION NO. 48: All DOCUMENTS that reference venous pooling.
>
> REQUEST FOR PRODUCTION NO. 51: All DOCUMENTS that reference "peripheral arterial tonometry."
>
> REQUEST FOR PRODUCTION NO. 61: All DOCUMENTS referencing the American Academy of Sleep Medicine ("AASM") guidelines.
>
> REQUEST FOR PRODUCTION NO. 64: All DOCUMENTS related to ECTOSENSE'S commercial activities in the State of Florida.
>
> REQUEST FOR PRODUCTION NO. 89: All DOCUMENTS concerning YOUR awareness of any third party using the terms "peripheral arterial tone," "peripheral arterial tonometry," and/or "PAT."
>
> REQUEST FOR PRODUCTION NO. 94: All DOCUMENTS relating to ECTOSENSE'S planned, considered, or actual submissions to the FDA regarding the NightOwl device.

>REQUEST FOR PRODUCTION NO. 95: All DOCUMENTS relating to ECTOSENSE'S quality and safety records for the NightOwl device, including without limitation (1) any letter to file relating to FDA clearance for the NightOwl device, and any DOCUMENTS relating to such a letter to file, (2) any reports of quality or safety issues related to the NightOwl device, including from customers, or patients, or others, and any documents relating to such reports, and (3) all testing performed on the NightOwl device, whether by ECTOSENSE or at ECTOSENSE'S direction, and all documents relating to such testing.
>
>REQUEST FOR PRODUCTION NO. 114: All DOCUMENTS concerning the valuation of YOUR business.

13. Since the inception of this case, the Parties have worked well together in providing reasonable extensions to one another due to the complexity of the issues presented by this case. The undersigned plans to continue to do so.

14. However, given the voluminous and expansive nature of the discovery propounded by Itamar, and the other time consuming activity in the case that has transpired since the discovery was propounded, the timeline requested by Itamar for responses and production of responsive documents with only a two week extension was surprising and clearly unworkable.

15. While some requests are patently overbroad warranting immediate objections, other requests require more particularized determinations of whether a more nuanced and specified objection is required—determinations that will depend upon the practical scope of the requests when collecting and reviewing documents, and the burden imposed by the requests.

16. Ectosense needs time to review and analyze the extensive ESI implications of these requests. This process involves extended dialogue with key custodians of Ectosense, and determining the location, accessibility, and projected volume of documents that may be implicated and the costs of producing the same.

17. Ectosense and its counsel have been actively working with key custodians and evaluating these issues.

18. To provide the Court an example, one email inbox of one individual who is anticipated to have communications relevant to this litigation contains over 30,000 emails. Based on the breadth of the requests propounded by Itamar, simple keyword searches could conceivably return a vast majority of the emails from the inbox.

19. The Parties do not yet have an ESI protocol in place.

20. During the initial discovery conference in this case, it was anticipated that this case could be handled through ordinary means of discovery, but given expansive and voluminous nature of Itamar's requests and the related demand that all ESI production be in native format, the Parties are going to need to revisit this issue in the coming weeks.

21. Ectosense anticipates the parties will continue conferral efforts on the scope of discovery and work on putting together a plan for efficiently managing this process.

22. Ectosense needs a minimum of an additional 30 days to review and respond to the discovery propounded by Itamar.

23. This Motion is not made for the purpose of delay.

24. No party will be prejudiced by the granting of this Motion.

25. The Parties have just begun the discovery process.

26. Itamar has indicated that it will be amending its operative complaint and bringing in a new party.

27. Ectosense has just served is Answer, Affirmative Defenses, and Counterclaim on February 12, 2021.

28.     Itamar has not yet responded to Ectosense's Counterclaim, and its response is not due until March 5, 2021.

WHEREFORE, Ectosense respectfully requests this Court enter an Order granting this Motion and extending the time for Ectosense to serve responses to Itamar's First Set of Requests for Production and First Demand for Inspection through and including March 28, 2021.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of February, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/s/ *Seth J. Donahoe*
**PAUL O. LOPEZ**
Florida Bar # 983314
pol@trippscott.com
**SETH J. DONAHOE**
Florida Bar #1004133
sjd@trippscott.com
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL  33301
(954) 525-7500 telephone
(954) 761-8475 facsimile

**SERVICE LIST**
**CASE NO: 20-cv-60719-WPD**

| **Counsel for Plaintiff:** | **Counsel for Defendant:** |
|---|---|
| ROBERT D.W. LANDON, III ESQ.<br>rlandon@knpa.com<br>ELIZABETH B. HONKONEN, ESQ.<br>ebh@knpa.com<br>Kenny Nachwalter, P.A.<br>Four Seasons Tower<br>1441 Brickell Avenue, Suite #1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br><br>Allen M. Gardner, Esq. (admitted *pro hac vice*)<br>Allen.Gardner@lw.com<br>Chase A. Chesser, Esq. (admitted *pro hac vice*)<br>Chase.Chesser@lw.com<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite #1000<br>Washington, DC 20004<br>Telephone: (202) 637-2270<br><br>Jennifer L. Barry (admitted *pro hac vice*)<br>Patrick C. Justman (admitted *pro hac vice*)<br>LATHAM & WATKINS LLP 12670 High Bluff Drive San Diego, CA 92130 Telephone: (858) 523-5400<br>Jennifer.Barry@lw.com<br>Patrick.Justman@lw.com | PAUL O. LOPEZ, ESQ.<br>eservice@trippscott.com (primary)<br>pol@trippscott.com (secondary)<br>sxc@trippscott.com (secondary)<br>SETH J. DONAHOE, ESQ.<br>eservice@trippscott.com (primary)<br>sjd@trippscott.com (secondary)<br>sgc@trippscott.com (secondary)<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 525-7500<br>Telefax: (954) 761-8475<br><br>**Co-Counsel for Defendant:**<br><br>Scott J. Bornstein, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>bornsteins@gtlaw.com<br><br>Stephen Baird, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>90 South 7th St., Suite 3500<br>Minneapolis, MN 55402<br>bairds@gtlaw.com<br><br>Paul B. Ranis, Esq.<br>Florida Bar No. 64408<br>GREENBERG TRAURIG, P.A.<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>ranisp@gtlaw.com<br>scottlaw@gtlaw.com<br>FLService@gtlaw.com |