UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

    Plaintiff,

v.

ECTOSENSE NV and VIRTUOX, INC.,

    Defendant.
_____/

**VIRTUOX'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant VirtuOx, Inc. ("VirtuOx") moves pursuant to Federal Rule of Civil Procedures 12(b)(6) to dismiss the Second Amended Complaint and states as follows:

**INTRODUCTION**

For more than a year, Itamar Medical LTD ("Itamar") and Ectosense NV ("Ectosense") have been litigating this matter based upon Itamar's claims against Ectosense for trademark infringement, unfair competition/false designation of origin and false advertisement in violation of the Lanham Act and unfair competitions, deceptive trade practices and trademark infringement under Florida law. On March 25, 2021, Itamar filed its Second Amended Complaint ("SAC") that added as a defendant, VirtuOx, an alleged distributor of Ectosense's products.[1] The Second Amended Complaint contains the same causes of actions as the previous complaint.

Instead of complying with the requirements of Federal Rules of Civil Procedure 11 and 12(b)(6) by alleging facts, which if proven, would independently support each of these causes of

---

[1] VirtuOx is a customer of Ectosense (as well as Itamar, for that matter) and counsel for Itamar has been advised of the falsity of the "distributor" allegation on several occasions to no avail. But pursuant to Rule 12(b)(6), VirtuOx must accept all allegations as true for its motion to dismiss – and for purposes of this motion it does not matter.

1

action against VirtuOx, Plaintiff, for the most part, simply went through the "Facts Common to All Claims for Relief" (¶¶ 13–50) section of its First Amended Complaint along with the claims of relief (¶¶ 51–102) and changed the word "Ectosense" to "Defendants." None of the causes of actions pled in the SAC differentiates between Ectosense and Itamar; all simply refer to "Defendants" in each and every paragraph.

This type of shotgun pleading (combined with Itamar wrongfully incorporating the allegations into each cause of action the allegations contained in the previous causes of action) is routinely dismissed by courts in the Eleventh Circuit. If Itamar wishes to bring VirtuOx into this matter then it needs to plead allegations (in compliance with Rule 11) that VirtuOx's conduct (as opposed to vague and undifferentiated allegations of "Defendants'" conduct) constituted a violation of the causes of action pled by Itamar against VirtuOx.

This Court should not allow Itamar to forego its pleading obligations and force VirtuOx to spend time and resources defending this matter until and unless Itamar alleges (subject to Rule 11) actions by VirtuOx itself that, if proven, would support Itamar's causes of action against VirtuOx.

## MEMORANDUM OF LAW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, meaning that a claimant must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. And while the Court must accept a claimant's well-pleaded facts as true, it need not accept "conclusory allegations, unwarranted deductions of fact[]," or "legal conclusion[s] masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### A. Shotgun pleadings do not satisfy the Rule 8 pleading standards and are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

The term "shotgun pleading" refers to a complaint that, for one reason or other, fails to give defendants adequate notice of the claims against them as required by Rule 12(b)(6). The Eleventh Circuit has "had much to say about shotgun pleadings, none of which is favorable." *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1151 (11th Cir. 2009) (citing decisions lambasting shotgun pleadings). By their very nature, shotgun pleadings violate the mandate to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that does 'not separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types

of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

      **B.**    **The Second Amended Complaint violates the rules against shotgun pleadings by asserting multiple claims against both Ectosense and VirtuOx without specifying which defendants are responsible for which acts or omissions.**

Because Itamar simply replaced the word "Ectosense" with the word "Defendants" throughout its pleading of background facts, the SAC violates fourth category of shotgun pleadings enunciated by the Eleventh Circuit in *Weiland.* Plaintiff improperly asserts multiple claims against Ectosense and VirtuOx as "Defendants" without specifying which of the "Defendants" are responsible for the acts thus making it impossible to know if Itamar has pled sufficient facts to state a claim against VirtuOx. This violation of the shotgun pleading rules is the first ground for dismissing the SAC. *See Weiland,* 792 F.3d at1322-23*; see also, Bentley, v. Bank of America*, 773 F.Supp.2d 1367, 1373 (S.D. Fla. 2011) (dismissing FCCPA claim because "Plaintiff improperly lumps Defendants together . . . despite that Defendants are separate and distinct entities.")

While this pleading flaw is too numerous to document for each occasion where it was done by Itamar's counsel, VirtuOx provides the following as examples of Itamar's improper pleadings:

- Paragraph 22 of Itamar's First Amended Complaint ("FAC") alleged that Ectosense has marketed and is actively marketing the NightOwl product in the United States, Europe and Singapore. Paragraph 26 of the SAC simply changes the word "Ectosense" to "Defendants," which leads to the question of who is marketing in the United States, Europe and Singapore. Is it Ectosense, VirtuOx, or both? If it is both, then that the allegations in paragraph 26 of the SAC contradicts the (incorrect)

    allegation in Paragraph 24 of the SAC that claims VirtuOx is the United States distributor of Ectosense.[2]

- Paragraph 23 of the FAC alleges that, as part of its marketing geared towards the United States, Ectosense publicly stated that it engaged in a "shock and awe" campaign. In Paragraph 27 of the SAC, Itamar simply changed the word "Ectosense" to "Defendants," but Itamar failed to allege any facts showing that VirtuOx was part of this "shock and awe." Therefore, when Itamar states that "Defendants have publicly stated that they are engaging in a "'shock and awe' campaign," Itamar has simply lumped VirtuOx into Ectosense's alleged conduct. Itamar has failed to state any facts demonstrating that VirtuOx itself "publicly stated" that it engaged in this "shock and awe" campaign.

- Paragraph 27 of the FAC describes as problematic Ectosense's marketing campaign, complaining that it misleads and deceives customers. It then describes how Ectosense highlighted the "lightweight and small size" of its product compared to Itamar's product. Paragraph 31 of the SAC simply changes the word "Ectosense" to the word "Defendants" in the first two sentences when referring to this marketing campaign. The remainder of Paragraph 31, however, only ascribes this allegedly improper marketing campaign to Ectosense. Thus, it is unclear if Itamar is making allegations related to two separate campaigns, referencing a joint campaign, or is simply stating that only one of the two Defendants engaged in this campaign.

- Paragraph 40 of the FAC alleges that Ectosense uses the PAT terms in various marketing campaigns "after recently receiving clearance from the ["FDA"] to

---

[2] This would also be news to VirtuOx, which does not market into Europe or Singapore.

market the NightOwl." Paragraph 44 of the SAC simply changes the word "Ectosense" to "Defendants" which leads to the ridiculous allegation that VirtuOx — an alleged distributor of the product — received clearance from the FDA.

- Paragraph 41 of the FAC alleges that Ectosense has been actively approaching Itamar's customers and offering Ectosense's products as replacement for Itamar's products. It further alleges that Ectosense has provided products for piloting to Itamar's prospective and current customers. The paragraph then states specific examples of Ectosense's supposed wrongful conduct. Paragraph 45 of the SAC again changes the word "Ectosense" to "Defendants" with regard to the general allegations, but makes no specific allegations against VirtuOx. Indeed, all of the specific allegations are attributed to Ectosense.

Itamar's First through Fifth Claims for Relief do not contain any specific factual allegations against VirtuOx, but instead are comprised of conclusory statements against "Defendants" with no specific allegations against VirtuOx.

The Eleventh Circuit does not permit such mischief. If Itamar believes that it has factual allegations sufficient to state a claim against VirtuOx, then it needs to plead same. If it does not, then it needs to dismiss VirtuOx. What Itamar is not permitted to do is attempt to state causes of action against VirtuOx by merely lumping-in VirtuOx as a defendant with respect to the prior allegations that it had already made against Ectosense and that were particular to Ectosense.

### C. Itamar's Claims for Relief in the Second Amended Complaint improperly incorporate the allegations from the counts that precede them.

Plaintiff's complaint also violates the first category of the rules against shotgun pleadings by adopting the allegations from the previous counts. *See Weiland*, 792 F.3d at 1322-23. All but one Count of the SAC (the First Claim of Relief) adopt not only the factual allegations common

to all counts, but also the allegations made in support of the counts that precede them. Each of the Second through Fifth Claims "reallege and incorporate by reference all the factual allegations set forth above." Such shotgun pleadings are impermissible, and the counts that contain improperly incorporated allegations should be dismissed and amended in order to conform to the requirements of the Federal Rules of Civil Procedure.

## CONCLUSION

This Court has already found that Itamar pled sufficient facts to support its causes of action against Ectosense. However, the fact that Itamar pled sufficient facts against Ectosense does not provide Itamar license to bring a claim against a separate entity — VirtuOx — by changing the word "Ectosense" to "Defendants." VirtuOx respectfully submits that this Court should dismiss the Second Amended Complaint because it does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure or the law set forth by the Eleventh Circuit.

Dated:  June 4, 2021                                Respectfully submitted,

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 956872
Jonathan.Morton@klgates.com
**K&L Gates LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131-2399
Telephone: 305-539-3357

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi, *Admitted Pro Hac Vice*
Texas Bar No. 24072114
Darlene.Ghavimi@klgates.com
Stewart Mesher, *Admitted Pro Hac Vice*
Texas Bar No. 24032738
Stewart.Mesher@klgates.com
**K&L GATES LLP**
2801 Via Fortuna Suite 350
Austin, Texas 78746-7568
Telephone: (512) 482-6919

***Counsel for Defendant VirtuOx, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 4, 2021, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton