**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

    Plaintiff,
v.

ECTOSENSE NV and VIRTUOX, INC.,

    Defendants.
_____/

**VIRTUOX, INC.'S MOTION TO DISMISS PLAINTIFF'S**
**THIRD AMENDED COMPLAINT**

    Defendant VirtuOx, Inc. ("VirtuOx") moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff Itamar Medical Ltd.'s ("Itamar") Third Amended Complaint, and in support thereof states as follows:

**INTRODUCTION**

    VirtuOx moves to dismiss based upon two separate and independent bases. First, Defendant Ectosense NV ("Ectosense") has filed a Motion to Dismiss Itamar's Third Amended Complaint for lack of subject matter jurisdiction. [D.E. 136]. In its motion, Ectosense alleges that at the time Itamar filed its lawsuit that there had been no "use in commerce," which is a predicate act for the filing of Itamar's Lanham Act claims. If the Court grants Ectosense's Motion to Dismiss for lack of subject matter jurisdiction then this Court should also dismiss the claims against VirtuOx, who was not a defendant at the time Itamar filed this case.

    Second, VirtuOx moves to dismiss pursuant to Rule 12(b)(6) because Itamar has failed to plead a claim against VirtuOx. This is the second time that Itamar has failed to plead a claim as Itamar voluntarily moved to amend its complaint when confronted with VirtuOx's motion to

1

dismiss Itamar's Second Amended Complaint. Because Itamar has now twice failed to plead a claim against VirtuOx—who does not belong in this case as it is not a distributor of Ectosense's products, but instead is only a user of those products[1] —the dismissal should be *with prejudice*.

## MEMORANDUM OF LAW

**A.    Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure "provides for dismissal of an action if the court lacks subject matter jurisdiction." *Logan v. U.S., by and through Comm. Nat. Rev.*, 2018 WL 3067892 at *2 (M.D. Fla. June 2, 2018). Federal courts are courts of limited jurisdiction and it violates the precepts of that limited federal power for a court to act when there is no subject matter jurisdiction. *University of South Alabama v. American Tobacco*, 168 F.3d 405, 409 (11th Cir. 1999). As a result, a federal court's lack of subject matter jurisdiction cannot be waived or otherwise conferred by the parties. *Id.* at 409–10.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, meaning that a claimant must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] VirtuOx is a customer of Ectosense (as well as Itamar, for that matter) and counsel for Itamar has been advised of the falsity of the "distributor" allegation on several occasions to no avail. Itamar has tried to hedge its bets by claiming in paragraph 4 of the Third Amended Complaint that VirtuOx is a "client" of Ectosense—whatever that means. *See* www.Virtuox.net. Pursuant to Rule 12(b)(6), VirtuOx must accept all allegations as true for its motion to dismiss—and for purposes of this motion, it does not matter.

alleged." *Iqbal*, 556 U.S. at 678. And while the Court must accept a claimant's well-pleaded facts as true, it need not accept "conclusory allegations, unwarranted deductions of fact[]," or "legal conclusion[s] masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**B.     This Court Lacks Subject Matter Jurisdiction.**

Ectosense has filed a factual Motion to Dismiss Itamar's Third Amended Complaint based on lack of subject matter jurisdiction. In its motion, Ectosense argues that this Court lacks jurisdiction because there was no "use in commerce" at the time the initial Complaint was filed. Accordingly, Ectosense argues the entire case should be dismissed for lack of subject matter jurisdiction. VirtuOx adopts those arguments.

Presuming that this Court dismisses the claims against Ectosense due to lack of subject matter jurisdiction then this Court should also dismiss Itamar's claims against VirtuOx. VirtuOx was not a party to the original Complaint, and because the Court lacked subject matter jurisdiction at the time the original Complaint was filed, it cannot consider the allegations contained in the amended complaints that followed. *See Summit Office Park, Inc. v. U.S. Steel Corp.,* 639 F.2d 1278, 1282 (5th Cir. 1981) (a plaintiff who never had standing to assert a claim does not have standing to amend the complaint)[2]; *Logan v. U.S., by and through Comm. Nat. Rev.*, 2018 WL 3067892 at *5 (M.D. Fla. June 2, 2018) (rejecting attempt to cure subject matter jurisdiction defect through an amended claim).  Therefore, if the Court dismisses the case against Ectosense for a lack of subject matter jurisdiction then it should also dismiss the case against VirtuOx, who was not an original defendant. *See MSPA Claims 1 v. Covington Specialty Ins. Co.*, 212 F.Supp.3d 1250, 1258

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F. 2d 1206, 1207 (11th Cir. 1981) ("We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.").

(S.D. Fla. 2016) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed") *quoting Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003).

C. **The Court Should Dismiss the Third Amended Complaint pursuant to Rule 12(b)(6)**

VirtuOx understands that a Court cannot dismiss a well-pleaded complaint (despite what the evidence will show). However, Itamar's Second Amended Complaint was not well-pled, which resulted in Itamar repleading when faced with VirtuOx's Motion to Dismiss. Now, for the reasons stated below, Itamar has again failed to plead a claim against VirtuOx in its Third Amended Complaint. While a batter gets three (3) strikes before he or she is out, in this case, there is no reason to provide Itamar with a third opportunity to plead a claim against VirtuOx, when it failed to do so in its first two attempts.

**Second Amended Complaint**

After more than year of litigation, on March 25, 2021, Itamar filed its Second Amended Complaint ("SAC") that added VirtuOx as a defendant. VirtuOx moved to dismiss that complaint because it was clear from the face of the Complaint that Itamar did not understand the relationship between Ectosense and VirtuOx.

Instead of complying with the requirements of Federal Rules of Civil Procedure 8, 11, and 12(b)(6) by alleging facts, which if proven, would independently support each of these causes of action against VirtuOx, Itamar, for the most part, simply went through the "Facts Common to All Claims for Relief" (¶¶ 13–50) section of its First Amended Complaint along with the claims of relief (¶¶ 51–102) and changed the word "Ectosense" to "Defendants." This failure to plead based upon actual facts led to Itamar making absurd allegations such as:

4

- Defendants have marketed and are actively marketing the NightOwl product in the United States, Europe and Singapore. *See* SAC ¶ 26. This allegation in paragraph 26 of the SAC contradicts the (incorrect) allegation in Paragraph 24 of the SAC that claims VirtuOx is the United States distributor of Ectosense.[3] *See* SAC ¶ 24.

- VirtuOx—an alleged distributor of the product—received clearance from the FDA. *See* SAC ¶ 44.

Rather than defend the SAC against VirtuOx's Motion to Dismiss, Itamar decided to replead. VirtuOx did not oppose this request, and this Court granted Itamar's unopposed motion to file a Third Amended Complaint.

### Third Amended Complaint

On July 6, 2021, Itamar filed its Third Amended Complaint ("TAC"). Rather than ensuring that the TAC met the required pleading requirements, Itamar, instead, has pled irreconcilable allegations that mandate the dismissal of this matter.

In paragraph 6 of Itamar's TAC, Itamar alleges Ectosense simultaneously acted as VirtuOx's principal and agent "at all relevant times," and VirtuOx simultaneously acted as Ectosense's principal and agent "at all relevant times." It is legally and factually impossible for one defendant to act simultaneously as a principal and agent for a co-defendant, let alone both defendants, "at all relevant times."

Such irreconcilable allegations are not permitted. Itamar needed to perform its Rule 11 diligence before it filed its pleading to determine the relationship between Ectosense and VirtuOx that could possibly impose liability upon VirtuOx and it simply did not. Clearly, Itamar does not know enough about the relationship between Ectosense and VirtuOx and that is why it is

---

[3] This would also be news to VirtuOx, which does not market into Europe or Singapore.

vacillating and trying to hedge its bets. Such vacillation and hedging fails to satisfy the requirements of Federal Rule of Civil Procedure 8.

1. **Itamar Failed to Plead a Claim Against VirtuOx.**

Itamar alleges in paragraph 6 of the TAC that "at all relevant times," VirtuOx was a principal **and** an agent of Ectosense. This allegation is a legal absurdity[4] and fails to put VirtuOx on notice of the claims against it.

Florida law applies the long-standing rule prohibiting agents from representing someone other than their principal in the same transaction without their principal's consent. *City Builders' Fin. Co. v. Stahl*, 90 Fla. 357, 360, 106 So. 77, 78 (Fla. 1925). "[T]he principal, not the agent, may benefit by the work to be accomplished." *Fulton v. Clewiston, Ltd.*, 129 So. 773, 776 (Fla. 1930). Thus, an agent cannot "deal with his principal as an adverse party" nor can an agent "compete with the principal concerning the subject matter of its agency" nor can an agent "confuse or appear to own the principal's things." *Martin v. Partsbase, Inc.*, 2020 WL 7495536 at *3 (S.D. Fla. 2020).

Given the impossibility of a principal also acting an agent, the Middle District of Florida faced with allegations stating "[a]ll Defendants were at all times the principals, agents, and/or cooperated with each other" held that such an allegation "is not clear [as to] whether [the plaintiff] intends to assert its Lanham Act claim against [two defendants] based in part on [one defendant's] alleged misrepresentations." *Kaufman, Englett & Lynd, PLLC v. BBB of Cent. Fla., Inc.*, 2013 WL 524931, at *4 (M.D. Fla. 2013). Another court, when faced with allegation that "[e]ach of the . . . Defendants committed the unlawful acts alleged . . . as the agent or employee, or the principal, of each of the other," held that this allegation lacks specificity and that the allegation did "not

---

[4] And a factual absurdity for the reason previously noted that VirtuOx is a customer of Ectosense and thus could not be a principal of Ectosense. Itamar has apparently not diligently investigated – or thought over – what it pleaded.

6

provide Defendants with notice as to which of them are alleged to be principals and which are alleged to be agents in the agency relationship." *Designing Health, Inc. v. Erasmus,* 2000 WL 35789501 at *7 (C.D. Cal. 2000). The *Erasmus* court recognized "that a party cannot simultaneously be both the agent and principal of another party." *Id.; see also Mortg. Elec. Registration Sys., Inc. v. Ditto*, 488 S.W.3d 265, 288 (Tenn. 2015) ("[C]ourts have pointed out that it is axiomatic that a party cannot simultaneously be both agent and principal . . . '[c]ourts and scholars alike have expressed reservation, even bewilderment, as to [the] claim to be . . . as it has been generalized, both principal and agent.' . . . '[The] position that it can be both the [principal] and an agent of the [principal] is absurd, at best.'") (internal citations omitted).

This Court should dismiss Itamar's TAC because it fails to satisfy the requirements set forth in Federal Rule of Civil Procedure 8. The TAC has alleged a relationship between Ectosense and VirtuOx that is legally and factually impossible. *See* Ectosense's Motion to Dismiss Third Amended Complaint Pursuant to 12(b)(6) at Section II, D.E. 135. This Court should dismiss Itamar's TAC with prejudice because it is clear that Itamar did not have sufficient information to file the initial complaint against VirtuOx, and still lacks sufficient information even after being given a second chance to plead a legally sufficient cause of action.

### 2. This Court Should Dismiss the TAC With Prejudice.

VirtuOx respectfully submits that this Court should dismiss the TAC against VirtuOx, *with prejudice*, because Itamar has had multiple chances to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and has failed to do so.

3. **VirtuOx Adopts The Arguments Set Forth In Sections III, IV, and V of Ectosense's Motion to Dismiss Third Amended Complaint Pursuant to 12(b)(6)**

If the Court grants Ectosense's Motion to Dismiss Third Amended Complaint Pursuant to 12(b)(6) [D.E. 135] based on the arguments contained in sections III, IV, or V of the motion, then it should also dismiss the TAC against VirtuOx for those same reasons.

D. **Conclusion**

For the reasons stated herein, this Court should dismiss the TAC *with prejudice*.

Dated: July 23, 2021

Respectfully submitted,

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 956872
Jonathan.Morton@klgates.com
**K&L Gates LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131-2399
Telephone: 305-539-3357

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi, *Admitted Pro Hac Vice*
Texas Bar No. 24072114
Darlene.Ghavimi@klgates.com
Stewart Mesher, *Admitted Pro Hac Vice*
Texas Bar No. 24032738
Stewart.Mesher@klgates.com
**K&L GATES LLP**
2801 Via Fortuna Suite 350
Austin, Texas 78746-7568
Telephone: (512) 482-6919

*Counsel for Defendant VirtuOx, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 23rd, 2021, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton