IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ITAMAR MEDICAL LTD.,

    Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

    Defendants.

_____/

Case No. 20-cv-60719-DIMITROULEAS/SNOW

**PLAINITFF ITAMAR MEDICAL LTD.'S RESPONSE IN OPPOSITION TO DEFENDANT VIRTUOX, INC.'S MOTION TO DISMISS**

Plaintiff ITAMAR MEDICAL LTD. ("Itamar"), by and through undersigned counsel, hereby responds to Defendant VIRTUOX, INC.'S ("VirtuOx") Motion to Dismiss Third Amended Complaint (ECF No. 138) (the "Motion to Dismiss"). Itamar requests that the Motion to Dismiss be denied in its entirety and in support states as follows:

**INTRODUCTION**

VirtuOx adopts the arguments advanced by its Co-Defendant, Ectosense NV, in its Motions to Dismiss Itamar's Third Amended Complaint for Failure to State a Claim and for Lack of Subject Matter Jurisdiction. Just as Ectosense's motions are legally insufficient to justify dismissal, VirtuOx's Motion to Dismiss based on those arguments is equally without merit. As for its stand-alone argument that the Third Amended Complaint (the "Complaint" or "Operative Complaint") does not state a claim as to VirtuOx, that, too, is without merit. VirtuOx asks this Court to dismiss Itamar's well-pled Complaint based primarily on a *single* allegation related to an agency relationship between Ectosense and VirtuOx—an allegation VirtuOx purposely misreads to form the basis of its argument. VirtuOx's argument is baseless. Itamar has properly alleged claims against VirtuOx and this Court should deny VirtuOx's Motion in its entirety.

1

## ARGUMENT

**I. THIS COURT HAS SUBJECT MATTER JURISDCTION**

Itamar filed a Response to Ectosense's Motion to Dismiss Itamar's Third Amended Complaint based on lack of subject matter jurisdiction. Itamar hereby incorporates and adopts by reference its Response to Ectosenses's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 145). For all the reasons set forth therein, this Court should deny VirtuOx's 12(b)(1) Motion to Dismiss.

**II. ITAMAR'S COMPLAINT COMPLIES WITH RULE 8 PLEADING REQUIREMENTS.**

VirtuOx complains that Itamar fails to put VirtuOx on notice of the claims against it. The actual allegations of the Complaint tell a different story. Itamar added a number of allegations to the Operative Complaint directed specifically at VirtuOx. (*See* ECF No. 121 at ¶¶ 27, 52-55, 57-61, 63-65.) Itamar's allegations are more than sufficient to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which do not even require distinct allegations against each defendant in every instance. *See, e.g. Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("[A] complaint that can be fairly read to aver that all defendants are responsible for the alleged conduct" may refer to defendants collectively); *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (plaintiffs sufficiently stated a cause of action against defendant where the complaint referred to "defendants" generally, rather than identifying each party individually). Nonetheless, Itamar properly differentiates the role of each Ectosense and VirtuOx by separately pleading factual allegations against each individual Defendant, and explaining how each is liable for the claims asserted against them. (*Compare* Compl. ¶¶ 32–51 *with* ¶¶ 52–66.) Itamar only uses "Defendants" when it refers to conduct in which both Ectosense and VirtuOx engaged. (*See, e.g.*, Compl. ¶¶ 67–68.)

VirtuOx's principal ground for dismissal is based on its erroneous reading of Itamar's allegations in paragraph 6. Paragraph 6 of Itamar's Third Amended Complaint states:

> At all relevant times, Ectosense acted as the principal, agent, and/or representative of VirtuOx, and VirtuOx acted as the principal, agent, and/or representative of Ectosense. Any action by one of the Defendants was within the course and scope of the agency relationship between the Defendants and was with the permission, ratification, and/or authorization of the other Defendant.

(*See* Compl. ¶ 6.)

VirtuOx takes this allegation to indicate that VirtuOx was "simultaneously" a principal and an agent of Ectosense, and, as such, all claims against VirtuOx must fail. (ECF No. 136.) VirtuOx is well off the mark. Itamar plainly alleges that Ectosense and VirtuOx have an agency relationship, which is sufficient to survive a motion to dismiss. The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." *California Fin., LLC v. Perdido Land Dev. Co., Inc.*, 303 F. Supp. 3d 1306, 1309-10 (M.D. Fla. 2017) (citing *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)). These considerations mean that, at this stage, Itamar need only "allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim." *Sunil Gupta, M.D., LLC v. Franklin*, 17-CV-00335-N, 2017 WL 5196392, at *2 (S.D. Ala. Nov. 9, 2017) (to survive motion to dismiss, the "so-called 'plausibility standard' is not akin to a probability requirement," but instead asks whether it is "reasonable to expect that discovery will lead to evidence supporting the claim." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To the extent VirtuOx takes issue with Itamar's agency allegations, this argument cannot be resolved on a motion to dismiss. "The existence of [an] alleged agency relationship is usually a question of fact that is not properly considered on a motion to dismiss." *Flamenbaum v. Orient*

*Lines, Inc.*, 2004 WL 1773207, *9, n.5 (S.D. Fla. 2004); *see also Moreno v. Carnival Corporation*, 488 F.Supp.3d 1233, 1236 (S.D. Fla., 2020) ("Unless the alleged agency relationship is to be proven exclusively by analysis of the contract between principal and agent (in which case the question is an issue of law), the relationship is generally a question of fact and should be analyzed by looking at the totality of the circumstances.").

If there is any ambiguity regarding the relationship between VirtuOx and Ectosense, it is due to VirtuOx's own conduct and public statements. Itamar specifies that conduct and quotes those statements in the Operative Complaint. (*See., e.g.,* Compl. ¶ 53) (alleging that VirtuOx is actually selling the NightOwl device on its website), (*Id.* ¶ 58) (alleging that in some instances VirtuOx claims the NightOwl as its own product). Itamar cannot be blamed for the confusion sowed by VirtuOx's and Ectosense's own co-mingling when it comes to sale of the NightOwl.

The allegations of the Operative Complaint are sufficient and none of the cases cited by VirtuOx support dismissal. In *Kaufman, Englett, & Lynd, PLLC v. Better Business Bureau of Centr. Fla., Inc.*, 2013 WL 524931 (M.D. Fla. 2013), a law firm sued the Better Business Bureau of Central Florida, Inc. ("BBB"), its president and CEO, and the Council of Better Business Bureaus, Inc. for false advertising under the Lanham Act based on allegedly disparaging representations about the firm. The court dismissed the false advertising claims for failure to state a claim. In reaching this decision, however, the Court determined that the BBB's statements did not constitute "commercial advertising or promotion" because parties did not compete with each other. *Kaufman*, 2013 WL 524931 at *4. While the court noted in a footnote that the pleading alleged that "[a]ll Defendants were at all times the principals, agents, and/or cooperated with each other," this was not the basis for the dismissal. The cause of action failed to state a claim because the rating agency defendants did not compete with law firm plaintiff. Ultimately, the false

4

advertising claim was insufficient as a matter of law ***irrespective*** of who made the misrepresentations. Contrary to VirtuOx's assertion, the court in *Kaufman* made no determination as to the sufficiency of plaintiff's agency allegations.

The other (non-binding) precedent VirtuOx relies on is similarly distinguishable. For example, *Mortg. Elec. Registration Sys., Inc. v. Ditto*, 488 S.W.3d 265, 288 (Tenn. 2015) involves an action to set aside a tax sale of real property. In that case, the court was grappling with whether *the plaintiff,* MERS, was an agent or principal of a mortgage lender in order to determine if it should have received notice of a tax sale. It was in that very specific context, regarding the unique position held by MERS in mortgage industry, that the court stated that a party cannot simultaneously be both agent and principal. The full and accurate quote is: "In the course of considering these issues, some courts have pointed out that it is axiomatic that a party cannot simultaneously be both agent and principal. In *Culhane*, the Massachusetts court stated: 'Courts and scholars alike have expressed reservation, even bewilderment, as to MERS's claim to be both mortgagee and nominee or, as it has been generalized, both principal and agent.'" *Id.* The court then goes list a string cite of cases dealing specifically with MERS. This case is wholly inapplicable to facts of this case.

VirtuOx's other authority fares no better. In *Designing Health, Inc. v. Erasmus*, 2000 WL 35789501 at *7 (C.D. Cal. 2000), there were five (5) separate defendants alleged to have committed a number of unlawful acts "as the agent or employee, or the principal, of each of the other four (4) Defendants." *Id.* The court found this allegation to lack specificity because "the Plaintiffs do not elaborate on this allegation further in the [complaint]."). *Id.* That is entirely different from the allegations here. Itamar's Operative Complaint does elaborate further. Itamar distinguishes the roles of Ectosense and VirtuOx by pleading factual allegations against each individual Defendant and further explains how they are alleged to act for one another in the sale and promotion of the NightOwl. (*Compare* ECF. No. 121, Compl. ¶¶ 32–51 *with* ¶¶ 52–66.)

Itamar's factual allegations, as to the relationship between Ectosense and VirtuOx, are more than sufficient to put VirtuOx on fair notice of the claims and the grounds upon which Itamar's claims rests. Finally, discovery will resolve any remaining doubt regarding the precise nature of the relationship between Ectosense and VirtuOx. *See California Fin.*, 303 F. Supp. 3d at 1309-10. VirtuOx's Motion to Dismiss should be denied and Itamar should be permitted to discover the full nature and extent of the Co-Defendants' relationship.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant VirtuOx's Motion to Dismiss in its entirety.

Dated: August 6, 2021

Respectfully submitted,

*/s/ Laura Ganoza*
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400

***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 6th day of August, 2021 using CM/ECF, which serves all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

>   /s/ Laura Ganoza
>   Laura Ganoza

**SERVICE LIST**
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

| | |
|---|---|
| **TRIPP SCOTT, P.A.**<br>Paul O. Lopez, Esq.<br>eservice@trippscott.com<br>pol@trippscott.com<br>sxc@trippscott.com<br><br>Seth J. Donahoe, Esq.<br>eservice@trippscott.com<br>sjd@trippscott.com<br>sgc@trippscott.com<br><br>B. George Walker, Esq.<br>eservice@trippscott.com<br>bgw@trippscott.com<br>sxc@trippscott.com<br><br>*Counsel Ectosense NV*<br><br><br>**GREENBERG TRAURIG, LLP**<br>Paul B. Ranis, Esq.<br>ranisp@gtlaw.com<br>scottlaw@gtlaw.com<br>FLService@gtlaw.com<br><br>*Co-Counsel Ectosense NV* | **FOLEY & LARDNER LLP**<br>Laura Ganoza, Esq.<br>lganoza@foley.com<br>atownsend@foley.com<br>Hawwi Edao, Esq.<br>hedao@foley.com<br>hmoreno@foley.com<br>Jessica N. Walker, Esq.<br>*(pro hac vice to be filed)*<br>jwalker@foley.com<br><br>*Counsel for Plaintiff Itamar Medical Ltd.*<br><br><br>**GK ADVISORY**<br>Anna Adamsky, Esq.<br>*(pro hac vice filed)*<br>anna@gk-ad.com<br><br>Gene Kleinhendler, Esq.<br>*(pro hac vice filed)*<br>gene@gk-ad.com<br><br>*Co-Counsel for Plaintiff Itamar Medical Ltd.*<br><br><br>**K&L GATES LLP**<br>Jonathan Bart Morton<br>jonathan.morton@klgates.com<br>Darlene F. Ghavimi, Esq.<br>darlene@ghavimi@klgates.com<br>(*admitted pro hac vice*)<br>Stewart Mesher<br>stewart.mesher@klgates.com<br>(*admitted pro hac vice*)<br><br>*Counsel for Defendant VirtuOx, Inc.* |

8