**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

    Plaintiff,
v.

ECTOSENSE NV and VIRTUOX, INC.,

    Defendants.
_____/

## VIRTUOX, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, VirtuOx, Inc. ("VirtuOx"), by and through undersigned counsel, files this reply in support of its Motion to Dismiss Third Amended Complaint (ECF 138) and states as follows:

### I. This Court lack subject matter jurisdiction

Because Itamar does not dispute that a Rule 12(b)(1) dismissal of Ectosense will necessarily lead to a 12(b)(1) dismissal of VirtuOx, VirtuOx has nothing further to add on the matter and adopts Ectosense's arguments concerning lack of subject matter jurisdiction.

### II. Itamar's Complaint fails to comply with the Rule 8 pleading requirements

Itamar should never have brought VirtuOx into this matter. VirtuOx is not a distributor for Ectosense, but instead, VirtuOx is a customer who use the products at issue as part of the services that it provides. Itamar is clearly bringing VirtuOx into this lawsuit as leverage against Ectosense. While this Court cannot dismiss a complaint because a Plaintiff sued a third-party to gain leverage, this Court can dismiss a complaint that is not well-pled. In this case, despite two opportunities, Itamar has not filed a well-pled complaint against VirtuOx.

1

Itamar decided to add VirtuOx as a defendant nearly a year after suit it sued Ectosense. Despite having ample time and despite having two opportunities, Itamar has failed to meet this minimum pleading requirement. In its Second Amended Complaint (the first to add VirtuOx as a party), Itamar simply changed the word Ectosense to Defendants, which resulted in the pleading of absurdities such as

- VirtuOx has marketed and is actively marketing the NightOwl product in the United States, Europe and Singapore. *See* (ECF 74 at ¶ 26). This allegation in paragraph 26 of the Second Amended Complaint ("SAC") contradicts the (incorrect) allegation in Paragraph 24 of the SAC that claims VirtuOx is the United States distributor of Ectosense.[1] *See* (ECF 74 at ¶ 24.)
- VirtuOx—an alleged distributor of the product—received clearance from the FDA. *See* (ECF 74 at ¶ 44).

To its credit, Itamar did not even try to defend its Second Amended Complaint, but instead filed its Third Amended Complaint. However, instead of using the Third Amended Complaint to plead a claim against VirtuOx in compliance with the Federal Rules of Civil Procedure, Itamar continued to make absurd allegations. This time Itamar pled that at all relevant times, VirtuOx was both a principal and an agent of Ectosense. (ECF 121 at ¶ 6). Because VirtuOx could not have been both a principal and an agent of Itamar at all relevant times, VirtuOx has no notice of what is actually being plead against it. Itamar chose to plead an agency allegation that is an impossibility and Itamar then incorporated this impossible, contradictory allegation into each cause of action that it pled against VirtuOx. (ECF 121 at ¶¶ 6, 70, 87, 99, 113, 122).

---

[1] This would also be news to VirtuOx, which does not market into Europe or Singapore.

Itamar does not deny that it has pled an impossibility. In addition, Itamar does not claim that such a contradictory allegation in any way complies with the Rule 8 pleading requirements nor could it. *See National Life Insurance Co. v. Lynch*, 175 F.Supp.2d 489, 493 (S.D.N.Y 2000) (explaining difference between alternative pleadings which are permitted by Rule 8(e)(2) and contradictory allegations within one count that can subject a claim to dismissal.); *see also In Re Livent Noteholders Securities Litigation*, 151 F. Supp.2d 371, 405-406 (S.D.N.Y. 2001) ("a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."). Instead, Itamar raises three arguments for why the Court should excuse its improper allegations, none of which have merit.

**A.      Itamar failed to plead a plausible agency relationship.**

First, Itamar argues that it pled an agency relationship that it will need to prove at trial. (ECF 150 at p. 3). However, Itamar did not plead that Ectosense and VirtuOx have an agency relationship. Instead, Itamar pled an impossibility because at all relevant times VirtuOx could not have been both a principal and an agent of Ectosense. Unlike, in support of a well-pled agency allegation, there is no way that Itamar can gather evidence and/or prove that at all relevant times VirtuOx and Ectosense were both principals and agents of each other. Furthermore, this Court cannot rewrite Itamar's allegations based upon what Itamar now says it meant to say. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359.1369 (11th Cir. 1998) (while court grants leniency to *pro se* Plaintiffs, no such leniency is provided to parties represented by counsel, and in any event, Court may not "rewrite an otherwise deficient pleading in order to sustain an

action.") As a result, this Court should find that Itamar has not pled an agency relationship between Ectosense and VirtuOx, but instead, has pled an impossibility.

### B. Itamar's lack of due diligence is no excuse for its deficient pleading

As a tacit acknowledgment of the weakness of its first argument, Itamar next blames VirtuOx and claims that to the extent that there is ambiguity in the relationship between VirtuOx and Ectosense, this is the fault of VirtuOx along with Ectosense. (ECF 150 at p. 4). Such an argument finds no support in the law, which most likely explains why Itamar cites no case law to support its argument. Itamar has a duty under Rule 11 to investigate before filing suit and to make allegations based upon a good faith investigation. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1216 (11th Cir. 1997) ("If the plaintiff's counsel concedes that the plaintiff lacks the evidence necessary to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction."); *In re Zantac (Ranitidine) Products Liability Litigation*, 2020 WL 6907056 (S.D. Fla. Nov. 24, 2020) ("It is no small thing to file a lawsuit that brings someone involuntarily into federal court. Prior to filing such a lawsuit, a plaintiff is required to conduct a meaningful investigation to determine that the facts permit the defendant to be sued in the court where the lawsuit will be filed.") Clearly, Itamar has not done so, and its failure to conduct a reasonable investigation before adding VirtuOx as a party does not provide an excuse for its pleading deficiencies.

### C. The case law support dismissal.

Finally, the case law supports the dismissal of the Third Amended Complaint. While it is true, the Court in *Kaufman, Englett & Lynd, PLLC v. BBB of Cent. Fla., Inc.*, 2013 WL 524931, at *4 (M.D. Fla. 2013) dismissed the complaint on other grounds, the Court specifically disapproved of a similar absurd agency allegation as did the courts in *Designing Health, Inc. v.*

4

*Erasmus,* 2000 WL 35789501 at *7 (C.D. Cal. 2000) (The *Erasmus* court recognized "that a party cannot simultaneously be both the agent and principal of another party.") and in *Mortg. Elec. Registration Sys., Inc. v. Ditto*, 488 S.W.3d 265, 288 (Tenn. 2015) ("[C]ourts have pointed out that it is axiomatic that a party cannot simultaneously be both agent and principal . . . '[c]ourts and scholars alike have expressed reservation, even bewilderment, as to [the] claim to be . . . as it has been generalized, both principal and agent.' . . . '[The] position that it can be both the [principal] and an agent of the [principal] is absurd, at best.'") (Internal citations omitted). The fact that these courts addressed the pleading deficiencies in a different context does not save Itamar. There are no special rules for cases involving MERS, and Itamar, no more than MERS, can make the absurd claim that a party can be another's principal and agent at the exact same time.

    **2.**    <u>**This Court Should Dismiss the Third Amended Complaint With Prejudice.**</u>

This is Itamar's second bite at the apple and there is no reason to provide Itamar with a third bite, especially because Itamar has not even requested leave to amend. *See Wagner v. Daewoo Heavy Industries America Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.")

VirtuOx respectfully submits that this Court should dismiss the Third Amended Complaint against VirtuOx, *with prejudice*, because Itamar has had multiple chances to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and has failed to do so.

  **3.**  **VirtuOx Adopts The Arguments Set Forth In Sections III, IV, and V of Ectosense's Motion to Dismiss Third Amended Complaint Pursuant to 12(b)(6)**

If the Court grants Ectosense's Motion to Dismiss Third Amended Complaint Pursuant to 12(b)(6) [D.E. 135] based on the arguments contained in sections III, IV, or V of the motion, then it should also dismiss the Third Amended Complaint against VirtuOx for those same reasons.

  **D.**  **Conclusion**

For the reasons stated herein, this Court should dismiss the Third Amended Complaint *with prejudice*.

Dated:  August 13, 2021        Respectfully submitted,

                 */s/ Jonathan B. Morton*
                 Jonathan B. Morton
                 Florida Bar No. 956872
                 Jonathan.Morton@klgates.com
                 **K&L Gates LLP**
                 Southeast Financial Center
                 200 South Biscayne Boulevard, Suite 3900
                 Miami, Florida 33131-2399
                 Telephone: 305-539-3357

                 */s/ Darlene F. Ghavimi*
                 Darlene F. Ghavimi, *Admitted Pro Hac Vice*
                 Texas Bar No. 24072114
                 Darlene.Ghavimi@klgates.com
                 Stewart Mesher, *Admitted Pro Hac Vice*
                 Texas Bar No. 24032738
                 Stewart.Mesher@klgates.com
                 **K&L Gates LLP**
                 2801 Via Fortuna Suite 350
                 Austin, Texas 78746-7568
                 Telephone: (512) 482-6919

                 ***Counsel for Defendant VirtuOx, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2021, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton