UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV, and
VIRTUOX, INC.

      Defendants     /

Case No. 20-60719-CIV-
DIMITROULEAS/SNOW

## DECLARATION OF MATS DAHLQVIST

1.    My name is Mats Dahlqvist. I am over the age of 18, am of sound mind, and am otherwise competent to offer this testimony. I make these statements on behalf of Ectosense, *nv*, as a Member of Ectosense's Board of Directors. I am a Board Member of Ectosense, and was a Board Member at the time of the events described below.

2.    These statements are based solely on my own personal accounts of the described events and my own notes of these events. The documents referenced herein are retained. The records are comprised of original documents. They are authentic, accurate, and reliable. The records were made at or near the time of the respective events they describe, and were retained for storage as is my normal practice.

3.    I previously consulted for Itamar Medical ('Itamar'), hence I am familiar with certain members of Itamar's upper management, who is aware that I am a board member of Ectosense, evidenced by direct conversations regarding Ectosense.

4.    At 3pm on April 12, 2021, I was contacted by Mr. Kleinhendler over telephone, after he was introduced to me over email by a third party – on request of Mr. Kleinhendler. Mr. Kleinhendler informed me that he had a long relationship with the Itamar directors who engaged

Exhibit A

him to look into the matters that I describe below. I made detailed contemporaneous notes about the conversation. My notes are attached hereto.

5.      My notes reflect that Mr. Kleinhendler told me he had specifically reviewed Ectosense's "statements" in its "FDA submission". He believed that investors in Ectosense "would be concerned" about what he had to say, that a "US authority" could be involved, and that there was a "real serious ground for concern."

6.      Mr. Kleinhendler volunteered the fact he was not counsel of record in the Florida litigation as a prelude to his explanation that he wanted to discuss Ectosense's representations to the FDA with an Ectosense investor, and that his communication was not related to "what was going on in Florida with PAT". This, he said, was "more serious."

7.      Because the FDA submissions are relevant to several material issues in this case, I find it hard to agree with Mr. Kleinhendler characterization of having contacted me outside the purview of this litigation in Florida.

8.      Mr. Kleinhendler explained that he contacted me to obtain the contact information of Saffelberg Investment's in-house counsel. Saffelberg has made substantial investments in Ectosense – investments necessary to cover the operating losses incurred at Ectosense.

9.      Mr. Kleinhendler volunteered to explain that he was specialized in anti-bribery, money-laundering, and compliance issues in front of governmental agencies.

10.      I understood his statements and intentions as a warning that Ectosense would be accused of criminal conduct. I perceived the communication of Mr. Kleinhendler as a transparent threat to Ectosense's directors and/or shareholders. I considered it an effort to put pressure on Ectosense outside the arena of the case in Florida courts.

11.   Upon learning of Mr. Kleinhendler's attempt to reach me, but prior to the telephonic conversation with him at 3pm, I reached out to Mr. Bart Van Pee —who was responsible at Ectosense for the Florida litigation—to inform him of the peculiarity that an Israel-based lawyer with a background in compliance was reaching out to me. After concluding the telephonic call with Mr. Kleinhendler, I again reached out to Mr. Van Pee and expressed my opinion that Itamar had engaged a lawyer to make threats against Ectosense's directors and/or its shareholders. I shared and discussed the nature of Mr. Kleinhendler's specific allegations related to a purported fraud on the FDA.

12.   I have nothing further to say on these topics at this time.

Dated this 18th day of August, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2021.

Mats Dahlquist
Ectosense Director

Gene Kleinhandler.

appointed by Harmar

long relationship w. the director
of Harmar.

Certain issue w. the director
of ~~Harmar~~. Cotoscure!

General coroeller
Arnold __.

bunch of issues i who is the
right person to talk to.

Specific: FDA submission - some of
the statements were
problematic

Respective PE firm would
be concerned that a portfolio
company would make to
US authority to FDA
- how they were made.

Real serious ground for
concern

Responsibly, ...

Someone at Saffelburg who would like
to discuss w. him

Not what is going on Florida - PAT
More serious - dealing w. government/FDA
certain lines were crossed,

