IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60719- DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

      Defendants.

**ITAMAR'S MOTION FOR EXTENSION AND FOR EXPEDITED DISCOVERY IN CONNECTION WITH ECTOSENSE'S MOTION TO DISQUALIFY GENE KLEINHENDLER AND FOR SANCTIONS**

Plaintiff Itamar Medical Ltd., pursuant to Federal Rules of Civil Procedure 6(b)(1) and 26(d), requests an extension of time and permission to conduct expedited discovery on Declarants, Mats Dahlqvist, Arnold Benoot and Saffelberg Investments *nv*, in order to adequately respond to Ectosense's Motion to Disqualify Gene Kleinhendler and Incorporated Motion for Sanctions (the "Motion to Disqualify") (ECF No. 181). In support of this motion, Itamar states as follows:

## INTRODUCTION

The Motion to Disqualify is Ectosense's third bite at the apple. With every attempt to have Itamar's co-counsel, Gene Kleinhendler, removed from this litigation, Ectosense escalates its rhetoric and feigned outrage. It is Mr. Kleinhendler and Itamar's prior counsel, Latham & Watkins LLP ("Latham"), however, who should be outraged by thrice being accused of willfully violating

1

this Court's Protective Order and conspiring to cover it up, without a shred of evidence. It is Mr. Kleinhendler who should be outraged at being called an extortionist in three separate public filings, when all he did was send a demand letter and correspond with another lawyer. Given the gravity of the accusations being leveled against officers of the Court and the significant reputational harm they are facing, this Court should allow expedited discovery into the purported grounds for Ectosense's denunciations. In the interest of fairness and due process, Itamar should be permitted to obtain documents from, and take the depositions of, the accusers, specifically Saffelberg Investments *nv*, Mats Dahlqvist and Arnold Benoot, on an expedited basis. Itamar should also be granted an extension of time to respond to the Motion to Qualify in order to allow for the requested discovery.

**BACKGROUND**

1. Although Ectosense claims the alleged violation of this Court's Stipulated Protective Order and the purported threatening communications took place in early April and May of 2021, Ectosense filed its first motion directed at Mr. Kleinhendler and Itamar's prior counsel months later in late July. (ECF No. 140).

2. Ectosense failed to confer with current counsel, or Itamar's prior counsel, Latham, one of the targets of the accusations, prior to filing the motion. For that reason, Judge Dimitrouleas denied the motion without prejudice "to file a motion that complies with the requirements of S.D.Fla.L.R. 7.1.A.3, which requires the moving party to certify that he has conferred, or describes a reasonable effort to confer, with the parties affected in a good faith effort to resolve the dispute." (ECF No. 155).

2

3. Rather than engage in a good faith conferral regarding the actual substance and evidence surrounding the accusations being lodged by Ectosense in its motion, Ectosense sent a letter making it clear that it had already made up its mind and would be proceeding with its motion: "Barring a completely unforeseeable revelation or statement on behalf of Itamar or Mr. Kleinhendler, which is not altogether <u>completely</u> impossible, even if extremely unlikely, Ectosense is committed to raising these matters with the Court. We remain open to hearing what you have to say, but the burden of convincing Ectosense does not rest on our shoulders."  Letter from Ectosense's counsel to Itamar's counsel dated August 9, 2021, a copy of which is attached hereto as **Exhibit A**.  (emphasis in original)

4. This letter was the opposite of a good faith attempt to confer.

5. Nonetheless, Itamar's counsel proceeded to schedule a conference call so Ectosense's counsel could speak directly to Mr. Kleinhendler and hear, from the horse's mouth, that the serious and grave allegations being lodged against him were utterly baseless. During that call, Ectosense's counsel had every opportunity to question Mr. Kleinhendler in order to meaningfully vet the statements made in the motion.

6. True to the spirit of the August 9 letter, however, Ectosense did not undertake its conferral requirements with an open mind or in good faith.  Instead, without even disclosing during the conferral call that they would be adding the Declaration of Mats Dahlqvist to the motion, Ectosense proceeded to file its renewed motion on August 23, 2021.  (ECF No. 176).

7. Of course, had Ectosense's counsel raised the notion that Mr. Dahlqvist felt "threatened" back on April 12, 2021, the parties could have discussed the fact that Itamar would have expected him to just pick up the phone and call Itamar's CEO, Gilad Glick, just as Mr.

Dahlqvist had done just a couple of weeks before on or about March 24, 2021.  Interestingly, Mr. Dahlqvist fails to mention that communication with Itamar in his August 18, 2021, declaration.

8. Ultimately, and rightfully, the renewed motion was denied without prejudice pursuant to the Court's Paperless Order dated August 26, 2021, because "Defendant has not filed the appropriate Motion for the relief requested within its Motion." (ECF No. 179).  This Court then instructed Ectosense on the appropriate motion, if any, that should be presented to the Court, but only "after a careful review of the applicable standards." *Id.*

9. The Court also limited Ectosense to ten (10) pages, directed that the motion "shall cite to case law regarding disqualification of counsel and the sanctions being requested" and reiterated that "the standard for the various request for relief should also be clearly identified." *Id.*

10. On the afternoon of Friday, September 3, on the last business day before Labor Day and the two-day Jewish holiday of Rosh Hashanah immediately thereafter, Ectosense filed the Motion to Disqualify.[1] (ECF No. 181).

11. The Motion to Disqualify is supported by a Declaration of Mats Dahlqvist, an Ectosense Board Member and former consultant for Itamar, a Declaration of Arnold Benoot, the General Counsel of Saffelberg Investments *nv*, one of Ectosense's investors, and two letters from Mr. Kleinhendler to Mr. Benoot. (ECF Nos. 181-1 through 181-4).

12. Although Mr. Benoot did, in fact, write to Mr. Kleinhendler as well, those written communications are conspicuously absent from the exhibits filed by Ectosense.

---

[1] Ectosense failed to follow this Court's instructions.  Not only is the Motion to Disqualify longer than 10 pages, it fails to clearly identify the standards or any applicable and analogous case law to support the extreme relief it is seeking in the motion.

13. Curiously, Mr. Benoot claims in his Declaration that as of April 29, 2021, he considered Mr. Kleinhendler communications to be a "direct threat." (ECF Nos. 181-2, at p. 3, ¶ 15). Yet, inexplicably, on that same day, rather than advising Mr. Kleinhendler to stop threatening him, he invites Mr. Kleinhendler to continue to communicate with him. *Id.*

14. At no point in time does Mr. Benoot ever tell Mr. Kleinhendler he feels threatened or that Saffelberg is being extorted. In fact, he continues to communicate with Mr. Kleinhendler for almost a month after he was purportedly threatened and intimated, and the back and forth between these two sophisticated lawyers is cordial and professional throughout these written communications. *See* Email Chain between Mr. Kleinhendler and Mr. Benoot dated April 20, 2021 to May 24, 2021, attached as **Exhibit B**.

15. Tellingly, Ectosense did not file this email chain with its motion. It filed only the April 22 and May 10 letters from Mr. Kleinhendler. This, of course, is only half the story.

16. Similarly, Mr. Dahlqvist attaches certain pages from what appears to be a composition book to his Declaration. (ECF No. 181-1, pp.4-5). Mr. Dahlqvist claims that these are his "detailed contemporaneous notes about the conversation" with Mr. Kleinhendler. (*Id.* at pp. 1-2, ¶ 4.) Although Mr. Dahlqvist also claims to have had multiple conversations with Mr. Bart Van Pee, it is unclear if he took notes of those calls. If so, those were not included in the attachments to his Declaration. Mr. Dahlqvist certainly did not include notes or even mention he call he made to Mr. Gilad Glick just a few weeks before. Again, the evidence provided by Ectosense is incomplete and one-sided.[2]

---

[2] It also appears to be contradictory. While the Motion to Disqualify claims that Mr. Dahlqvist "immediately notified Saffelberg," (ECF No. 181 at p. 3, ¶ 4), Mr. Dahlqvist states that he contacted Mr. Van Pee at Ectosense and does not mention any direct communication with Saffelberg. (ECF No. 181-1 at p. 3, ¶ 11).

5

17.      Pursuant to the Court's Order, Itamar is required to file its response to Ectosense's Motion to Disqualify within ten (10) calendar days of the filing of the motion. (ECF No. 179). Therefore, Itamar's response to the Motion to Disqualify is currently due by Monday, September 13, 2021.

## ARGUMENT

**I.    The Court Should Exercise Discretion to Allow Itamar to Take Discovery on the Saffelberg and Ectosense Witnesses Making the Accusations Against Mr. Kleinhendler on an Expedited Basis.**

Pursuant to Federal Rules of Civil Procedure 26(d), 30(a)(2)(A)(iii), and 34(b), the Court has both the authority and broad discretion to manage the timing of discovery, including shortening the discovery periods. *See Gayle v. Meade*, No. 20-CV-21553, 2020 WL 4515517, at *2 (S.D. Fla. July 13, 2020). *See also Fimab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A. v. Helio Import/Export. Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."). The court's discretion should be exercised and expedited discovery permitted when party seeking it establishes "good cause" for such discovery. *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (noting that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.") (internal citation omitted). In deciding whether a party has shown good cause, a court considers: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how

6

far in advance of the typical discovery process the request is made." *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-cv-202-FtM-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013).

In this case, while there is no preliminary injunction pending, each of the other factors weigh in favor of expedited discovery. First, the requested discovery is limited to the issues related to the Motion to Disqualify. Specifically, Itamar seeks specific limited documents and deposition testimony from the Declarants, Mr. Dahlqvist and Mr. Benoot, and a 30(b)(6) deposition of Saffelberg. Attached hereto as **Composite Exhibit C** are the proposed discovery requests for each of these witnesses.[3]

Next, Itamar has good reason for seeking this limited discovery. Specifically, Itamar believes that the Motion to Disqualify is an after-the-fact fabrication in order to detract, avoid or completely short-circuit the substantive issues in the case. *See* Motion to Disqualify, ECF No. 181 at 11 (seeking, among other things, striking of Itamar's pleadings as a sanction). The timing and contentions in the Motion to Disqualify simply don't add up. Instead, they raise of a number of questions.

- If Ectosense truly believed that its Confidential/Attorney's Eyes Only information had been unlawfully shared or if its investor, Saffelberg Investments *nv* had actually felt intimidated and threatened back in April, why did Ectosense wait for months to bring this matter to the attention of the Court?
- If Itamar's intention was to have Mr. Kleinhendler engage in unlawful acts as "shadow counsel," as Ectosense calls him in its most recent filing (ECF 181 at p. 8), why would Itamar have subjected Mr. Kleinhendler to the jurisdiction of this court by including him as counsel of record?[4]

---

[3] Itamar drafted a proposed Request for International Judicial Assistance, in the event Saffelberg and Mr. Benoot do not agree to engage in discovery voluntarily.

[4] Itamar also obtained *pro hac vice* admission for attorney Anna Adamsky, Mr. Kleinhendler colleague at GK Advisory. (ECF Nos. 128 and 134). Ectosense ignores that Ms. Adamsky is also counsel of record in this case. If Itamar wanted Mr. Kleinhendler to "stay in the shadows," while still having access to AEO materials, Itamar could have achieved the same goal by seeking admission of only Ms. Adamsky, and then relying on section of the Protective Order that permits her to share information with relevant personnel at her firm. Itamar had no such shadowy intent, and this just demonstrates how contrived Ectosense's theory is.

- If Ectosense's Board Member Mats Dahlqvist truly felt threatened back on April 12, 2021, why didn't he just call Mr. Gilad Glick, the CEO of Itamar, who he had just spoken to a couple of weeks earlier about this lawsuit?
- Why did Mr. Benoot continue to communicate with Mr. Kleinhendler even though he felt threatened and intimidated?
- Does Mr. Dahlqvist have any other notes of relevant conversations that should be disclosed?
- Did Saffelberg withhold funding and/or was funding "disrupted" as a result of Mr. Kleinhendler's call, as Ectosense claims in the Motion to Disqualify?

Itamar should be given the opportunity to have these and other questions answered before Itamar responds to the Motion to Disqualify. Given the gravity of the accusations and the draconian sanctions Ectosense seeks in its motion, expedited discovery as to the facts and circumstances surrounding these allegations is warranted. Mr. Kleinhendler and Latham are being accused of willfully violating a Court order and conspiring to cover it up. Ectosense persists in making this accusation even though Mr. Kleinhendler submitted a sworn affidavit categorically denying ever receiving AEO documents from Latham. Latham, too, flatly denied any violation in a prior court filing (ECF No. 112 at 4), and reiterates its unequivocal denial in the Declaration of Allen Gardner, a copy of which is attached hereto as **Exhibit D**. Ectosense's counsel had a chance to speak directly with Mr. Kleinhendler and inquire as to the purported Protective Order violation and the alleged criminal conduct during the parties' telephone call on August 11, 2021. Because of the potential implications on Mr. Kleinhendler's career to be branded a disqualified lawyer, Itamar should be given the same chance to question Mr. Kleinhendler's accusers, especially when they are accusing him of criminal conduct.

As for the next factor, there is no burden on the Saffelberg or Ectosense witnesses to comply with the request for discovery. And, to the extent they claim it is burdensome, they brought that burden on themselves. Mr. Dahlqvist, and Saffelberg, through Mr. Benoot, *voluntarily* injected

8

themselves into this lawsuit by submitting Declarations supporting the Motion to Disqualify. Ectosense had multiple chances to dispense with these baseless claims after the first two motions were denied. Instead, Ectosense doubled down and persisted. The Ectosense and Saffelberg witnesses should not be surprised or put out by discovery aimed at the very statements and documents they submitted to support the motion.

Finally, the parties are in the midst of discovery. This request is not being made before a 26(f) conference. Therefore, this factor, too, weighs in favor of Itamar.

For all of these reasons, Itamar has established good cause for the seeking expedited discovery requested herein. Without it, Itamar will be at a disadvantage because Ectosense's unsubstantiated allegations will be allowed to go unchallenged. This would be fundamentally unfair, as Mr. Kleinhendler reputation is on the line, as is Itamar's choice of counsel.

**II.     The Court Should Grant an Extension of the Current September 13, 2021, Response Deadline in Order to Allow the Requested Discovery.**

Itamar intends to request documents and deposition testimony from Mr. Dahlqvist, Saffelberg and Mr. Benoot. Mr. Dahlqvist is a member of the Board of Ectosense, a party to this litigation. His documents can therefore be obtained through Rule 34 requests for production and a Rule 30 deposition notice. Even if the Court expedites this discovery, as Itamar requests, Itamar will need an extension of the deadline to respond to the Motion to Disqualify.

Saffelberg and Mr. Benoot, however, are located in Belgium. Therefore, should Saffelberg and Mr. Benoot refuse to provide documents or appear voluntarily for the deposition, Itamar will need to use the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents

in Civil and Commercial Matters and submit Letters Rogatory.[5] Given the length of time it takes to effectuate service using The Hague Convention, Itamar requires an extension of time to respond to the Motion to Disqualify.

## CONCLUSION

Ectosense supports its Motion to Disqualify with incomplete and, in some cases, contradictory Declarations from Saffelberg and Ectosense witnesses. Notwithstanding the flimsiness of this purported "evidence," Ectosense wants to (i) smear the name and reputation of a lawyer with more than 40+ years of experience by disqualifying him from this case, (ii) have the global law firm of Latham & Watkins be recognized as a co-conspirator, and (iii) obtain judgment on the merits against Itamar. Ectosense is not entitled to any of this relief. But, it most certainly should not be the given the opportunity to seek these sanctions without allowing discovery on the witnesses making these egregious allegations. It is a matter of fundamental fairness and due process. Therefore, this Court should permit expedited discovery on a shortened time frame and should grant Itamar an extension to respond to the Motion to Disqualify to allow the discovery to be completed.

WHEREFORE, Itamar requests that this Court (i) allow expedited discovery and shorten the time frame to ten (10) days for Ectosense to respond to the Plaintiff's Expedited Requests for Production of Documents Related to the Motion to Disqualify; (ii) allow the deposition of Mats Dahlqvist five (5) business days after the production of documents; (iii) expedite the issuance of Letters Rogatory so that Itamar may pursue document requests and deposition testimony of

---

5   Itamar has requested that Ectosense agree to produce the witnesses and documents voluntarily, but Ectosense has not yet responded with a definitive answer to this request.

Saffelberg and Arnold Benoot; (iv) extend the deadline for Itamar to respond to the Motion to Disqualify pending the requested discovery and (v) enter any other just and proper relief.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

Undersigned counsel hereby certifies that she met and conferred with Ectosense's counsel regarding the relief requested in this motion and, while Ectosense does not oppose an extension of time for Itamar to respond to the Motion to Disqualify to make up for the weekend and week days that were holidays (Labor Day and Rosh Hashana, September 4-8), Ectosense does not agree to an extension of time pending the completion of the requested discovery and has not agreed to the request for expedited discovery.

Dated: September 10, 2021

Respectfully submitted,

/s/ Laura Ganoza
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400
Fax: (305) 482-8600

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 10th day of September, 2021 using CM/ECF, which serves all counsel of record listed on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Laura Ganoza*
Laura Ganoza

**SERVICE LIST**
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*

**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(pro hac vice to be filed)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*

**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com

Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene@ghavimi@klgates.com
(*admitted pro hac vice*)
Stewart Mesher
stewart.mesher@klgates.com
(*admitted pro hac vice*)

*Counsel for Defendant VirtuOx, Inc.*

13