### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

### Case No. 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

                        Plaintiff,

        v .

ECTOSENSE NV, and VIRTUOX, INC.,

                    Defendants.

### PLAINTIFF ITAMAR MEDICAL LTD.'S EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO MOTION TO DISQUALIFY

    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Itamar Medical Ltd. ("Itamar") hereby requests that Defendant Ectosense *nv* ("Ectosense") respond to the following Requests for Production ("Requests"), separately and fully in writing and under oath, within ten (10) days after service hereof. To the extent permitted by Federal Rule of Civil Procedure 26, these Requests are deemed continuing and the responses must be supplemented promptly upon acquisition of further or additional information.

### DEFINITIONS AND INSTRUCTIONS

    1.       "Ectosense," "You," "your," and "Defendant" means Ectosense *nv*, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf, including, but not limited to Mats Dahlqvist.

2.        "Dahlqvist Declaration" means the Declaration of Mats Dahlqvist dated August 18, 2021, submitted to the Court in this case.

3.        "Benoot Declaration" means the Declaration of Arnold Benoot, General Counsel of Saffelberg Investments *nv* dated July 28, 2021, submitted to the Court in this case.

4.        "Saffelberg" means Saffelberg Investments *nv*, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf, including, but not limited to Arnold Benoot.

5.        "Plaintiff" and "Itamar" mean plaintiff Itamar Medical, Ltd., its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

6.        "Person(s)" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7.        "Identify" means: (a) with respect to a natural person, to set forth the person's full name, present or last known address, and present or last known employer; (b) with respect to a person who is an organization, government or business entity, to state the entity's full formal name(s) and any d/b/a, its form, and present or last known address; (c) with respect to a document, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) authors, addressees, and recipients.

8.        "Communication" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, e-mail, text message, social

media post or message, note, telegram, report, notice, voicemail, and written intercourse through

any document (as defined below).

9.      "Document" and "documents" are to be construed broadly in light of Federal Rule

of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and mean every type of writing,

recording, or photograph, including e-mail, and exhibits and attachments to documents.

"Document" or "documents" includes both the original of a document and each copy or draft of

the document that contains any additional writing, notations or interlineations or is in any respect

not an identical copy of the original. Attachments, exhibits, appendices, schedules, and enclosures

to documents are considered part of the same document.

10.     The use of the terms "and," "or," and "and/or" should be construed conjunctively

and disjunctively for the broadest possible meaning.

11.     The use of terms, phrases, and definitions is for convenience and no term, phrase,

or definition shall be construed as an admission.

12.     Any word that is not defined has its usual and customary meaning.

13.     The singular use of any term or phrase includes its plural, and the plural of any term

or phrase includes its singular.

14.     Each request set forth should be construed independently, and not in reference to

any other interrogatory for purposes of limitation.

15.     Pursuant to Federal Rule of Civil Procedure 34, in producing the requested

documents, furnish all documents in your actual or constructive possession, custody or control

including, without limitation, documents which may be in the physical possession of another

person or entity such as your advisors, attorneys, investigators, employees, agents, associates,

affiliates, or representatives. You are to designate any information that is not within your personal

knowledge, and as to that information, you are to state the name and address of every person from whom it was received, or if the source of the information is documentary, a full description of the document including its title and location.

16.     If a document otherwise responsive to a request was, but no longer is, in your actual or constructive possession, custody or control, please state whether the document (a) is lost or destroyed; (b) has been transferred to another person or entity either voluntarily or involuntarily; or (c) has been otherwise disposed of, and, in each instance; (d) explain the circumstance surrounding the disposition, including the date or approximate date of the disposition.

17.     If any requested document cannot be produced or cannot be produced in full, please produce it to the extent possible, indicating what portion or portions are being withheld and the reason it is being withheld.

18.     If there are responsive documents which constitute "electronically stored information" ("ESI") under Federal Rule of Civil Procedure 34, such as emails that are kept in electronic form in the ordinary course of your business (e.g., in a Microsoft Exchange server or outlook database, on network backup tapes, or on an individual user's workstation, personal computer, or laptop computer), then those documents shall be produced according to the terms of the Stipulated Order Regarding Electronic Discovery [ECF No. 87] agreed upon by the parties and entered by the court, or according to such other protocol regarding ESI as the parties may agree.

19.     Whenever a request requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance, or event, you are to provide a full description thereof, including a statement setting forth: (a) the date and place thereof; (b) the identity of each oral communication involved and each document that refers to or that was prepared

or made during the course thereof or as a consequence thereof; and (c) the identity of all persons who were witnesses or participants.

20.     The use herein of a particular font, capitalization, italics, or other formatting in connection with the description of the trademarks that are the subject of a given request is not intended to be limiting, and you are to interpret references to any specified trademark broadly and without regard to such formatting elements.

21.     All requests must be answered completely, in writing, and under oath and signed by the person providing the answers. If any request cannot be answered completely after the exercise of reasonable diligence, the person providing the answer shall furnish as complete an answer as possible and then explain in detail the reason a full answer cannot be given, which shall include a statement indicating what is needed in order to be able to give a full answer to the requests.

22.     If objection is made to the production of any document requested, please state the reasons for the objection. If objection is made to part of an item or category, please specify the part to which objection is made.

23.     With respect to any document responsive to any request which you contend you are not required to produce because of an alleged privilege (which you are not presently prepared to waive), state for each such allegedly privileged document the following: (1) the date of the document; (2) the identity and position of the author(s); (3) the identity and position of all addressees and recipients; (4) the document's present location; (5) the privilege asserted (e.g., attorney-client, etc.); and (6) a sufficient description of the contents of the document to allow Itamar to determine the merits of the claim of privilege.

<u>**REQUESTS FOR PRODUCTION**</u>

<u>REQUEST FOR PRODUCTION NO. 1</u>:

All notes of any telephone or video conversations between Mats Dahlqvist and Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All recordings of any telephone or video conversations between Mats Dahlqvist and Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All communications between Mats Dahlqvist and Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All notes taken by Mats Dahlqvist related to conversations with Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All emails sent or received by Mats Dahlqvist regarding Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All notes of any telephone or video conversations with Gilad Glick on or about March 24, 2021.

<u>REQUEST FOR PRODUCTION NO. 7</u>:

All recordings of any telephone or video conversations with Gilad Glick on or about March 24, 2021.

<u>REQUEST FOR PRODUCTION NO. 8</u>:

All communications between Mats Dahlqvist and the third party described in paragraph 4 of the Dahlqvist Declaration regarding Gene Kleinhendler.

4815-9831-1674.1

REQUEST FOR PRODUCTION NO. 9:

All communications between Mats Dahlqvist and the third party described in paragraph 4 of the Dahlqvist Declaration regarding Itamar.

REQUEST FOR PRODUCTION NO. 10:

All documents evidencing any investigation undertaken by Mats Dahlqvist into the statements made by Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 11:

All communications between Mats Dahlqvist and Mr. Bart Van Pee regarding Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 12:

All communications between Ectosense and anyone at Saffelberg Investments *nv* regarding Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 13:

All communications between Mats Dahlqvist and any third party regarding Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 14:

Any communications with anyone where Mats Dahlqvist expresses that he felt intimidated or threated by Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 15:

Any handwritten notes where Mats Dahlqvist expresses that he felt intimidated or threated by Gene Kleinhendler.

REQUEST FOR PRODUCTION NO. 16:

All communications between Ectosense and Saffelberg where Ectosense was informed "of the seriousness of the accusations made" as referenced in the paragraph 18 of Benoot Declaration.

REQUEST FOR PRODUCTION NO. 17:

All communications between Ectosense and any third party regarding Gene Kleinhendler from April 12, 2021 to the present.

REQUEST FOR PRODUCTION NO. 18:

All documents related to any investigation undertaken by Saffelberg into the statements made by Gene Kleinhendler between April 12, 2021 and the present.

REQUEST FOR PRODUCTION NO. 19:

All documents related to any investigation undertaken by Ectosense into the statements made by Gene Kleinhendler between April 12, 2021 and the present.

REQUEST FOR PRODUCTION NO. 20:

Any and all documentary evidence that Ectosense has that Gene Kleinhendler violated the Stipulated Protective Order in this case.

REQUEST FOR PRODUCTION NO. 21:

Any and all documentary evidence that that Ectosense has that Latham & Watkins, LLP violated the Stipulated Protective Order in this case.

REQUEST FOR PRODUCTION NO. 22:

Any and all documentary evidence that Ectosense has that Latham & Watkins, LLP and Gene Kleinhendler conspired to cover up the alleged violation of the Stipulated Protective Order in this case.

REQUEST FOR PRODUCTION NO. 23:

Documents sufficient to show the funding Saffelberg made to Ectosense prior to the communications with Gene Kleinhendler in April and May of 2021.

REQUEST FOR PRODUCTION NO. 24:

Documents evidencing any additional funding Saffelberg was planning to provide Ectosense.

REQUEST FOR PRODUCTION NO. 25:

All communications between Saffelberg and Ectosense between April 12, 2021, and the present, related in any way to Saffelberg's funding of Ectosense.

REQUEST FOR PRODUCTION NO. 26:

All communications between Saffelberg and Ectosense regarding the CPT reimbursement codes, including, but not limited to, CPT 95800, for the NightOwl devices.

REQUEST FOR PRODUCTION NO. 27:

All documents between Saffelberg and Ectosense regarding Ectosense's 510(k) clearance application for the NightOwl device.

REQUEST FOR PRODUCTION NO. 28:

All documents between Saffelberg and Ectosense regarding Ectosense's communications with the FDA regarding the NightOwl device.

REQUEST FOR PRODUCTION NO. 29:

All Your internal communications between April 12, 2021 and September 3, 2021, regarding Gene Kleinhendler.

<u>REQUEST FOR PRODUCTION NO. 30</u>:

        All Your internal communications between April 12, 2021 and September 3, 2021,

regarding the statements in the Dahlqvist Declaration.

<u>REQUEST FOR PRODUCTION NO. 31</u>:

        All Your internal communications between April 12, 2021 and September 3, 2021,

regarding the statements in the Benoot Declaration.


Dated: September 9, 2021                Respectfully submitted,

                                   */s/ Laura Ganoza*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400

***Counsel for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the __ day of September 2021, a true and correct copy of

the foregoing was electronically served on all counsel of record as listed in the Service List below.

_____

Jessica N. Walker

### SERVICE LIST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*

**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
aromes@foley.com
avargas@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*

**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com
Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene.ghavimi@klgates.com
*(admitted pro hac vice)*
Stewart Mesher
stewart.mesher@klgates.com
*(admitted pro hac vice)*

*Counsel for Defendant VirtuOx, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 20-cv-60719-WPD**

ITAMAR MEDICAL LTD.,

                Plaintiff,

      v.

ECTOSENSE NV, and VIRTUOX, INC.,

                Defendants.

## PLAINTIFF ITAMAR MEDICAL LTD.'S NOTICE OF DEPOSITION OF MATS DAHLQVIST

Pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiff Itamar Medical Ltd. ("Itamar") will take the deposition of Mats Dahlqvist five business days after Defendant Ectosense *nv* produces documents in response to Itamar's Expedited Requests for Production of Documents Related to Motion to Disqualify at 10 a.m. Eastern Time, via Virtual Veritext Meeting with Meeting ID and Password to be provided by Court Reporting Firm, or such other date agreed to by Itamar, before a Notary Public or other official duly authorized to administer oaths. The deposition will last within the duration provided by Rule 30(d). Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

Dated: September 9, 2021               Respectfully submitted,

                                        */s/ Laura Ganoza*
                                        **FOLEY & LARDNER LLP**
                                        Laura Ganoza, Esq.
                                        Florida Bar No. 0118532
                                        lganoza@foley.com

atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the ___ day of September 2021, a true and correct copy of

the foregoing was electronically served on all counsel of record as listed in the Service List below.

_____

Jessica N. Walker

## SERVICE LIST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*


**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*


**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
aromes@foley.com
avargas@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*


**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com
Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene.ghavimi@klgates.com
(*admitted pro hac vice*)
Stewart Mesher
stewart.mesher@klgates.com
(*admitted pro hac vice*)

*Counsel for Defendant VirtuOx, Inc.*

4819-1884-8250.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

ITAMAR MEDICAL LTD.,

       Itamar,

v.                                        Case No. 20-cv-60719
                                          DIMITROULEAS/SNOW

ECTOSENSE NV, and VIRTUOX, INC.,

       Defendants.

_____/

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

       The United States District Court for the Southern District of Florida presents its compliments to the Federal Public Service Justice of Belgium (the "FPSJ"), and requests its assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter (the "Florida Proceeding").

       The assistance requested is an order for (1) the production of documents by Saffelberg Investments *nv* ("Saffelberg"), a company carrying on business in Belgium with its registered head-office in Gooik, Vlaams-Brabant, Belgium, (2) the appearance for examination under oath of Arnold Benoot, the general counsel of Saffelberg, who resides in Gooik, Vlaams-Brabant, Belgium, and (3) the appearance for examination under oath of a corporate representative of Saffelberg.

       This Court is satisfied that the evidence sought is relevant to the claims and defenses in the Florida Proceeding. The evidence sought would normally be subject to subpoena by Itamar. Itamar Medical Ltd. ("Itamar") pursuant to Federal Rule of Civil Procedure 45, but a subpoena so issued is not effective in Belgium. Accordingly, the evidence may only be obtained through the intervention of the FPSJ, and this Court is persuaded that such intervention is in the interests of justice.

    1.  <u>Requesting Judicial Authority:</u>

       Honorable Lurana S. Snow
       United States Magistrate Judge
       U.S. Federal Building and Courthouse
       299 East Broward Boulevard
       Room 203D
       Fort Lauderdale, Florida 33301
       Tel. 1-954-769-5460

    2.  <u>Names And Addresses Of The Parties And Their Representatives:</u>

a.  <u>Plaintiff:</u>

Itamar Medical Ltd.
9 Halamish Street,
POBox 3579
Caesarea,
3088900 Israel

b.  <u>Plaintiff's Representatives:</u>

Laura Ganoza, Esq.
Foley & Lardner LLP
lganoza@foley.com
atownsend@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400

Gene Kleinhendler, Esq.
gene@gk-ad.com
GK Advisory
72 Ahad Haam St.,
Tel Aviv 6520512
Israel
(972) 3-735-6168

c.  <u>Defendants:</u>

Ectosense nv
19 Bosbessenlaan, bus A 3110
Rotselaar, Belgium

VirtuOx, Inc.
5850 Coral Ridge Drive
Suite 304
Coral Springs, FL 33076

d.  <u>Defendant Ectosense's Representatives:</u>

Seth J. Donahoe, Esq.
sjd@trippscott.com
Tripp Scott, PA
110 SE 6th Street

Suite 15th Floor
Fort Lauderdale, FL 33301

Paul B. Ranis, Esq.
Greenberg Traurig LLP
ranisp@gtlaw.com
401 E. Las Olas Blvd
Suite 2000
Fort Lauderdale, FL 33301

e.  Defendant VirtuOx's Representatives

Jonathan Bart Morton, Esq.
K&L Gates LLP
jonathan.mortan@klgates.com
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, Florida 33131

3.  Nature And Purpose Of The Proceedings And Summary Of The Facts:

Itamar filed a trademark infringement and false advertising action complaint in the United States District Court for the Southern District of Florida on April 9, 2020. On July 15, 2021, Itamar moved for the admission *pro hac vice* of Gene Kleinhendler ("Mr. Kleinhendler") and his colleague Anna Adamsky, both of the law firm of GK Advisory. The Court granted the motions for *pro hac vice* admission by order dated July 21, 2021.

On September 3, 2021, Ectosense filed a Motion to Disqualify Mr. Kleinhendler and for sanctions against Itamar and Mr. Kleinhendler. Specifically, Ectosense alleges that Mr. Kleinhendler engaged in prohibited communication with Ectosense's Board Member, and thereafter with Ectosense's investor, Saffelberg and Mr. Benoot, for the sole and exclusive purpose of issuing a threat of extortion. In support of Ectosense's Motion, Mr. Benoot provided this Court a Sworn Declaration on behalf of Saffelberg. Itamar contends that Ectosense's Motion should be denied and Ectosense should be admonished for making accusations against officers of the court in a public filing.

Itamar believes that Mr. Benoot has information and documents that are important to its defense—that Mr. Kleinhender did not engage in disruptive conduct or unethical conduct that would warrant disqualification as counsel for Itamar. To provide factual support for its defenses, Itamar requires the evidence requested in this Request for International Judicial Assistance (Letter Rogatory). Itamar believes that contrary to the sentiments in Mr. Benoot's Declaration, Mr. Benoot never indicated to Mr. Kleinhendler that he considered Mr. Kleinhendler's communications to be direct threats or attempts to intimidate Saffelberg. If Itamar is able to obtain such evidence, it would be a significant defense to the Ectosense's Motion to Disqualify Mr. Kleinhendler as counsel and to sanction Itamar and Mr. Kleinhendler.

Itamar contacted Ectosense's counsel to request that the evidence from Mr. Benoot and Saffelberg requested herein to be provided voluntarily, but Ectosense refuses to do so.  To date, Saffelberg and Benoot have not provided the requested information. As a result, Itamar is compelled to bring this Request for the evidence that is vital to the allegations being made in the Motion to Disqualify which, if granted, may have severe implications for Itamar's lawsuit.

4.   <u>Documentary Evidence To Be Obtained:</u>

This Court respectfully requests that the FPSJ issue an order requiring production by Mr. Benoot and Saffelberg, as soon as is reasonably practicable, of the following:

a.  All notes of any telephone or video conversations between Arnold Benoot and Gene Kleinhendler.

b.  All recordings of any telephone or video conversations between Arnold Benoot and Gene Kleinhendler.

c.  All communications between Arnold Benoot and Gene Kleinhendler.

d.  All notes taken by Arnold Benoot related to conversations with Gene Kleinhendler.

e.  All emails sent or received between Arnold Benoot and Ectosense regarding Gene Kleinhendler.

f.  All emails sent or received between Arnold Benoot and any third parties regarding Gene Kleinhendler.

g.  Any communications with anyone where Arnold Benoot expresses that he felt intimidated or threated by Gene Kleinhendler.

h.  Any handwritten notes where Arnold Benoot expresses that he felt intimidated or threated by Gene Kleinhendler.

i.  All documents evidencing any investigation undertaken by Arnold Benoot or Saffelberg into the statements made by Gene Kleinhendler.

j.  Documents sufficient to show the funding Saffelberg made to Ectosense prior to the communications with Gene Kleinhendler in April and May of 2021.

k.   Documents evidencing any additional funding Saffelberg was planning to provide Ectosense.

l.  Communications between Saffelberg and Ectosense between April 12, 2021, to the present, related in any way to Saffelberg's funding of Ectosense.

m. All communications between Saffelberg and Ectosense regarding the CPT reimbursement codes, including, but not limited to, CPT 95800, for the NightOwl devices.

n. All documents between Saffelberg and Ectosense regarding Ectosense's 510(k) clearance application for the NightOwl device.

o. All documents between Saffelberg and Ectosense regarding Ectosense's communications with the FDA regarding the NightOwl device.

5. <u>Identity And Address Of Any Persons To Be Examined:</u>

Itamar requests an order that the following persons be examined as soon as is reasonably practicable:

a. Arnold Benoot, working at 43 Oplombeekstraat 6 B-1755 Gooik, Belgium;

b. A corporate representative of Saffelberg; **and**

c. Any other individuals identifiable based on the documentary evidence produced, including the documents obtained as a result of the request for documents at paragraph 8 above.

6. <u>Questions To Be Put To The Person To Be Examined Or Statement Of The Subject Matter About Which They Are To Be Examined:</u>

a. Arnold Benoot and/or the Custodian of Records of Saffelberg will be requested to testify regarding the documents obtained as a result of the request for documents at paragraph 4 above and the documents and other property obtained as a result of the request for documents or other property to be inspected at paragraph 7 below, including but not limited to, identifying, authenticating and laying a foundation for the admission into evidence of such documents and other property.

b. Any other individuals identifiable based on the evidence produced, including the documents obtained as a result of the request for documents at paragraph 4 above and the documents or other property obtained as a result of the request for documents or other property to be inspected at paragraph 11 below.

c. Arnold Benoot will be requested to testify regarding his conversations and correspondence with Gene Kleinhendler, his Declaration submitted in connection with the Motion to Disqualify, and any investigation conducted by him or Saffelberg in response to the discussions with Gene Kleinhendler.

d. Saffelberg's corporate representative will be requested to testify regarding Saffelberg's awareness of the conversations and correspondence with Gene Kleinhendler, and any

investigation conducted by Saffelberg in response to the discussions with Gene Kleinhendler.

7.   Documents Or Other Property To Be Inspected:

a.   All documents identified at paragraph 4 above.

b.   All computer and electronic equipment used by Mr. Benoot, including but not limited to, its computer hard drives and other electronically stored information related to the information sought in paragraph 4 above.

It is requested that Mr. Benoot be ordered to produce the foregoing documents and property for inspection, and copying to:

> Laura Ganoza
> Foley & Lardner LLP
> Suite 1900 One Biscayne Tower
> 2 South Biscayne Boulevard
> Miami, FL 33131
> 305-482-8400
> Fax: 305-482-8600
> Email: lganoza@foley.com

8.   Any Requirement That The Evidence Be Given On Oath Or Affirmation And Any Special Form To Be Used:

The examinations of the individuals identified in paragraph 5 of this document shall be taken under oath before (1) a secretary of embassy, consul general, consul, vice-consul, or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the State of Florida, the United States of America, or Belgium, or (2) a person appointed by the FPSJ and empowered to administer oaths and take testimony.

This Court further requests that the FPSJ require that the testimony given during the above described depositions be given under the following oath: "I [deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God." In the alternative, this Court requests that the FPSJ require that the person(s) giving testimony affirm the truthfulness of their testimony by the FPSJ's proper and usual process.

9.   Special Methods Or Procedures To Be Followed:

The examinations of the individuals identified at paragraph 5 above will be taken under the procedures established by the United States Federal Rules of Civil Procedure, except to the extent that any such procedure is incompatible with the internal laws of Belgium applicable therein.

It is requested that the testimony be taken on oral examination, and that a verbatim transcript of the testimony be provided. If the evidence cannot be taken in this manner, it may be taken in such manner as provided by local law for the formal taking of evidence.

Itamar further requests that its representatives listed above be authorized to take the examinations requested herein.

10. <u>Request For Notification Of Time And Place For The Execution Of The Request And Address Of Any Person To Be Notified:</u>

Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400

Seth J. Donahoe, Esq.
sjd@trippscott.com
Tripp Scott, PA
110 SE 6th Street
Suite 15th Floor
Fort Lauderdale, FL 33301

Jonathan Bart Morton, Esq.
K&L Gates LLP
jonathan.mortan@klgates.com
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, Florida 33131

11. <u>Specification Of Privilege Or Duty To Refuse To Give Evidence Under The Law Of The State Of Origin:</u>

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

United States law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

12. <u>The Reasonable Fees And Costs Incurred in Responding to This Request Will Be Borne By:</u>

Itamar Medical Ltd.
9 Halamish Street,
POBox 3579
Caesarea,
3088900 Israel

13. Reciprocity:

The United States District Court for the Southern District of Florida expresses its appreciation to the FPSJ for its courtesy and assistance in this matter, and states that it shall be ready and willing to assist the courts of Ontario in a similar manner when so requested.

14. Signature And Seal Of Requesting Authority:

Dated: _____

_____
Honorable Lurana S. Snow
United States Magistrate Judge
United States District Court
for the Southern District of Florida,
Fort Lauderdale Division

SEAL OF COURT: