UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ITAMAR MEDICAL LTD.,

        Plaintiff,

v.

ECTOSENSE NV, and
VIRTUOX, INC.

        Defendants      /

Case No. 20-60719-CIV-
DIMITROULEAS/SNOW

**ECTOSENSE NV's MOTION TO STRIKE ITAMAR'S MOTION FOR EXTENSION
AND MOTION FOR EXPEDITED DISCOVERY**

## Introduction

Nearly every time Ectosense files a motion in this case that Itamar has not joined in or stipulated to, Itamar has complained that Ectosense failed to properly confer, or violated the Court's page limitations. *Here are just a few examples:*

- Itamar opposed Ectosense's request for additional pages to address Itamar's Motion to Compel De-Designation after Ectosense had filed its response under the impression that the de-designation motion was not subject to ECF 67 because it was not addressing objections. *See* ECF 106 and 107. Pursuant to Itamar's request, this Court struck Ectosense's response finding it subject to the limitations of ECF 67. *See* ECF 108.

- Itamar complained that Ectosense did not properly confer about Mr. Kleinhendler's efforts to extort Ectosense before opposing his *pro hac vice* admission through a motion for reconsideration. *See* ECF 144. This Court then denied the Motion for Reconsideration without prejudice and ordered conferral. *See* ECF 155.

- Despite two exhaustive conferral letters from Ectosense, and iterative fruitless telephonic and email conferrals with both Itamar's prior and current counsel over the course of several months, when Ectosense filed its Motions to Compel regarding the cascade of improper objections lodged by Itamar and Itamar's failure to provide proper discovery, Itamar complained that Ectosense had not conferred about every specific argument that Ectosense made in the motions. *See* ECF 156.

Itamar does not hold itself to the same standards. In an effort to circumvent the briefing limitations imposed by this Court's Order Governing Discovery Procedures, ECF 67, and before properly conferring about the relief requested therein, Itamar filed its combined Motion For Extension And For Expedited Discovery In Connection With Ectosense's Motion To Disqualify Gene Kleinhendler And For Sanctions. *See* ECF 183 (hereafter the "Expedited Discovery Motion").

**(a) The Expedited Discovery Motion violates the page limitations of ECF 67 and ECF 179.**

This Court imposes a 5 page limit on discovery motions. *See* ECF 67. Itamar's Expedited Discovery Motion spans 10 pages—only half a page of which is dedicated to the request for an extension of time. This Court should strike Itamar's Expedited Discovery Motion, and require that Itamar comply with this Court's page limitations. This is particularly true as Itamar and this Court have previously held Ectosense to strict compliance with ECF 67. *See* ECF 106 – 108.

Moreover, Itamar dedicated considerable briefing space arguing the merits of Ectosense's Motion to Disqualify. Itamar even went so far as to submit an affidavit from Latham & Watkins that serves no ostensible purpose in the Expedited Discovery Motion except to challenge the merits of the underlying Motion to Disqualify. Such argument belongs in a formal response from Itamar, which is also subject to a page limitation by this Court. *See* ECF 179 (Ordering that Ectosense file the Motion for Reconsideration as a Motion to Disqualify and limiting Ectosense and Itamar to 10 pages for the motion and response, respectively). Itamar has not only ignored the page limitation on discovery motions, it is using the additional pages to simultaneously brief for this Court the Motion to Disqualify. This Court should strike Itamar's Expedited Discovery Motion for violating ECF 67 (Order Governing Discovery Procedures) and 179 (Imposing 10 page limit for the Parties' respective briefing on the Motion to Disqualify).

### (b) Itamar failed to properly confer

Itamar sent its first conferral with the array of distinct requests in its Expedited Discovery Motion at 9:44 pm on Wednesday September 8, 2021. In the initial conferral, Itamar requested (1) expedited responses to discovery that it had not even served or provided with its request, (2) agreement to produce two individuals and a corporate representative in Europe for deposition within a week, and (3) an extension of time to respond to Ectosense's Motion to Disqualify until such time as Itamar can complete its discovery. Despite the fact that Itamar had not responded to Ectosense's conferral letter sent a week earlier on other topics, undersigned counsel responded immediately the following morning:

> This comes as a surprise because Itamar has already responded to an earlier iteration of the same motion, and did not say that it needed discovery in order to do so. Itamar's earlier response already confirmed that the parties are largely in agreement about the facts of what transpired. The disagreement is about the legality and propriety of what happened. Can you give me some guidance on what documents or testimony Itamar believes it needs from Ectosense given that the narrow ground of dispute appears to be about the propriety of what everyone agrees happened?
>
> Specifically, the affidavits of Mr. Benoot and Mr. Dahlquist, (1) confirmed that Mr. Kleinhendler called them, and (2) authenticated the letters that he sent. I am unaware of any dispute about these issues. Mr. Kleinhendler's earlier affidavit already confirmed that he called Mr. Dahlquist and requested Saffelberg's contact information, and that he sent then sent the letters in question.

2

Itamar's position was that the letters were routine demand letters, and that Mr. Benoot is the Saffelberg representative and thus Mr. Kleinhendler did not engage in an *ex parte* communication when contacting Mr. Benoot. Thus, I am not sure what discovery you would need to defend this motion. I can concede that there is a dispute about whether Mr. Kleinhendler reviewed AEO documents, but the motion clearly explains that it was Mr. Kleinhendler who claims he reviewed such documents, and the statements Ectosense relies upon for this proposition are in writing in Mr. Kleinhendler's letters. It is Itamar and Mr. Kleinhendler who would be in possession of any documents relating to this issue.

Nonetheless, if you can provide some topics that Itamar feels it needs discovery on, we will be open to conferring and resolving points by stipulation, but we cannot address your requests below without understanding what discovery Itamar would be seeking. With respect to documents, Itamar has not propounded any requests for production from which we can evaluate your request that they be responded to and produced on an expedited basis. With respect to depositions, you have suggested that these would be taken for the purpose of defending the motion to disqualify. If that is the case, can you please identify what areas of inquiry you wish to explore and propose some reasonable limitations that Itamar would be amenable to? If we can agree upon some limitations on time and scope, I expect that Ectosense and Saffelberg would be less inclined to oppose a request for deposition.

Itamar responded shortly before 1:00 p.m. (which is 7:00 p.m. in Belgium where Ectosense is located) with fifteen proposed document requests and indicating that it wants to depose, as one example, Saffelberg's general counsel about any investigations Saffelberg did in response to Itamar's threats of regulatory and criminal prosecution, which would obviously be work product. Most of Itamar's requests implicated documents and topics that are categorically privileged, but Itamar's requests were needed more nuanced consideration and discussion with Itamar's counsel. Itamar was demanding conclusion of the conferrals while requesting three depositions (an Ectosense board member, Saffelberg's general counsel, and a corporate representative of Saffelberg), and fifteen categories of documents. Itamar had not actually served any of the discovery, or sent a proposed nonparty corporate representative subpoena. Ectosense nonetheless attempted to confer about the substance rather than the procedure and unreasonable time constraints Itamar was forcing upon Ectosense here.

3

Undersigned explained that given the six hour time difference, he would set a time to discuss the requests with Ectosense first thing the next morning, and indeed held a call at 9:30 am on Friday morning from which he could get back to Itamar. However, given the breadth of requests and particular issues implicated by Itamar's demands, undersigned desired to break some down and identify areas for agreement and areas where there may be disagreement. At 10:30 am on Friday, undersigned explained that he would like to discuss later in the day so that Ectosense could put together a comprehensive response:

> With respect to the Motion to Disqualify conferrals, I will need some time today to put together a comprehensive response to the array of requests. For the immediate issue that Itamar has a response due on Monday, I can say right now that we will not oppose an extension of time to address the lost time over the weekend, and holidays. That was not a deliberate effort on our part. If you want to do an unopposed motion to at least get that pressure off, that is fine by us, but we cannot yet agree to an extension pending discovery as there are several sub-points involved in the discovery that we will need to discuss.

Despite the fact that Ectosense was mindful of the approaching response deadline and stipulated to an extension of time on that so the parties could actually work through the array of other requests, Itamar responded by filing the Expedited Discovery Motion without any further conferral. These were not reasonable efforts by Itamar to confer as Ectosense had less than one day (which was functionally ~6 business hours in Belgium) between the time Itamar actually sent specific discovery requests and deposition topics and the time that Itamar filed its Expedited Discovery Motion. Moreover, Itamar still had not even served or sent proposed copies of the deposition notices, requests for production, or Letters Roggatory, that Itamar attached to its Expedited Discovery Motion. Yet, Itamar implied to this Court that Ectosense was being dilatory in its response to Itamar's requests. *See* ECF 183 FN 5 ("Itamar has requested that Ectosense agree to produce the witnesses and documents voluntarily, but Ectosense has not yet responded with a definitive answer to this request."). The first time anyone from Ectosense's side had seen any of the discovery documents was when Itamar filed them with the motion. The first time Itamar even suggested it wanted to depose a board member, Saffelberg, and Saffelberg's general counsel, was in the middle of the night on Wednesday September 8th. Itamar only provided actual topics less than 24 hours before filing the Expedited Discovery Motion, and the topics it did provide clearly implicate privileged topics and a host of relevance issues.

4

This is all made far worse by the fact that Itamar does not actually need any discovery here. It has already responded to an earlier version of the Motion to Disqualify. *See* ECF 144. Itamar's earlier response confirmed that there was no disagreement about the material points of what actually transpired, and the evidence Ectosense relies upon are the written letters from Mr. Kleinhendler. Nonetheless, to avoid burdening the Court, Ectosense (as it always does) immediately began conferring and trying too develop a way to resolve the list of Itamar's discovery demands without Court intervention. Clearly Itamar should have further conferred so that instead of Itamar presenting a series of different requests with a host of jurisdictional, privilege, and relevance problems, the parties could first discuss ways to identify what disputes actually exist.

## Conclusion

Itamar has violated this Court's orders setting forth page limits on discovery motions and the Parties' briefing of the Motion to Disqualify. This Court should strike Itamar's Expedited Discovery Motion for violating the page limitations imposed by this Court. Moreover, after consistently complaining that Ectosense fails to confer, it is Itamar who failed to properly confer. This Court should deny Itamar's Expedited Discovery Motion and allow the Parties to actually confer about the issues raised therein as they span multiple different topics. In the event that this Court does not strike the Expedited Discovery Motion, then this Court should permit Ectosense to file a complete response with an equal 10 pages of briefing space by Friday September 17, 2021.

<u>**CERTIFICATE OF SERVICE**</u>

Counsel for Ectosense *nv* hereby certifies that on the 13th day of September 2021, I electronically filed the foregoing document via CM/ECF and served this document on all counsel of record as listed in the Service List below.

**Counsel for Ectosense *nv*:**

*/s/   Seth J. Donahoe*

Paul O. Lopez, Esq.
Florida Bar No. 983314
pol@trippscott.com (primary)
eservice@trippscott.com (secondary)
sxc@trippscott.com (secondary)
Seth J. Donahoe, Esq.
Florida Bar No. 1004133
sjd@trippscott.com (primary)
sgc@trippscott.com (secondary)
B. George Walker, Esq.
Florida Bar No. 0071049
bgw@trippscott.com (primary)
sxc@trippscott.com (secondary)
Tripp Scott, P.A.
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL  33301
Telephone: (954) 525-7500
Telefax: (954) 761-8475

**SERVICE LIST**
**CASE NO: 20-cv-60719-WPD**

| | |
|---|---|
| **Counsel for Plaintiff:** | **Counsel for Defendant ECTOSENSE:** |
| | |
| LAURA GANOZA, ESQ. | PAUL O. LOPEZ, ESQ. |
| Florida Bar No. 0118532 | eservice@trippscott.com (primary) |
| lganoza@foley.com | pol@trippscott.com (secondary) |
| atownsend@foley.com | sxc@trippscott.com (secondary) |
| HAWWI EDAO, ESQ. | SETH J. DONAHOE, ESQ. |
| Florida Bar No. 1026550 | eservice@trippscott.com (primary) |
| hedao@foley.com | sjd@trippscott.com (secondary) |
| hmoreno@foley.com | sgc@trippscott.com (secondary) |
| **FOLEY & LARDNER LLP** | B. GEORGE WALKER, ESQ. |
| One Biscayne Tower, Suite 1900 | bgw@trippscott.com |
| 2 South Biscayne Boulevard | sxc@trippscott.com |
| Miami, Florida 33131 | cab@trippscott.com |
| (305) 482-8400 | Tripp Scott, P.A. |
| (305) 482-8600 (fax) | 110 SE 6th Street, 15th Floor |
| | Fort Lauderdale, FL  33301 |
| | Telephone:  (954) 525-7500 |
| **Co-Counsel for Plaintiff:** | Telefax:  (954) 761-8475 |
| | |
| JESSICA N. WALKER, ESQ. | |
| jwalker@foley.cOM | |
| **FOLEY & LARDNER LLP** | **Co-Counsel for Defendant ECTOSENSE:** |
| 555 South Flower Street, Suite 3300 | |
| Los Angeles, CA 90071-2418 | Stephen Baird, Esq. |
| (213) 972-4675 | (*pro hac vice to be filed*) |
| | GREENBERG TRAURIG, LLP |
| GENE KLEINHENDLER, ESQ. | 90 South 7th St., Suite 3500 |
| gene@gk-ad.com | Minneapolis, MN  55402 |
| ANNA ADAMSKY, ESQ. | bairds@gtlaw.com |
| anna@gk-ad.com | |
| **GK ADVISORY** | Paul B. Ranis, Esq. |
| 72 Ahad Haam St. | Florida Bar No. 64408 |
| Tel Aviv 6520512, Israel | GREENBERG TRAURIG, P.A. |
| (972) 3-735-6168 | 401 E. Las Olas Boulevard, Suite 2000 |
| | Fort Lauderdale, Florida 33301 |
| | ranisp@gtlaw.com |
| | scottlaw@gtlaw.com |
| | FLService@gtlaw.com |
| | |
| | *Counsel for VirtuOx Inc.* |
| | |
| | Jonathan B. Morton |
| | Florida Bar No. 956872 |

|  | Jonathan.Morton@klgates.com |
|  | **K&L Gates LLP** |
|  | Southeast Financial Center |
|  | 200 South Biscayne Boulevard, Suite 3900 |
|  | Miami, Florida 33131-2399 |
|  | Telephone: 305-539-3357 |
|  |  |
|  | Darlene F. Ghavimi, *Admitted Pro Hac Vice* |
|  | Texas Bar No. 24072114 |
|  | Darlene.Ghavimi@klgates.com |
|  | Stewart Mesher, *Admitted Pro Hac Vice* |
|  | Texas Bar No. 24032738 |
|  | Stewart.Mesher@klgates.com |
|  | **K&L GATES LLP** |
|  | 2801 Via Fortuna Suite 350 |
|  | Austin, Texas 78746-7568 |
|  | Telephone: (512) 482-6919 |