**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 20-cv-60719- DIMITROULEAS/SNOW**

ITAMAR MEDICAL LTD.,

                Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

                Defendants.

---

**ITAMAR'S RESPONSE IN OPPOSITION TO ECTOSENSE'S MOTION TO**
**DISQUALIFY GENE KLEINHENDLER AND FOR SANCTIONS**

Plaintiff Itamar Medical Ltd., in an abundance of caution and pursuant to this Court's Paperless Order dated August 26, 2021 (ECF No. 179), hereby files this response in opposition to Ectosense's Motion to Disqualify Gene Kleinhendler and Incorporated Motion for Sanctions (the "Motion to Disqualify") (ECF No. 181).  Although Itamar has filed a Motion for Extension and for Expedited Discovery in Connection with the Motion to Disqualify (ECF No. 183), this opposition is being filed in an abundance of caution because that request for extension of time to conduct discovery remains pending.  In support of its opposition to the Motion to Disqualify, Itamar states as follows:

**INTRODUCTION**

The Motion to Disqualify is both legally and factually baseless.  Itamar's counsel Gene Kleinhendler did not have access to any of Ectosense's Confidential/Attorneys' Eyes Only ("AEO") documents prior to his admission *pro hac vice* in this action and Itamar's prior counsel,

Latham & Watkins LLP ("Latham") did not conspire with Mr. Kleinhendler to cover up a willful violation of this Court's Protective Order.  *See* ECF No. 144-1 and ECF No. 183-4.  Moreover, Mr. Kleinhendler did not engage in extortionist or unethical conduct, and there is no factual basis for any of the remedies Ectosense seeks in its Motion to Disqualify.  To the extent this Court intends to consider the statements made in the Declarations of Mats Dahlqvist, and Arnold Benoot on behalf of Saffelberg Investments *nv*, however, Itamar believes it is entitled to conduct discovery into those statements and the accusations made in the Motion to Disqualify.  *See* ECF No. 183.

As a legal matter, however, Ectosense has not and cannot meet its burden for the extraordinary relief requested in the motion.  There no legal basis to disqualify Mr. Kleinhendler, no legal basis to sanction him or Itamar, and no legal basis to enter judgment against Itamar on the merits.  This entire unjustifiable exercise to remove Itamar's chosen counsel from the case has been a tactical ruse to detract from the substantive issues in the case, cast Itamar in a bad light, and to avoid a reckoning on the merits.  The Eleventh Circuit and this Court resoundingly disfavor these tactics.  The only sanctions that should be awarded in this case should be assessed against Ectosense for wasting time and resources on *three* baseless motions.

## ARGUMENT

### I.     Standard for Motion to Disqualify

In its Paperless Order denying Ectosense's prior motion to remove Mr. Kleinhendler from this case (ECF No. 176), this Court was very clear about what was required from Ectosense if it decided to file a new motion to disqualify and for sanctions:

> This Motion, if appropriate after a careful review of the applicable standards, shall not exceed 10 pages and shall cite to case law regarding disqualification of counsel and the sanctions being requested, including authority under which the requested sanctions are warranted. The standards for the various requests for relief should also be clearly identified.

ECF No. 179.  Ectosense fails to properly articulate the applicable standards, much less meet them.

Motions to disqualify are governed by two sources of authority: the local rules of professional conduct, and federal common law.  *Herrmann v. Gutterguard, Inc.,* 199 F App'x 745, 752 (11th Cir. 2006).  This Court has emphasized that motions to disqualify counsel "are often made for tactical purposes" and for that reason "are generally viewed with skepticism." *Etkin & Co. v. SBD LLC*, No. 11-21321-CIV, 2012 WL 5398966, at *2 (S.D. Fla. Nov. 5, 2012).  Because of the substantial potential for strategic abuse, disqualification motions "are highly disfavored" by this Court.  *Brown v. Blue Cross & Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *3 (S.D. Fla. Aug. 8, 2011), *aff'd sub nom. Brown v. Blue Cross Blue Shield of Fla., Inc.*, 456 F. App'x 854 (11th Cir. 2012).  In this Circuit, "a party is presumptively entitled to the counsel of [its] choice." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003).  For this reason, "[t]he disqualification of counsel is an extraordinary measure [because it] acts immediately to the detriment of the client by separating the client from chosen counsel." *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001).  Indeed, the Eleventh Circuit has instructed that a party's presumptive right to counsel of its choice may be overridden only if the moving party demonstrates "compelling reasons" for disqualification. *In re BellSouth Corp.*, 334 F.3d at 961.  While Ectosense does cite the *BellSouth* case, Ectosense does not mention this heightened standard or explain how it meets what has been characterized as a "heavy burden." *Id.* at 961.

Similarly, Ectosense properly cites *Schlumberger v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997), as legal authority stating that, in order to justify the denial of an applicant's *pro hac vice* admission, the conduct at issue has to "threaten disruption of the court proceedings," such as "in-court misconduct" or be "a deliberate challenge to the authority of the district court." *Id.* But,

3

Ectosense notably fails to cite the standard that applies when a lawyer is accused of unethical conduct.  When the conduct does not occur before the judge and does not disrupt the proceeding before the court, "binding circuit precedent requires a showing of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the district court in order to justify the denial of an applicant's *pro hac vice* admission." *Id.*  Citing a litany of authority holding that the misconduct has to be established by "clear and convincing evidence," the Eleventh Circuit in *Schlumberger* goes on to emphasize that even with a showing of "disbarrable conduct," the court "must be further mindful that the power to disbar is one that ought always to be exercised with great caution; and ought never be exercised except in *clear* cases of misconduct, which affect the standing and character of the party as an attorney." *Id.* at 1562 (emphasis in original) (cleaned up).  Again, this heightened standard is missing from Ectosense's brief.

## II.     Mr. Kleinhendler Did Not Engage in Disruptive Conduct or Unethical Conduct Justifying Revocation of His *Pro Hac Vice* Admission or Disqualification.

### A.      Mr. Kleinhendler Did Not Disrupt the Orderly Administration of This Case.

Ectosense argues that Mr. Kleinhendler's violation of the Protective Order and mere presence as "a 'shadow counsel' exerting influence from the nethers" is "prejudicial to the administration of this case."  ECF No. 181 at 8 of 15.  As previously explained, under oath, Mr. Kleinhendler did not have access to any AEO materials prior to July 21, 2021, the date he was admitted as counsel of record in this case.  *See* ECF No. 144-1, at ¶ 5, Declaration of Gene Kleinhendler, another copy of which is attached hereto as **Exhibit A** for the Court's convenience. The "FDA submission" he was referring to was the 510(k) summary, a public document that was attached to Ectosense's Motion to Dismiss dated June 30, 2021.  *Id.* at ¶ 6.  Latham confirmed that they did not provide Mr. Kleinhendler any AEO documents.  *See* ECF No. 183-4, Declaration of

Allen Gardner, another copy of which is attached hereto as **Exhibit B** for the Court's convenience. That should have ended the inquiry.  But, Ectosense persists, without any shred of evidence.

For example, neither of its witnesses attaches any emails from Mr. Kleinhendler containing any confidential or AEO information.  Instead, Ectosense's entire theory is based on suppositions and innuendo.  This is insufficient as a matter of law to show that Itamar or Itamar's counsel violated a court order.  *Compare Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1243 (11th Cir. 2007) (circumstantial evidence is insufficient for a reasonable fact finder to find that the plaintiffs' lawyers willfully violated a protective order by making unauthorized statements to a reporter), *with Roberts v. Bonait*, 133 So.3d 1212 (Fla. 2d DCA 2014) (finding violation of court order where there was email evidence from the recipient that the confidential information had come from the lawyer).  Ectosense has not proven and cannot prove violation of the Protective Order.  Likewise, Ectosense  cannot use its theory as the basis for claiming that Itamar's counsel has disrupted this proceeding.

Without proof on its side, Ectosense now changes its theory.  If Mr. Kleinhendler did not review AEO documents, then he purportedly lied about doing so.  ECF No. 181 at 8.  But, again, there is no evidence whatsoever that Mr. Kleinhendler advised Mr. Dahlqvist or Mr. Benoot that he reviewed confidential documents.  Although Mr. Dahlqvist's handwritten notes are difficult to read (which is one reason why discovery is appropriate), he does not appear to any mention "confidential FDA documents" in those pages of this notebook attached to his Declaration.  *See* ECF No. 181-1.  Mr. Benoot states that "Saffelberg has not itself seen or otherwise received access to the communications between Ectosense and the FDA."  ECF No. 181-2.  If that is actually true, then how could Saffelberg possibly know which FDA communications were confidential and

which ones were public, like the 510(k) summary, in order to accuse Mr. Kleinhendler of having unlawful access to the former? It cannot because Mr. Kleinhendler did not.

In short, Ectosense has not shown that Mr. Kleinhendler has disrupted this action or deliberately challenged the authority of this Court. The only party disrupting the orderly administration of this case is Ectosense, with the filing of three baseless motions to remove Mr. Kleinhendler from this case.

**B.      Mr. Kleinhendler Did Not Engage in "Disbarrable Conduct."**

**1.   Rule 4-4.2 – *Ex Parte* Communications**

Ectosense claims that Mr. Kleinhendler engaged in a prohibited *ex parte* communication with a party represented by counsel. This is not true. Instead, Mr. Kleinhendler was mindful of the prohibition against contacting parties who are represented by counsel and, as a result, specifically sought out Saffelberg's counsel. The reason Mr. Kleinhendler contacted Mr. Mats Dahlqvist, one of Ectosense's Board members, was to obtain an introduction to Saffelberg's in-house counsel. Indeed, this is borne out by Mr. Mats Dahlqvist wherein he seems to scribble "who is the right person to talk to" and "someone at Saffelberg who would like to discuss with him" and "wants to speak with an attorney" in his notes. ECF No. 181-1 at 4-5. The nature and extent of Mr. Kleinhendler's communication with Mr. Mats Dahlqvist was limited to obtaining an introduction to Saffelberg's counsel, and the substantive discussions were directed entirely to Mr. Benoot, Saffelberg's General Counsel. *See* ECF Nos. 181-3 and 181-4; *see also* ECF No. 183-2, Email Chain between Mr. Kleinhendler and Mr. Benoot dated April 20, 2021 to May 24, 2021, another copy of which is attached hereto for the Court's convenience as **Exhibit C.**

The facts here are nothing like the facts of *Kleiner v. First Nat'l Bank*, 751 F.2d 1193 (11th Cir. 1985), wherein counsel was secretly soliciting exclusion requests from potential class

members in violation of two orders directing counsel for the defendant bank to refrain from contacting the plaintiff class.  Here, contrary to Ectosense's accusations and unlike in *Kleiner*, Mr. Kleinhendler did not violate Rule 4-4.2.  Instead, he took great care to avoid a violation.

### 2.  Rules 4-4.1 and 4-8.4(c)[1] – Making False, Dishonest or Deceitful Statements

The linchpin of Ectosense's entire motion is that when Mr. Kleinhendler said he reviewed "Ectosense's submissions to the FDA" he must have meant confidential/AEO documents, and that only those confidential documents could have allowed Mr. Kleinhendler to opine that Ectosense was making false statements about its NightOwl product.  This is pure speculation and demonstrably false.  If this were true and, to be "ethical," Mr. Kleinhendler could only accuse Ectosense of fraud on the FDA or of falsely using CPT Code 95800 based on AEO documents, then Itamar itself would not have been able to file this lawsuit because it did not have access to AEO documents at the time of filing.  Itamar, like Mr. Kleinhendler, accuses Ectosense of falsely claiming it measures peripheral arterial tone based on Ectosense's own public documents and statements.  Just because Ectosense disagrees with Itamar's and Mr. Kleinhendler's theory does not make it a false or deceptive statement in violation of Rules 4-4.1 and 4-4.8(c).

### 3. Rule 4-3.4(g) – Threats of Criminal Prosecution

Mr. Kleinhendler did not violate any prohibitions on threatening to bring criminal charges against Saffelberg solely to obtain an advantage in this action.  The communications to Saffelberg laid out the facts as Mr. Kleinhendler knew them, based on public court filings, and provided an interpretation of the law as he understands it.  Throughout the communications, Mr. Kleinhendler make it clear that he was providing his opinions regarding the alleged wrongful conduct.  There is nothing unlawful or unethical about notifying a General Counsel that its client may have engaged

---

[1]     Ectosense incorrectly cites this rule as "4-4.8" throughout its Motion.

in illegal activity that should be investigated and remedied.  If that is the standard for disbarment, no lawyer would ever be able to send a demand letter to anyone ever.

In *Schlumberger*, the Eleventh Circuit emphasized the high level of scrutiny required for relief requested by Ectosense and emphasized that "the court should not deprive an attorney of the opportunity to practice his profession on the basis of a determination after the fact that conduct is unethical if responsible attorneys would differ in appraising the propriety of that conduct."  113 F.3d at 1562.  In this case, no reasonable attorney reading the correspondence between Saffelberg's counsel and Mr. Kleinhendler would interpret those letters as extortion or otherwise violating any ethical rules.  Ectosense may disagree with the substance of Mr. Kleinhendler's letters, but that does not make them actionable.  Mr. Benoot's belated protestations for the purpose of the Motions do not make them actionable either.  Curiously, Mr. Benoot claims in his Declaration that as of April 29, 2021, he considered Mr. Kleinhendler communications to be a "direct threat."  ECF Nos. 181-2, at 3, ¶ 15.  Yet, inexplicably, on that same day, rather than advising Mr. Kleinhendler to stop threatening him, he invites Mr. Kleinhendler to continue to communicate with him.  *Id.*  At no point in time does Mr. Benoot ever tell Mr. Kleinhendler he feels threatened or that Saffelberg is being extorted.  In fact, he continues to communicate with Mr. Kleinhendler for almost a month after he was purportedly threatened and intimated, and the back and forth between these two sophisticated lawyers is cordial and professional throughout these written communications.  *See* Ex. C, Email Chain between Mr. Kleinhendler and Mr. Benoot dated April 20, 2021 to May 24, 2021.  The only thing Mr. Kleinhendler asked Saffelberg to do was to investigate the allegations.  Mr. Kleinhendler did not demand Saffelberg to refrain from further investments in Ectosense or compel Saffelberg to take action adverse to Ectosense.  Mr. Kleinhendler did not demand that Saffelberg take any action as it relates to the instant lawsuit.  In fact, he did not threaten to take

any action against Saffelberg at all.  On the contrary, he believed Saffelberg to be a reputable good

faith investor and expressed his opinion that "Saffelberg would not condone unethical behavior by

its portfolio companies."  ECF No. 181-3.

In sum, Mr. Kleinhendler's actions and communications with Saffelberg, through its

General Counsel, do not violate any ethical rule.  They certainly do not rise to the high level of

disbarment that Ectosense must establish.  *See Doe 1 v. Francis, No.* 5:03CV260/RS, 2006 WL

8444030, at *13 (N.D. Fla. May 8, 2006) (denying motion to disqualify and finding that defendant

failed to allege violation of Rule 4-3.4(g) where defendant failed to allege or demonstrate evidence

that suggested (1) counsel presented criminal charges against defendants, (2) counsel ever

participated in the decision to present criminal charges against defendants, and (3) the conversation

with counsel indicated a "threat" to present criminal charges against defendant).

## III.    Standard for Sanctions

Ectosense is seeking to have Mr. Kleinhendler disqualified and also wants the Court to

enter judgment in its favor and award its attorneys' fees for the entire case.  ECF No. 181 at 11.

This Court instructed Ectosense to cite "authority under which the requested sanctions are

warranted."  ECF No. 179.  Ectosense reliance on *Martin v. Automobili Lamborghini*, 307 F.3d

1332, 1336–37 (11th Cir. 2002) is entirely misplaced and encapsulates the frivolousness of the

Motion to Disqualify.  That case involved "continual and flagrant abuse of the judicial process"

including, among other conduct, misleading the court about the real party in interest and submitting

forged documents to the Court.  *Id.* at 1336, n. 2.[2]  Even assuming Ectosense's allegations are true

(and they most certainly are not), the facts in this case are not remotely similar to the conduct in

---

2       Moreover, the real issue in that case dealt with the proper consideration a court must give
to the financial circumstances of the party being sanctioned.  *Id.*  1337–38.

*Martin.*  Instead, this is a classic case of a party using disqualification motions as procedural weapons.  *See Quail Cruises Ship Mgmt. Ltd. v. Agencia De Viagens CVC Limitada*, No. 09-23248-CIV, 2010 WL 2926042, at *6 (S.D. Fla. July 23, 2010) (citing the Preamble to the Florida Rules of Professional Conduct which warns parties not to use disqualification motions as procedural weapons.).  Ectosense's conduct is clearly tactical and an attempt to divert from addressing the merits of this case.  If anyone should be sanctioned in this case, it should be Ectosense, for wasting time and resources in baseless motion practice.

## CONCLUSION

Ectosense is not only seeking the most severe of sanctions, it is also launching the most severe of accusations against officers of the Court.  There is no legal or factual basis for either.  Ectosense's motion should be summarily denied.  At a minimum, Itamar should be permitted to conduct discovery regarding the serious allegations made by Ectosense against its lawyers.  In any case, this Court should heed the Eleventh Circuit's warning and be "mindful that accusations of unethical conduct are among the most serious of allegations that a court must consider and be aware that an attorney's honor as an officer of the court is at issue here."  *Schlumberger*, 113 F.3d at 1562.  Mr. Kleinhendler's honor should not be sullied by Ectosense's unsubstantiated and improper litigation tactics, especially without the benefit of a full and complete record.

Dated:  September 13, 2021

Respectfully submitted,

*/s/ Laura Ganoza*
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400
Fax: (305) 482-8600

*Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically

filed with the Clerk of the Court on this 13th day of September, 2021 using CM/ECF, which

serves all counsel of record listed on the attached Service List via transmission of Notices of

Electronic Filing generated by CM/ECF.

*/s/ Laura Ganoza*
Laura Ganoza

## SERVICE LIST
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*

**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(pro hac vice to be filed)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*

**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com

Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene@ghavimi@klgates.com
*(admitted pro hac vice)*
Stewart Mesher
stewart.mesher@klgates.com
*(admitted pro hac vice)*

*Counsel for Defendant VirtuOx, Inc.*

4830-3741-0810.2