IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.  20-cv-60719- DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

       Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

       Defendants.

**<ins>ITAMAR'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION AND FOR EXPEDITED DISCOVERY IN CONNECTION WITH ECTOSENSE'S MOTION TO DISQUALIFY GENE KLEINHENDLER AND FOR SANCTIONS</ins>**

1

I. **ARGUMENT**

    a. **Itamar's Extension Motion Was Not Believed to Be Governed by this Court's Discovery Order.**

Itamar's Motion for Extension and for Expedited Discovery (the "Extension Motion") was filed as a result of Ectosense's Motion to Disqualify Gene Kleinhendler (the "Motion to Disqualify"), the third motion filed by Ectosense directed at removing Itamar's chosen counsel. The Motion to Disqualify is not a discovery motion and not subject to this Court's General Order on Discovery Objections and Procedures (the "Discovery Order") (ECF No. 67). As a result, Itamar did not believe its Extension Motion was a motion subject to the Discovery Order either. While Itamar does request expedited discovery in the Extension Motion, the aim of the filing is to urge this Court to allow more time for factual development and briefing on the Motion to Disqualify. Itamar argued that Ectosense should not be the given the opportunity to seek the draconian sanction of disqualification without allowing discovery on the witnesses making those egregious allegations. If Itamar was mistaken and the Extension Motion is subject to the 5-page limitation, Itamar will certainly refile a compliant version of the Extension Motion.

    b. **Itamar's Conferred with Ectosense in Good Faith.**

Given the Court's dismissal of Ectosense's previous two motions to remove Mr. Kleinhendler as counsel, Itamar did not expect Ectosense to submit the Motion to Disqualify. In denying Ectosense's Renewed Motion for Reconsideration of Mr. Kleinhendler's *pro hac vice* admission without prejudice, the Court made it made it abundantly clear that the Motion to Disqualify should only be filed "after a careful review of the applicable standards" and supported by legal authority "authority under which the requested sanctions are warranted." (ECF No. 179).

Itamar extensively researched the applicable standard and determined it was unlikely Ectosense would file the Motion to Disqualify because (1) no sufficient basis for disqualification exists, and (2) submitting yet another unsupported motion, in defiance of this Court's express order, would expose Ectosense to sanctions. Nonetheless, Ectosense filed the Motion on the afternoon of September 3, 2021, the Friday preceding Labor Day, followed by the two-day Jewish high holiday of Rosh Hashanah. The Court had given Itamar ten *calendar* days (not business days) to respond to the Motion to Disqualify. This meant Itamar and its counsel, the majority of whom observe the religious holiday, had only two work days to address the motion. Despite these time constraints, Itamar made every effort to meet and confer with Ectosense's counsel in good faith before filing the Motion. Itamar contacted Ectosense within hours of Rosh Hashanah concluding

at sundown on September 8, 2021, to request the extension and expedited discovery. (**Exhibit A**, Conferral Emails.) When Ectosense requested more information about the discovery being sought, Itamar immediately provided it. *Id.* While Ectosense did agree to a short extension to accommodate the intervening federal and religious holidays, it did not agree to the requested expedited discovery. At that time, Ectosense advised that, at most, it would only agree to one hour for each requested deposition. Given the serious nature of the allegations against Mr. Kleinhendler, this is obviously insufficient. As it was clear the parties would not reach agreement, Itamar filed the Extension Motion on Friday, September 10, in light of the response deadline on Monday, September 13.

Subsequent events have shown that additional conferrals would not have changed Ectosense's position. The Court ordered that parties to have "a meaningful conferral … in accordance with the methods set out in ECF No. 67 (by phone, in person, or by Zoom or a similar platform) to determine if the portion of the [Extension] Motion requesting discovery can be resolved without further Court intervention." ECF No. 188. Pursuant to this directive, the parties met and conferred on September 17, 2021, using the Microsoft Teams platform. During the call, Ectosense advised that it would be willing to engage in some expedited discovery, but with very significant limitations. Specifically, Ectosense advised it would provide a written response to Itamar's proposed Expedited Requests for Production of Documents Related to Motion to Disqualify by October 1, 2021, and responsive documents and a privilege log, if any, by October 15, 2021, but with the caveat that it would be limiting discovery to only the communications between Ectosense and its investor, Saffelberg Investments *nv*, and Mr. Kleinhendler.[1] Ectosense contends that any communications or documents between or among employees at Ectosense and Saffelberg regarding these communications and the organizations' subsequent actions, however, are off-limits, either because they are not relevant or because they privileged. As Itamar advised during the conference call, the latter excuse can be addressed by a privilege log, if there are, in fact, privileged communications with counsel or work product documents. The notion that intra-company and inter-company communications related to the allegations in the Motion to Disqualify are not relevant, however, cannot be sustained. At a minimum, Itamar is entitled to all relevant internal documents and communications from at least April 12, 2021, the date of Mr. Kleinhendler's first communication through September 3, 2021, the date of Ectosense's third

---

[1] Itamar propounded the Expedited Requests for Production of Documents Related to Motion to Disqualify on Ectosense on September 20, 2021.

motion directed at him. During the September 17 call, Ectosense also advised it would not voluntarily produce declarants Mats Dahlqvist or Arnold Benoot, or a representative of Saffelberg for deposition and would not produce documents from Saffelberg absent formal procedures under the Hague Convention. As a result, despite Itamar's best efforts, the parties were unable to reach agreement on the discovery issues, even with more time to conduct additional conferrals.

### c. Itamar Should Be Permitted To Take Expedited Discovery on Saffelberg and Ectosense's Witnesses Who Have Submitted Accusatory Declarations

Ectosense submitted Declarations from Saffelberg and Ectosense witnesses in support of the Motion to Disqualify. Ectosense and Saffelberg's witnesses should have foreseen the request for discovery directed at the statements and materials they presented to this Court. Ectosense, however, claims that discovery is not necessary because "the evidence Ectosense relies upon are the written letters from Mr. Kleinhendler." (ECF 186 at 4.) If true, Ectosense should withdraw (or the Court could strike) the declarations. Ectosense wants to have its cake and eat it too. It is relying on the declarations of Mr. Dahlqvist and Mr. Benoot to attempt to establish that Mr. Kleinhendler reviewed AEO documents and extorted Saffelberg, but it refuses to make the declarants available to be questioned about their accusations. Indeed, during the September 17 conference, Ectosense intimated that it is irrelevant if Saffelberg or Mr. Dahlqvist actually felt threatened or intimidated because the letters from Mr. Kleinhendler "objectively" prove Mr. Kleinhendler threatened them. Itamar disputes that these letters establish by clear and convincing evidence that Mr. Kleinhendler violated any ethical rule.[2] Nonetheless, Ectosense's position leads Itamar to believe that Saffelberg did not feel threatened at all. Instead, based on Ectosense's refusal to produce Mr. Dahlqvist or Mr. Benoot for deposition, and its reluctance to produce contemporaneous records related to the allegations in Motion to Disqualify, it is clear that the claims of extortion and intimidation, raised months after Mr. Kleinhendler's communications in April 2021, were concocted after the fact as a litigation tactic to derail these proceedings. In any case, Ectosense should not be permitted to introduce and rely on testimony without permitting Itamar to test that testimony through discovery.

Given the gravity of the claims and the severe sanctions sought in Ectosense's request, expedited discovery regarding the facts and circumstances underlying these allegations is required.

---

[2]   *See Schlumberger v. Wiley*, 113 F.3d 1553, 1561-62 (11th Cir.1997) (emphasizing the high level of scrutiny required for disbarment and noting that "the court should not deprive an attorney of the opportunity to practice his profession on the basis of a determination after the fact that conduct is unethical if responsible attorneys would differ in appraising the propriety of that conduct.").

## CERTIFICATION OF COMPLIANCE WITH CONFERRAL PURSUANT TO ECF NO. 188

Undersigned counsel hereby certifies that she met and conferred with Ectosense's counsel on September 17, 2017, pursuant to the Court's instructions in ECF No. 188 to have "a meaningful conferral … in accordance with the methods set out in ECF No. 67 (by phone, in person, or by Zoom or a similar platform) to determine if the portion of the [Extension] Motion requesting discovery can be resolved without further Court intervention." As explained above, despite the parties' good faith efforts, they were unable to reach agreement.

/s/ Laura Ganoza

Dated: September 20, 2021

Respectfully submitted,

/s/ Laura Ganoza
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No.  0118532
lganoza@foley.com
atownsend@foley.com
Hawwi W.  Edao
Florida Bar No.  1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400
Fax: (305) 482-8600

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 20 day of September, 2021 using CM/ECF, which serves all counsel of record listed on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Laura Ganoza*
Laura Ganoza

**SERVICE LIST**
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*


**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*


**GK ADVISORY**
Anna Adamsky, Esq.
*(admitted pro hac vice)*
anna@gk-ad.com

Gene Kleinhendler, Esq.
*(admitted pro hac vice)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*


**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene@ghavimi@klgates.com
(*admitted pro hac vice*)
Stewart Mesher
stewart.mesher@klgates.com
(*admitted pro hac vice*)

*Counsel for Defendant VirtuOx, Inc.*