

Seth J. Donahoe
Direct line: 954-760-4919
Email: sjd@trippscott.com

9/22/2021

**VIA EMAIL** (LGanoza@foley.com; JWalker@foley.com; aromes@foley.com)
Laura Ganoza
Jessica Walker
**Foley & Lardner LLP**
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131

    Re: Notice of Breach of Confidentiality and Non-Use Agreement and Notice of Opportunity to Seek a Protective Order

Laura and Jessica,

    Shortly after Itamar Medical Ltd. filed the litigation against Ectosense *nv*, it asked Ectosense to sign a Confidentiality and Non-Use Agreement so that Mr. Gilad Glick could discuss potential resolutions with Mr. Mats Dahlquist. Because Mr. Dahlquist was ostensibly viewed by Itamar as more neutral than anyone else at Ectosense, he became Ectosense's channel for Mr. Glick to engage in direct settlement conversations. So that Mr. Glick and Mr. Dahlquist could engage in such conversations, the parties executed the attached Confidentiality and Non-Use Agreement on or about June 30, 2020. Section 1, in relevant part, states:

> The parties agree that the terms hereof, the negotiations and discussions between the parties, relating to the Purpose including any statements made by the Parties in the course of such discussions and that any discussions or negotiations are taking place, shall constitute Confidential Information, **and the Parties shall not be permitted to use the existence of any such discussion in the pending litigation between them.**

(emphasis added) Itamar breached the prohibitions set forth in the agreement, and it has done so in a manner that is extremely prejudicial to Ectosense. While Ectosense was abiding the terms of the Agreement, Itamar accused Ectosense of omitting facts from its filings about the circumstances leading up to Gene Kleinhendler contacting Mats Dahlquist. Itamar states in ECF 183 ¶ 7:

> Of course, had Ectosense's counsel raised the notion that Mr. Dahlquist felt "threatened" back on April 12, 2021, the parties could have discussed the fact that Itamar would have expected him to just pick up the phone and call Itamar's CEO, Gilad Glick, just as Mr. Dahlquist

had done just a couple of weeks before on or about March 24, 2021. Interestingly, Mr. Dahlquist fails to mention that communication with Itamar in his August 18, 2021, declaration.

Itamar breached the Agreement in order to suggest that Ectosense was less than forthcoming with the Court. Itamar, of course, did not disclose to the court that Ectosense was barred by this Agreement from mentioning in the litigation that Mr. Glick and Mr. Dahlquist were having any of the discussions mentioned by Itamar in March of 2021. Itamar not only breached the Agreement, but it did so in a manner to gain advantage in the litigation.

Itamar placed the communications between Mr. Glick and Mr. Dahlquist into the public record, and they are now therefore excluded pursuant to Section 2(i). Moreover, the Court has ordered Ectosense to respond to ECF 183 by 9:00 AM September 24, 2021. Pursuant to the Court's direction that Ectosense respond to the substance of Itamar's arguments, Ectosense deems it necessary to provide more complete context than Itamar has provided. Please consider this notice under Section 2 of the Agreement that Ectosense intends to provide further context to the Court regarding the conversations Itamar referenced in its filing. Itamar is free to petition the Court for a protective order if it so desires.

Sincerely,

/s/ *Seth J. Donahoe*

Seth J. Donahoe
FOR THE FIRM