UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60719-CIV-DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV, and
VIRTUOX, INC.,

      Defendants.

_____/

## ORDER ON EXPEDITED DISCOVERY MOTION

THIS CAUSE is before the Court on Plaintiff Itamar's Motion for Extension and for Expedited Discovery in Connection with Ectosense's Motion to Disqualify Gene Kleinhendler and for Sanctions (the "Expedited Discovery Motion"). (ECF No. 183) The Honorable William P. Dimitrouleas referred all pretrial discovery matters to United States Magistrate Judge Lurana S. Snow for appropriate resolution pursuant to 28 U.S.C. § 636. (ECF No. 56) This Court denied Defendant Ectosense's Motion to Strike the Expedited Discovery Motion on procedural grounds and ordered Ectosense to file a substantive response no later than September 24, 2021. (ECF No. 195) The Expedited Discovery Motion is now ripe for review.[1]

_____

[1] On September 23, 2021, Plaintiff filed an Unopposed Motion for Clarification Regarding the Court's Order Denying Ectosense's Motion to Strike, requesting the opportunity to file a reply to Ectosense's substantive response. (ECF No. 196) The Court finds that the Expedited Discovery Motion, Ectosense's substantive response, and Plaintiff's original reply are sufficient to reach appropriate resolution. The Court notes that both parties had the opportunity to express their arguments in ten pages,

# I. BACKGROUND

On July 6, 2021, Plaintiff Itamar Medical Ltd. filed its Third Amended Complaint (ECF No. 121) against Defendants Ectosense *nv* and VirtuOx, Inc. asserting trademark infringement, unfair competition/false designation of origin, and false advertising under the Lanham Act, and unfair competition, deceptive trade practices, and trademark infringement under Florida law. (ECF No. 121 at 1) According to the Third Amended Complaint, Plaintiff develops, manufactures, and sells home sleep apnea tests that use its own proprietary peripheral arterial tone, or "PAT", technology. (ECF No. 121 at ¶ 1)  Ectosense is a digital health and medical device company that, like Plaintiff, focuses much of its attention on sleep disorders. (ECF No. 121 at ¶ 26)  Plaintiff seeks damages as well as other relief (ECF No. 121 at 35-38) for Ectosense's alleged continued use of, and association of its products with, the PAT name and proprietary PAT marks, even though Ectosense's products are not PAT devices and do not provide a PAT measurement. (ECF No. 121 at ¶ 32)

On September 3, 2021, Ectosense filed a Motion to Disqualify Counsel and Incorporated Motion for Sanctions (the "Motion to Disqualify") (ECF No. 181), marking Ectosense's third attempt to remove Gene Kleinhendler as Itamar's chosen counsel from this litigation. (ECF Nos. 140 and 176)  In support of the Motion to Disqualify, Ectosense produced Declarations of Mats Dahlqvist—a member of Ectosense's Board of Directors, and Arnold Benoot—the General Counsel of

---

which is far more than permitted under this Court's General Order on Discovery Procedures. Therefore, the Motion for Clarification for purposes of essentially filing a sur-reply is DENIED.

Saffelberg Investments *nv* (together the "Declarants"). (ECF Nos. 181-1 and 181-2) The parties agree that Mr. Kleinhendler contacted the Declarants prior to being admitted pro hac vice in the instant case. (ECF No. 187 at 6)  What is in dispute is whether these discussions amount to ex parte communications or ethical violations, warranting disqualification. (ECF Nos. 181 at 8-9 and 187 at 4-9)  On September 7, 2021, the Honorable William P. Dimitrouleas referred the Motion to Disqualify to Magistrate Judge Lurana S. Snow pursuant to 28 U.S.C. § 636. (ECF No. 182)

On September 10, 2021, Plaintiff filed the Expedited Discovery Motion, seeking an extension of time and permission to conduct expedited discovery pertaining to Mats Dahlqvist, Arnold Benoot, and Saffelberg Investments *nv* ("Saffelberg") "in order to adequately respond to Ectosense's Motion to Disqualify." (ECF No. 183 at 1) The Expedited Discovery Motion is time-sensitive and must be decided first in light of its relevance to the substance of the Motion to Disqualify Plaintiff's chosen attorney.

## II. <u>DISCUSSION</u>

### A. Plaintiff's Expedited Requests for Production of Documents Related to the Motion to Disqualify

Plaintiff initially requests that the Court shorten the time frame to ten (10) days for Ectosense to respond to the Plaintiff's Expedited Requests for Production of Documents Related to the Motion to Disqualify; allow the deposition of Mats Dahlqvist five (5) business days after the production of documents; expedite discovery as it relates to Saffelberg and Arnold Benoot or expedite the issuance of Letters Rogatory so that Plaintiff may pursue document requests and deposition testimony

of Saffelberg's representative and Arnold Benoot; extend the deadline for Plaintiff to respond to the Motion to Disqualify pending discovery; and any other just and proper relief. (ECF No. 183-5 at 1-2)   Ectosense has since agreed to serve responses and objections to Plaintiff's Expedited Requests for Production of Documents Related to the Motion to Disqualify by October 1, and responsive documents and a privilege log, if any, by October 14. (ECF No. 197 at 3)   Therefore, the undersigned finds that the dispute over the time frame for Ectosense to respond to the Plaintiff's Expedited Requests for Production of Documents Related to the Motion to Disqualify is adequately resolved.

## B. Expedited Discovery Relating to Mats Dahlqvist, Arnold Benoot, and Saffelberg

A request for expedited discovery is grounded in the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 26(d), a party is prohibited from seeking discovery before the parties meet and confer unless authorized by the court.  Similarly, a party must obtain leave of the court if that party seeks to take a deposition before the time specified in Fed. R. Civ. P. 26(d) and the parties have not stipulated to the deposition. Fed. R. Civ. P. 30(a)(2)(A)(iii).  Relying on this guidance, the Eleventh Circuit found that district courts have "broad discretion" in the timing and scheduling of discovery. Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1236 (11th Cir. 2001); see also Tracfone Wireless, Inc. v. Adams, 304 F.R.D. 672, 673 (S.D. Fla. 2015).

Although the Federal Rules do not provide a standard for determining whether expedited discovery is warranted, "courts have generally adopted one of two approaches in determining a party's entitlement to such discovery: (1) the

preliminary injunction-style analysis set out in <u>Notaro v. Koch</u>, 95 F.R.D. 403 (S.D.N.Y. 1982) or (2) a general 'good cause' or 'reasonableness' standard which allows expedited discovery when the need for it outweighs the prejudice to the responding party." <u>In re Chiquita Brands Int'l, Inc.</u>, No. 07-60821-CIV, 2015 WL 12601043, at *3 (S.D. Fla. Apr. 7, 2015).  Following the holdings of this Court, the undersigned adopts the "good cause" standard. <u>See, e.g.</u>, <u>In re Chiquita Brands Int'l, Inc.</u>, No. 07-60821-CIV, 2015 WL 12601043, at *4 (S.D. Fla. Apr. 7, 2015); <u>see also</u> <u>Fed. Trade Comm'n v. On Point Glob. LLC</u>, No. 19-25046-CIV, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020) (noting that while the Eleventh Circuit has not adopted a standard for determining expedited discovery, many district courts within the Eleventh Circuit, including the Southern District of Florida, have expressly used a general good cause standard).

Moreover, the party requesting expedited discovery has the burden of proving both the existence of good cause and that the need for discovery outweighs any prejudice to the opposing party. <u>In re Chiquita Brands Int'l, Inc.</u>, No. 07-60821-CIV, 2015 WL 12601043, at *3 (S.D. Fla. Apr. 7, 2015).  First, the requesting party may show good cause by establishing that "some impelling urgency" necessitates expedited discovery. <u>GE Seaco Servs., Ltd. v. Interline Connection, N.V.</u>, No. 09-23864-CIV, 2010 WL 1027408, at *1 (S.D. Fla. Mar. 18, 2010) (quoting <u>K.J. Schwartzbaum, Inc. v. Evans, Inc.</u>, 279 F. Supp. 422, 423-24 (S.D.N.Y. 1968).

Ectosense argues that Plaintiff should not be permitted discovery pertaining to the Declarants or Saffelberg because Mr. Kleinhendler admits that he made the

relevant communications "and he did not specifically deny having made any of the statements" alleged in the Declarations. (ECF No. 197 at 6)   This, however, mischaracterizes the dispute.   Plaintiff seeks discovery in order to clarify how the Declarants and Saffelberg <u>interpreted</u> their communications with Mr. Kleinhendler and to determine whether the Motion to Disqualify was an "after-the-fact fabrication" designed to divert attention from the merits of the instant case. (ECF No. 183 at 7) Plaintiff argues that Ectosense's Motion to Disqualify and Declarations in support are often contradictory and confusing, raising more questions than they answer. (ECF No. 183 at 7)   Plaintiff notes that if Ectosense in fact believed that its confidential papers had been unlawfully shared or that its investors had been threatened in April, it seems unlikely that it would have waited months to bring this to the Court's attention. <u>Id.</u>   Similarly, Plaintiff questions why the Declarants continued communicating with Mr. Kleinhendler in an amicable way if they felt threatened from the start. <u>Id.</u> at 8.   These are questions that go directly to the weight of the Declarations and Ectosense's Motion to Disqualify itself.

Additionally, from the Declarations and Ectosense's Motion to Disqualify, it is unclear what steps Saffelberg took in response to Mr. Kleinhendler's call. <u>Id.</u> Saffelberg's actions and internal documents may be relevant to the original interpretation of Mr. Kleinhendler's statements, and whether they can be viewed as ex parte or threatening communications.   Therefore, "[g]iven the gravity of the accusations being leveled against officers of the Court and the significant reputational harm they are facing" in the Motion to Disqualify, Plaintiff asserts that

discovery on these matters is urgent. Id. at 2. The undersigned finds that because the Declarants' and Saffelberg's interpretations of Mr. Kleinhendler's communications have been put at issue in the Motion to Disqualify, discovery on these matters is necessary and Plaintiff has demonstrated good cause.

This does not end the inquiry. The Court next must weigh Plaintiff's demonstrated good cause against any prejudice to Ectosense. In re Chiquita Brands Int'l, Inc., No. 07-60821-CIV, 2015 WL 12601043, at *5 (S.D. Fla. Apr. 7, 2015). Based on the gravity of the accusation and the fact that Ectosense voluntarily placed Dahlqvist and Benoot's statements directly at issue, the need for discovery on these issues outweighs any minor prejudice to Ectosense of producing the Declarants and any relevant documents.

As Plaintiff squarely puts it, Ectosense cannot fairly "have its cake and eat it too." (ECF No. 189 at 4); see also S.E.C. v. Wall Street Capital Funding, LLC, 2011 WL 2295561 (S.D. Fla. June 10, 2011) (finding that a party cannot use a privilege defense as a "sword and a shield" by cherry-picking the communications it discloses). Ectosense cannot be permitted to rely on testimony without Itamar having the opportunity to test that testimony through discovery. This does not mean that all communications of the Declarants and Saffelberg are discoverable. Rather, it means that all non-privileged communications and notes that are in the possession of Dahlqvist, Benoot, or Saffelberg concerning Mr. Kleinhendler are discoverable. Accordingly, the undersigned finds that expedited discovery is warranted with

respect to the deposition of Mats Dahlqvist, the deposition of Arnold Benoot, and discovery pertaining to Saffelberg related to the Motion to Disqualify.

The deposition of Mats Dahlqvist shall take place no later than five (5) business days after Ectosense's production of responsive documents to Plaintiff's Expedited Requests for Production. Within ten (10) days from the date of this Order, Saffelberg shall provide to Plaintiff responsive, non-privileged phone calls, emails, recordings, and notes referencing Mr. Kleinhendler between April 12, 2021 to the present that are in its possession, and shall produce Arnold Benoot for deposition within ten (10) days thereafter. Within this expedited time frame, the parties are to select a mutually agreeable date and time to conduct the depositions.

The Court notes Ectosense's argument that the issuance of Letters Rogatory is premature. (ECF No. 197 at 6-7) The undersigned will defer ruling on the Letters Rogatory issue at this time to allow the parties to confer and agree on procedures to comply with this Order since scheduling issues should not necessitate the Court's intervention. However, the undersigned notes that if Ectosense continues to rely on Declarations of foreign individuals, it must assist in facilitating depositions of the Declarants on the issues pertaining to the Motion to Disqualify. Similarly, Saffelberg should produce any responsive, non-privileged phone calls, emails, recordings, and notes referencing Mr. Kleinhendler between April 12, 2021 to the present that are in its possession.

**C. Request for extension of deadline to respond to Ectosense's Motion to Disqualify**

Plaintiff also initially requested an extension of time to respond to Ectosense's Motion to Disqualify. (ECF No. 183 at 11)  The undersigned previously found that this request was moot in light of Plaintiff Itamar's timely Response. (ECF No. 188) Plaintiff now requests leave of Court to file a supplement after the expedited discovery is completed. (ECF No. 183 at 9)  Subsequent to the completion of expedited discovery, both parties will be permitted to file a five-page supplement with any attached discovery that the parties intend to present to the Court at an evidentiary hearing to be scheduled by separate Order.

## III. CONCLUSION

After careful review of the Motions, the Response, and the Reply thereto, the court file, and applicable law, it is hereby

ORDERED AND ADJUDGED as follows:

(1)  Plaintiff's Motion for Extension and for Expedited Discovery in Connection with Ectosense's Motion to Disqualify Gene Kleinhendler and for Sanctions (ECF No. 183) is GRANTED IN PART and DENIED IN PART.  The Expedited Discovery Motion, with respect to Plaintiff's Expedited Requests for Production is denied as moot in light of Ectosense's agreement to a shortened time frame.  Ectosense must serve responses and objections to Plaintiff's Expedited Requests for Production by October 1, 2021, and responsive documents and a privilege log by October 14, 2021.

(2) The Expedited Discovery Motion, with respect to Plaintiff's request to extend the deadline to respond to Ectosense's Motion to Disqualify is also denied as moot in light of Plaintiff's timely response.  However, the parties may supplement their initial arguments after the completion of the expedited discovery.

(3) The Expedited Discovery Motion is granted with respect to the deposition of Mats Dahlqvist, the deposition of Arnold Benoot, and discovery pertaining to Saffelberg related to the Motion to Disqualify.  The deposition of Mats Dahlqvist shall take place no later than five (5) business days after Ectosense's production of responsive documents to Plaintiff's Expedited Requests for Production.  Within ten (10) days from the date of this Order, Saffelberg shall provide to Plaintiff responsive, non-privileged phone calls, emails, recordings, and notes referencing Mr. Kleinhendler between April 12, 2021 to the present that are in its possession, and shall produce Arnold Benoot for deposition within ten (10) days thereafter.  Within this expedited time frame, the parties are to select a mutually agreeable date and time to conduct the depositions.

(4) The Unopposed Motion for Clarification Regarding The Court's Order Denying Ectosense's Motion to Strike  (ECF No. 196) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 29th day of September 2021.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record