UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20–cv–60719–WPD

ITAMAR MEDICAL LTD.,

                Plaintiff,

v.

ECTOSENSE NV, VIRTUOX INC.,

                Defendants.

**PLAINTIFF ITAMAR'S SUPPLEMENTAL RESPONSE TO ECTONSENSE NV'S MOTION TO DISQUALIFY GENE KLEINHENDLER AND FOR SANCTIONS**

1

Plaintiff Itamar Medical Ltd. pursuant to this Court's Order dated September 29, 2021 (ECF No. 204), files this supplemental response in opposition to Ectosense's Motion to Disqualify Gene Kleinhendler and Incorporated Motion for Sanctions (the "Motion to Disqualify") (ECF No. 181), and files the discovery listed in the Index attached as **Exhibit 1**.

## INTRODUCTION

The expedited discovery confirmed what Itamar asserted all along—there is no legal or factual basis for the Motion to Disqualify. It is now completely clear that the original premise of Ectosense's motion, that Itamar and Mr. Kleinhendler violated the Court's protective order, is entirely false. Contrary to Ectosense' s claims, the documents and testimony reveal that, rather than feeling threatened, intimated or extorted, Ectosense was actually trying to gain an advantage in this litigation through Mr. Kleinhendler's communications with Saffelberg. The Court should deny the Motion to Disqualify in its entirety and enter sanctions against Ectosense and its counsel.[1]

## ARGUMENT

### I. Ectosense Cannot Meet the High Standard Required for Disqualification.

Disqualification motions "are highly disfavored" because of the substantial potential for strategic abuse. *Brown v. Blue Cross & Blue Shield of Fla., Inc.,* No. 11–80390–CIV, 2011 WL 11532078, at *3 (S.D. Fla. Aug. 8, 2011), *aff'd sub nom. Brown v. Blue Cross Blue Shield of Fla., Inc.,* 456 F. App'x 854 (11th Cir. 2012). The standard in this Circuit is "clear and convincing evidence." *Schlumberger v. Wiley*, 113 F.3d 1553, 1562 (11th Cir. 1997).[2] Despite three attempts,

---

[1] The Court should award Itamar its attorneys' fees and costs incurred in voluminous motion practice, multiple meet and confer conferences, and expedited discovery addressing Ectosense's three motions directed at barring Mr. Kleinhendler from this case. Contemporaneously with this filing, Itamar is filing a Motion for Sanctions to that effect.

[2] The 11th Circuit recognizes two relevant attorney disqualification standards. The first applies "[i]f the conduct at issue threatens disruption of the court proceedings [such as] in–court misconduct . . . or is a deliberate challenge to the authority of the district court [such as] [an]

2

Ectosense has failed to prove Mr. Kleinhendler's conduct disrupted the orderly administration of this case. Ectosense has also failed to show that Mr. Kleinhendler engaged in unethical conduct that merits disbarment. Instead, the only thing that has been shown to any degree of certainty is Ectosense's improper motive for seeking disqualification.

### II. Mr. Kleinhendler Did Not Engage in Disruptive Conduct.

Ectosense argues Mr. Kleinhendler's conduct "disrupts the orderly administration of this case" because Mr. Kleinhendler "violated the Court's Confidentiality Order" by reviewing AEO documents. (ECF No. 181, at 8.) For this argument, Ectosense relies solely on the fact that Mr. Kleinhendler stated that he reviewed Ectosense's FDA "submission." *See* Exhibit C, Dahlqvist Dep. 26:5–6; Exhibit D, Benoot Dep. 40:17–25. As explained in his sworn declaration, however, the "FDA submission" or application Mr. Kleinhendler was referring to was the 510(k) summary, a public document. (*See* ECF No. 144–1, at ¶ 6). Ectosense, the party with the burden of proof, has not come forward with any evidence that Mr. Kleinhendler was referring to AEO documents. Mr. Kleinhendler categorically denies it and so does Itamar's prior counsel, Latham & Watkins LLP. *See* ECF No. 144-1, and Declaration of Allen Gardner, (ECF No. 183-4).[3] Ectosense has not, and cannot, come forward with any evidence to contradict these statements. Mr. Arnold Benoot and Mr. Mats Dahlqvist both acknowledge that Mr. Kleinhendler never stated that he reviewed AEO documents. *See* Ex. C at 27:16–19; Ex. D at 40:10–13. Mr. Benoot and Mr. Dahlqvist also concede that they have no independent, personal knowledge that Mr. Kleinhendler

---

attorney deliberately advising client to disobey the district court's protective order[.]" *Schlumberger v. Wiley,* 113 F.3d 1553 (11th Cir. 1997). The second applies where the movant demonstrates a "violation of specific Rules of Professional Conduct[.]" *In re BellSouth Corp.,* 334 F.3d 941, 958 (11th Cir. 2003). Precedent "requires a showing of unethical conduct of such a nature as to justify disbarment of a lawyer . . . in order to justify the denial of an applicant's *pro hac vice* admission." *Schlumberger,* 113 F.3d at 1562–63.

3      *See* **Exhibit A** and **Exhibit B**, respectively.

3

reviewed AEO material. *See* Ex. C at 28:7-13; Ex. D at 37:1-40:25; 105:17-106:3. Both witnesses stated they would not even have any way of knowing what was an AEO document as opposed to a public document. *See* Ex. C at 20:18–25; Ex. D 78:24-80:2. Ectosense relies only on wild assumptions and baseless accusations, none of which provides legal grounds for disqualification.

### III.   Mr. Kleinhendler Did Not Engage in Unethical Conduct.

Ectosense also contends that "Mr. Kleinhendler engaged in a prohibited *ex parte* communication" by contacting Mr. Dahlqvist and such conduct "merits disqualification" under Fla. Bar R. 4–4.2. (ECF No. 181, 8–9.) Again, Ectosense fails to meet its burden, and the discovery conclusively demonstrates that this allegation is also false. Because Mr. Kleinhendler was mindful of the prohibition against contacting parties who are represented by counsel, he reached out to Mr. Dahlqvist—an independent director who was not in any executive positions at Ectosense, with no involvement in the day–to–day operations, and with no responsibility for supervising or directing the litigation between Ectosense or Itamar. *See* Ex. C at 9:24–10: 20. The reason Mr. Kleinhendler contacted Mr. Dahlqvist was to obtain an introduction to Saffelberg's in–house legal counsel. This is supported by Mr. Dahlqvist's own notes stating "who is the right person to talk to" and "someone at Saffelberg who would like to discuss with him" and "wants to speak with an attorney." (*See* **Exhibit E**); *see also* Ex. C at 25:2–18; 30:23–31:24. The purpose of Mr. Kleinhendler's contact with Mr. Dahlqvist was to obtain an introduction to Saffelberg's counsel, and the substantive discussions were directed entirely to Mr. Benoot, a lawyer. (*See* ECF Nos. 181–3 and 181–4; *see also* ECF No. 183–2, **Exhibit F**.) Mr. Kleinhendler's limited contact with Mr. Dahlqvist was appropriate, not intimidating and not extortionate.  *See* Ex. C at 34:15; 39:30-40:24; 58:2-25.

Moreover, Mr. Kleinhendler did not make a false statement of material fact or engage in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Florida Bar Rules

4885-0096-3586.1

4–4.1 and 4–8.4(c). As explained above and in his Declaration, Mr. Kleinhendler did not lie about the FDA submission he reviewed. Ectosense simply jumped to a conclusion that he reviewed AEO materials, never verified it and has been running with its baseless theory ever since. Instead of directly asking Mr. Kleinhendler what he reviewed as one would do if legitimately concerned about a breach of a protective order, Mr. Benoot admits he "played" Mr. Kleinhendler to get an admission by further engaging with him. *See* Ex D at 59:18–65:15. This concocted theory is not a legitimate basis for disbarment, and Ectosense has not come forward with any evidence to support its accusation that Mr. Kleinhendler violated these rules. Mr. Benoot unequivocally denied that Mr. Kleinhendler knowingly made a false representation to Saffelberg in the letters dated April 22, 2021 and May 10, 2021. Accordingly, Ectosense has failed to establish Mr. Kleinhendler engaged in dishonest conduct by the heightened "clear and convincing" standard established by precedent. *Schlumberger,* 113 F.3d at 1562.

Finally, Ectosense argues Mr. Kleinhendler violated Rule 4–3.4(g) by threatening criminal prosecution to gain advantage in civil litigation. Mr. Kleinhendler made it clear that his contacts with Saffelberg were not intended to intimidate or threaten, *See* Ex. A, at ¶ 12. Discovery has revealed that Ectosense and Saffelberg not only did not feel threatened or intimidated, but in fact saw the contact as an opportunity to gain an advantage in the litigation for itself. *See* **Exhibit G**.[4] In paragraph 4 of its Motion to Disqualify, Ectosense claimed that "[g]iven the intensity and gravity of Mr. Kleinhendler's accusations, [Mr. Dahlqvist] immediately notified Saffelberg, and Mr. Arnold Benoot then immediately called Mr. Kleinhendler." (ECF No. 181 at 3, ¶4.) That is not what happened. Rather than contacting Saffelberg or his own lawyer to report or warn about a

---

[4]   Exhibit G contains both the original Dutch version and a certified English translation of the email communications between Ectosense and Saffelberg on April 14, 2021, following Mr. Kleinhendler's initial call that was purportedly considered a "threat."

threating phone call, Mr. Dahlqvist immediately called Ectosense's co-founder, Bart Van Pee. *See* Ex. C at 37:10–12. In response, Mr. Van Pee wanted Saffelberg to coordinate a call with Mr. Kleinhendler as soon as possible. Two days after the purported "threatening" call, Mr. Van Pee sent an e–mail to one of Saffelberg's Directors, Luc Ossalaer, anxiously asking if Saffelberg had made an appointment with Mr. Kleinhendler yet. *See* Ex. G. While the email is in Dutch, Mr. Benoot translated the email as follows: **"If we can do this today or tomorrow and have a meeting with him, that would be a huge gain to our litigation. I can inform you through phone."** Ex. D at 29:9–31:24. This is not the way a person who feels threatened responds. In fact, based on emoji-filled messages within Ectosense, they took this as a joke, not extortion. *See* **Exhibit H.** From the outset, Ectosense planned to use Mr. Kleinhendler's careful contact with Mr. Dahlqvist and Saffelberg as a means to gain an advantage in the lawsuit. Instead of calling a lawyer or telling Mr. Kleinhendler to stop what they now claim was extortionist conduct, Saffelberg invited Mr. Kleinhendler to send the April 22 and May 10 letters.[5] The witnesses confirmed that Mr. Kleinhendler never raised the prospect bringing criminal charges and never threatened to go to the authorities if Ectosense did not take a certain action in this litigation. *See* Ex. D at 89:20–92:15; Ex. C at 42:5–43:4. Moreover, Ectosense claims "Mr. Kleinhendler['s] . . . goal was to obtain pecuniary advantage over Ectosense by cutting of a source of funding." ECF No. 181, at 10. However, Saffelberg never withheld funding to Ectosense that it was planning to provide as a result of the communications from Mr. Kleinhendler. *See* Ex. D at 110:23–111:18.

In sum, Mr. Benoot and Mr. Dahlqvist did not feel threatened by Mr. Kleinhendler, and Mr. Kleinhendler did not violate any ethical rules in his communications. Ectosense's Motion to Disqualify should be denied in its entirety so the parties can focus on the real issues in this case.

---

[5] *See* **Exhibits I** and **J**; Ex. D at 45:8-46:8; 67:19-68:13; 77:12-25; 89:10-16; 102:2-104:24.

Dated: November 10, 2021                                  Respectfully submitted,

                                                              */s/ Laura Ganoza*
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482–8400

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 10th day of November 2021, a true and correct copy of the foregoing was electronically served on all counsel of record as listed in the Service List below.

                                                              */s/ Laura Ganoza*
                                                              Laura Ganoza

## SERVICE LIST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20–cv–60719– DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*


**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co–Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
aromes@foley.com
avargas@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*

**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk–ad.com
Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk–ad.com

*Co–Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene@ghavimi@klgates.com
(*admitted pro hac vice*)
Stewart Mesher
stewart.mesher@klgates.com
(*admitted pro hac vice*)

*Counsel for Defendant VirtuOx, Inc.*

4885-0096-3586.1