# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60719- DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

    Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

    Defendants.

## DECLARATION OF ALLEN GARDNER

1. My name is Allen Gardner. I am over the age of 18 and competent to offer this sworn Declaration. I make these statements based on my own personal knowledge, based on documents I have personally reviewed, authored and/or received, and based on discussions with my colleagues at Latham & Watkins.

2. I am a partner in the Washington D.C. office of Latham & Watkins and served as lead counsel to Itamar in this case from its filing until July 7, 2021.

3. I am and have been acutely aware of the Stipulated Protective Order (ECF No. 66) in this case. Latham & Watkins has never violated the Stipulated Protective Order and has never shared AEO documents with Itamar or with Gene Kleinhendler.

4. I have reviewed Ectosense's motion to reconsider the pro hac vice admission of Mr. Kleinhendler and was shocked that Ectosense continues to press its allegation that anyone at Latham provided Mr. Kleinhendler or Itamar AEO documents. Ectosense made this insinuation

4849-7463-0902.1

in connection with a prior Itamar motion to compel, and we made it clear to Ectosense and its counsel (and the Court) then that the allegation was completely false. *See* ECF No. 112 at 4.  We never heard anything more about this issue and assumed that Ectosense and its counsel had realized they had no good faith basis to continue making this spurious claim.

5. Itamar's motion to de-designate AEO documents produced by Ectosense had nothing to do with Mr. Kleinhendler, and it certainly was not motivated by, as Ectosense suggests in its reconsideration motion, a desire to rectify or cover up a violation of the Stipulated Protective Order.

6. I am aware that Ectosense has suggested that Latham & Watkins withdrew from its representation of Itamar over concerns or discomfort relating to Mr. Kleinhendler or to alleged violations of the Stipulated Protective Order. That is completely false. If anyone at Ectosense or its counsel had questions about the reasons for our motion to de-designate or our withdrawal as counsel, they could have simply asked and we would have told them. That they did not even bother with an email or a phone call to me or anyone else at Latham involved in this matter before making defamatory claims again in their latest filing should tell the Court all it needs to know.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2021

_____
Allen Gardner

4849-7463-0902.1