IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60719- DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

       Plaintiff,

v.

ECTOSENSE NV, and VIRTUOX, INC.,

       Defendants.

### ITAMAR MEDICAL LTD.'S MOTION FOR SANCTIONS
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Itamar Medical Ltd. ("Itamar"), through and by its undersigned counsel, hereby moves this Court to impose sanctions against Defendant Ectosense *nv* ("Ectosense") and its counsel, George Walker, Seth Donahoe and the law firm of Tripp Scott P.A., for filing repeated, frivolous motions to remove Mr. Gene Kleinhendler as Itamar's counsel and refusing to withdraw its factually and legally baseless Motion to Disqualify Gene Kleinhendler (ECF No. 181) ("Motion to Disqualify"). In further support thereof, Itamar states as follows:

### INTRODUCTION

Ectosense's decision to file these highly inflammatory motions accusing Itamar's attorney of a willful violation of a Court order and of extortion, based on nothing more than conjecture and supposition, is objectionable conduct that should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or this Court's inherent authority. Despite multiple "meet and confer" discussions, and Itamar's submission of sworn declarations refuting Ectosense's accusations, Ectosense failed to withdraw the Motion to Disqualify and persists in its baseless

accusations against officers of the Court. Expedited discovery further revealed that the Motion to Disqualify is legally and factually baseless. The evidence indicates that, rather than feeling threatened, intimidated, or extorted, Ectosense sought to gain an advantage in this litigation by leveraging Mr. Kleinhendler's conversations with Saffelberg.[1] This Court should sanction Ectosense and its counsel by admonishing Ectosense for violating Rule 11 and unnecessarily multiplying these proceedings, and by awarding Itamar attorneys' fees and costs incurred in having to conduct expedited discovery, and file this Motion (the "Sanctions Motion") and in connection with each of the three motions directed at removing Mr. Kleinhendler as counsel (ECF Nos. 140, 176 and 181).[2]

## PROCEDURAL BACKGROUND

Without any supporting evidence and in direct contravention of the sworn statements of the only parties with actual knowledge of what transpired, Ectosense contends that Itamar's prior counsel, Latham & Watkins, LLP ("Latham"), intentionally disclosed Attorney's Eyes Only (AEO) information to Mr. Kleinhendler, in violation of the Court's Confidentiality Order (ECF No. 66), and then tried to cover it up by filing a motion to de-designate the AEO designation from the documents that were surreptitiously disclosed. Latham categorically refuted this accusation at least twice. *See* ECF Nos. 112 at p. 4[3] and 183-4). Mr. Kleinhendler did too, in a sworn declaration

---

[1]  Itamar's Supplemental Response to Ectosense's Motion to Disqualify, (ECF No. 216), details what discovery on this issue revealed. Ectosense had no factual basis for seeking disqualification, and, instead, it is being used as a strategic litigation tactic.

[2]  In the event the Court grants this Motion as to Itamar's entitlement to attorneys' fees and costs, Itamar will submit affidavits to the Court regarding the reasonableness of the total hours expended on and fees and costs sought in connection with the all the motion practice and discovery related to Ectosense's various motions to remove Mr. Kleinhendler from this case.

[3]  In connection with the briefing on the motion to de-designate certain AEO documents, Latham stated as follows: "Most egregiously, Ectosense attempts to detract from the actual legal issues by implying that Itamar's counsel shared the AEO documents with Itamar or 'an attorney named Gene Kleinhendler'—despite Ectosense's assertion that it is 'does not mean to suggest that.' Resp. at 6 & n.1. The only implication from Ectosense's statements—that Ectosense produced the documents 'only for use in this case pursuant to the protective order,'" and that the

(ECF Nos. 144-1 and 187-1) and in two conferences with Ectosense's counsel, one on August 11, 2021 and another on September 17, 2021. This should have been enough to stop Ectosense's pursuit of this ludicrous theory. It did not.

On July 12, 2021, Ectosense served Itamar with its Third Request for Production requesting the following documents as Request No. 59:

> Provide all documents and communications regarding Ectosense's submissions and communications with and to the FDA that Ectosense produced as Attorneys' Eyes Only including, without limitation, all documents and communications exchanged with Gene Kleinhendler that led to Mr. Kleinhendler, acting on behalf of Itamar, accusing Ectosense of fraud and threatening Saffelberg with criminal prosecution.

On August 11, 2021, Itamar responded "None" to Request No. 59 because there were no such AEO documents exchanged with Mr. Kleinhendler. This, too, should have been enough for Ectosense to cease its accusations. Ectosense, however, did not even wait to receive Itamar's response before filing the Motion to Reconsider Mr. Kleinhendler's *pro hac vice* admission ("Motion to Reconsider") (ECF No. 140). Instead, on July 28, 2021, Ectosense filed its first Motion to Reconsider, leveling absurd charges of conspiracy and extortion without a sliver of evidence.

Ectosense's initial Motion to Reconsider was rejected. Judge Dimitrouleas denied the motion without prejudice "to file a motion that complies with the requirements of S.D. Fla. L.R. 7.1.A.3, which requires the moving party to certify that he has conferred, or describes a reasonable effort to confer, with the parties affected in a good faith effort to resolve the dispute." (ECF No. 155).

Rather than participate in a good faith discussion of the substance and evidence supporting Ectosense's motion, Ectosense wrote a letter indicating that it had already made up its mind and

---

"chronology of Itamar's conduct . . . is extremely concerning,' Resp. at 6—is that Itamar's counsel improperly shared the documents with Itamar. That suggestion is completely false, and Itamar's counsel should not have to address such baseless accusations." ECF No. 112 at 4.

would proceed with the motion: "Barring a completely unforeseeable revelation or statement on behalf of Itamar or Mr. Kleinhendler, which is not altogether <u>completely</u> impossible, even if extremely unlikely, Ectosense is committed to raising these matters with the Court. We remain open to hearing what you have to say, but the burden of convincing Ectosense does not rest on our shoulders." Letter from Ectosense's counsel to Itamar's counsel dated August 9, 2021, a copy of which is attached hereto as **Exhibit A**. (emphasis in original).

Nonetheless, Itamar attempted to engage is a good faith conference with Ectosense on August 11, 2021, reiterating the fact that Latham and Mr. Kleinhendler did not violate a Court order and did not conspire to cover it up, and denying the outlandish accusation that Mr. Kleinhendler attempted to extort Ectosense or its investor Saffelberg Investments *nv* ("Saffelberg").  Despite the lack of evidence and dearth of supporting legal authority, Ectosense proceeded to file a Renewed Motion to Reconsider Mr. Kleinhendler's *pro hac vice* admission ("Renewed Motion to Reconsider") on August 23, 2021.  ECF No. 176.

The Renewed Motion to Reconsider was summarily rejected three days later (and on the very same day the matter was referred to Magistrate Judge Snow). ECF No. 179.  In that Paperless Order dated August 26, 2021, the Court denied the Renewed Motion to Reconsider without prejudice because "Defendant has not filed the appropriate Motion for the relief requested within its Motion." *Id.*  This Court then instructed Ectosense on the appropriate motion, if any, that should be presented to the Court, but only "after a careful review of the applicable standards." *Id.*  The Court ordered Ectosense to "cite to case law regarding disqualification of counsel and the sanctions being requested, including authority under which the requested sanctions are warranted" and warned that "[t]he standards for the various requests for relief should also be clearly identified." *Id.*

4835-4690-9435.3

Despite the overwhelming case law and legal standards directly contradicting the relief being sought, on September 3, 2021, Ectosense filed the Motion to Disqualify (ECF No. 181), the third motion directed at removing Mr. Kleinhendler from this case. Even though Ectosense has had multiple chances to develop a factual and legal basis for removing Mr. Kleinhendler as counsel, Ectosense has not met and cannot fulfill its legal burden in obtaining the exceptional relief sought in the application. Indeed, discovery has confirmed no legal basis for disqualifying Mr. Kleinhendler, sanctioning Itamar, or entering judgment against Itamar on the merits. This entire unjustified process of removing Itamar's selected counsel from the case was a tactical ploy designed to divert attention and resources away from the case's substantive issues and paint Itamar and its counsel in a negative light. The Court should impose sanctions on Ectosense for squandering time and money on three frivolous motions and exhausting this Court's judicial resources on wholly unnecessary motion practice.

## MEMORANDUM OF LAW

**I.     The Court Should Impose Sanctions under Rule 11 of the Federal Rules of Civil Procedure.**

"Rule 11 sanctions are properly assessed '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.'" *Massengale v. Ray,* 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they

5

are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (citing *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir. 1992)). "Accordingly, the court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing." *Jones v. Int'l Riding Helmets, Ltd.*, at 694-95.

"If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Id.* at 695. "A factual claim is defined as frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." *Lawson v. Sec'y Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014). "When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1308 (S.D. Fla. 2011) *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012).

In this case, Rule 11 sanctions are proper because (1) Ectosense filed motions that had no reasonable factual basis; (2) Ectosense's motions are based on a legal theory that has no reasonable chance of success;[4] and/or (3) Ectosense's motions were filed in bad faith for an improper purpose.

As detailed in Itamar's responses to Ectosense's motions (ECF Nos. 144 and 187), Ectosense's allegations are based on wild conjecture and, at best, circumstantial evidence. They are not based on any reasonable factual basis. In fact, they are contradicted by sworn declarations of both Mr. Kleinhendler and Latham, the only two parties who have actual knowledge of the documents exchanged between them. In addition, the written communications between Saffelberg

---

[4]   Ectosense does not argue that it is advancing a reasonable argument to change existing law.

and Mr. Kleinhendler do not in any way evidence that Saffelberg felt threatened or intimidated. To the contrary, Mr. Benoot, Saffelberg's General Counsel, communicated with Mr. Kleinhendler for almost a month after he was purportedly threatened and intimated, but he never expressed those feelings to Mr. Kleinhendler.  *See* Email Chain between Mr. Kleinhendler and Mr. Benoot dated April 20, 2021 to May 24, 2021, attached as **Exhibit B**.  Indeed, Mr. Benoot was the party inviting Mr. Kleinhendler to continue the conversation.  *See* Ex. B, April 29, 2021 email from Mr. Benoot to Mr. Kleinhendler.  In short, there is no reasonable factual basis for Ectosense's motions

Ectosense has no legal theory with any chance of success either.  *See generally* ECF Nos. 144 and 187 (citing legal authority establishing the utter lack of legal basis for Ectosense's motions).  It is undisputed that Ectosense bears the burden of demonstrating Mr. Kleinhendler's conduct by clear and convincing evidence in order to obtain the relief it seeks. *See Georgia Power v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (denying a motion for civil contempt because movant failed to establish violation by clear and convincing evidence).  Yet, Ectosense based its motions on nothing more than circumstantial evidence.  In the Eleventh Circuit, however, circumstantial evidence is insufficient to support a claim of intentional violation of a court order. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1243 (11th Cir. 2007) (circumstantial evidence is insufficient for a reasonable fact finder to find that the plaintiffs' lawyers willfully violated a protective order by making unauthorized statements to a reporter).  It is also ineffective to support the draconian sanction of disqualifying an attorney.  Such relief "ought never be exercised except in *clear* cases of misconduct."  *Schlumberger Tech., Inc. v. Wiley*, 113 F.3d 1553, 1562 (11th Cir.1997) (emphasis in the original). In short, there is no legal basis for Ectosense's motions to remove Mr. Kleinhendler as counsel or for entry of judgment against Itamar in this case.

Finally, Ectosense's and its counsel's actions are a case study in why motions to disqualify are prone to strategic abuse and "are highly disfavored" by this Court.  *Brown v. Blue Cross &*

4835-4690-9435.3

*Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *3 (S.D. Fla. Aug. 8, 2011), *aff'd sub nom. Brown v. Blue Cross Blue Shield of Fla., Inc.*, 456 F. App'x 854 (11th Cir. 2012). Ectosense jumped to conclusions based on nothing more than alleged "temporal proximity," and, in the process, attempted to stain the reputation of multiple officers of the court. Despite multiple opportunities to abandon its efforts, Ectosense continued to smear Itamar's counsel and disrupt these proceedings with three baseless motions.[5] Given the lack of factual basis and lack of legal basis, the only conclusion to be made is that Ectosense and its counsel filed these motions in bad faith and with the aim of harassing Itamar. *See Hamilton Grp. Funding, Inc. v. Basel*, No. 16-61145-CIV, 2018 WL 3546242, at *7 (S.D. Fla. July 24, 2018) (granting sanctions against counsel for failing to conduct reasonable diligence in researching the law before filing a motion to disqualify).

Under any of these grounds, the Court should find that Rule 11 sanctions against Ectosense and its counsel are proper.

**II.     Under 28 U.S.C. § 1927, Itamar is Entitled to Attorney's Fees Incurred as a Result of Ectosense's Frivolous Claims.**

Sanctions are also warranted against Ectosense and its counsel under 28 U.S.C. § 1927 because, by maintaining claims in this action that are clearly unsupported, Ectosense engaged in unreasonable and vexatious conduct that multiplied the proceedings. Ectosense should be responsible for Itamar's attorney's fees since the receipt of the Motion for Reconsideration of the Order Granting Gene Kleinhendler's Motion for *Pro Hac Vice* Admission on July 28, 2021, the first motion seeking to remove Mr. Kleinhendler as Itamar's counsel in this case.

---

[5] In addition to warning about the prospects for sanctions during the calls on August 11 and September 17, by letter dated September 20, 2021, and pursuant to Rule 11(c)(2), Itamar gave Ectosense notice of its intent to file this Motion, and a 21-period day period to withdraw the Motion to Disqualify. Ectosense refused to do so and the parties continued to incur unnecessary fees and costs.

Statutorily, counsel is liable for any excessive costs he induces the opposing party to incur. See 28 U.S.C. § 1927. Section 1927 states

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

"[T]his section is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Rather, "[t]o justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (emphasis in original). "Sanctions are not warranted, however, simply because counsel's performance did not rise to the highest standards of the profession." *Smith v. Grand Bank & Trust of Florida*, 193 F. App'x 833, 836 (11th Cir. 2006) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Therefore, something more than a lack of merit is required; "'[b]ad faith' is the touchstone." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

Bad faith is present "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003); *see also Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

In the present matter, Ectosense and its counsel exhibited bad faith by filing multiple unsubstantiated motions lacking the level of clear and convincing evidence indisputably required to seek the relief they were requesting. *See Young Apts., Inc. v. Town of Jupiter, Fla.*, 503 F.

App'x. 711, 725 (11th Cir. 2013) (the bad-faith standard under § 1927 "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims").

Indeed, courts routinely award § 1927 fees against attorneys who repeatedly file meritless motions while knowing that such claims fail as a matter of law. That is precisely what Ectosense did here by filing *three* motions requesting this Court to take a serious action based upon speculation and unsupported facts. *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1308 (S.D. Fla. 2008) (holding that the defendant was entitled to fees pursuant to § 1927 after the plaintiff's counsel was advised that the plaintiff did not have a valid claim, yet the plaintiff's counsel continued to litigate the case, clearly multiplying the proceedings and justifying a finding of bad faith); *Scelta v. Delicatessen Support Servs.*, 146 F. Supp. 2d 1255, 1271 (M.D. Fla. 2001) ("[W]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest.") (internal quotation omitted).

As set forth above, Ectosense's accusations against Itamar and its counsel are factually and legally meritless. Despite sworn statements contradicting its allegations and with knowledge of the heightened standards applicable to such grievous claims (such as the crime of extortion), Ectosense filed, not one, but *three* motions directed removing Mr. Kleinhendler from this case. Two motions were summarily denied, the latter with an admonition to re-file only "after a careful review of the applicable standards." ECF No. 179. Defying that order, Ectosense continued to unnecessarily and vexatiously multiply these proceedings forcing Itamar to devote time and resources in order to clear Mr. Kleinhendler's name. This kind of behavior not only harasses and prejudices Itamar, it also wastes this Court's time and resources. As a result, Ectosense's improper behavior also warrants sanctions under § 1927.

### A. This Court Possesses Inherent Authority to Grant Sanctions against Ectosense, and the Court Should Exercise its Authority in Light of Ectosense's Bad-Faith Conducts.

In addition to Rule 11 and § 1927, this Court should use its inherent authority to issue sanctions against Ectosense for its bad faith attempt to delay the lawsuit by filing a motion to disqualify and impugn upon the character of Mr. Kleinhendler with serious and inflammatory accusations of extortion. It is "firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted). "The imposition of sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Id.* at 46 (cleaned up).

"The inherent power 'is both broader and narrower than other means of imposing sanctions.' While the other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" *Peer v. Lewis*, 606 F.3d at 1314 (quoting *Chambers*, 501 U.S. at 46). Jurists are cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

A court's inherent powers to sanction allow it to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (internal quotation marks omitted). Thus, "[t]he key to unlocking a court's inherent power is a finding of bad faith. When considering sanctions under the court's inherent power, the threshold of bad faith

conduct 'is at least as high as the threshold of bad faith conduct for sanctions under § 1927.'" *Peer v. Lewis*, 606 F.3d at 1316 (internal citation omitted) (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (finding bad faith "where an attorney knowingly or recklessly raises a frivolous argument . . . for the purpose of harassing an opponent").

Ectosense urges this Court to find Itamar's lawyers in contempt of court and to remove Mr. Kleinhendler as Itamar's counsel based on nothing more than conjecture. Given the gravity of the charges levied against Court officers and the enormous risk of reputational harm, Ectosense should have exercised greater caution and diligence in investigating the basis of its claim prior to leveling serious and inflammatory allegations against Mr. Kleinhendler. Failure to do so clearly constitutes bad faith behavior on the part of Ectosense and its counsel.

Given the potential for gamesmanship, filing a motion for disqualification for improper reasons or without proper support—or both—warrants sanctions. *See e.g., In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008) (holding the seriousness of allegations that counsel had committed fraud on court, coupled with minimal investigation conducted by counsel before making these allegations, supported a finding of bad faith and warranted sanctions under the court's inherent authority); *Patsy v. Patsy*, 666 So. 2d 1045, 1046-47 (Fla. 4th DCA 1996) (affirming sanctions against counsel under inherent authority of court where "motion to disqualify had no factual basis, was filed solely to delay the proceedings, and was a sham").[6] Sanctions are "especially appropriate

---

[6] Courts in other jurisdictions have also issued sanctions against the party and/or its counsel filing baseless motions to disqualify counsel. *See, e.g., De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1076-77 (9th Cir. 2011) (affirming award of attorneys' fees under § 1927 for filing a legally and factually frivolous motion to disqualify); *Northwest Bypass Group v. U.S. Army Corps of Eng'rs*, 569 F.3d 4 (1st Cir. 2009) (affirming award of sanctions pursuant to § 1927 for filing of, inter alia, a motion to disqualify); *Hedrick v. Comptroller of Currency*, 68 F.3d 477, *6 (7th Cir. 1995) (unpub.) (affirming Rule 11 sanctions where motion to disqualify opposing counsel "was filed for the improper purpose of harassment"); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1416 (9th Cir. 1990) (affirming sanctions for filing a motion to disqualify based on an alleged

4835-4690-9435.3

where [as in this case] counsel takes frivolous legal positions supported by scandalous accusations." *In re Walker*, 532 F.3d 1309. Accusing lawyers of willfully violating a court order, conspiring to cover it up and engaging in criminal extortion, without sufficient evidence and in contravention of applicable law, is scandalous and should not be tolerated. For all the reasons explained above, this Court should use its inherent powers to impose sanctions on Ectosense and its counsel for persisting in its baseless Motion to Disqualify. In addition to an admonition against them, Itamar should be awarded its attorneys' fees and expenses incurred in connection with each of the three motions filed by Ectosense attempting to remove Mr. Kleinhendler from this case.

---

conflict of interest where insufficient evidence was presented); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050-51 (9th Cir. 1985) (affirming sanctions award pursuant to § 1927 for filing of a motion to disqualify that was "utterly without merit" and filed for tactical reasons in bad faith); *Redding v. ProSight Specialty Mgmt. Co.*, 90 F. Supp. 3d 1109, 1150-51 (D. Mt. 2015) (awarding attorneys' fees and costs pursuant to the court's inherent powers because motion to disqualify was "patently frivolous" and noting that "the timing of the motion also exhibits its frivolity"); *Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 WL 735886, at *4-5 (W.D. Va. Mar. 31, 2005) (awarding attorneys' fees under Rule 11 against a pro se plaintiff who "knew or should have known that no conflict of interest existed at the time he filed his motion" to disqualify); *In re Marvel*, 265 B.R. 605, 611-612 (N.D. Cal. 2001) (affirming bankruptcy court's order awarding sanctions against attorney pursuant to inherent authority where motion to disqualify was filed without adequate basis); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Div. Sales, Inc.*, No. 91 C 2192, 1991 WL 201181, at * 2-3 (N.D. Ill. Sept. 30, 1991) (awarding Rule 11 sanctions against party and its attorney for motion to disqualify that included "woefully vague and insufficient" facts and was filed for an improper purpose based on circumstances known for over one year); *Greater Buffalo Press, Inc. v. Fed. Reserve Bank of N.Y.*, 129 F.R.D. 462, 467-68 (W.D.N.Y. 1990) (imposing Rule 11 sanctions against attorney for filing a meritless motion to disqualify for the purposes of delay and harassment); *Wold v. Minerals Eng'g Co.*, 575 F. Supp. 166, 167-68 (D. Co. 1983) (awarding attorneys' fees and costs pursuant to Rule 11 and § 1927 against a law firm that filed a motion to disqualify that "was interposed for improper purposes, namely, to harass opposing counsel, to cause unnecessary delay in this lawsuit and to increase needlessly the cost of th[e] litigation").

4835-4690-9435.3

## CONCLUSION

For all of the foregoing reasons, Itamar respectfully requests that sanctions be imposed against Ectosense and its counsel, George Walker, Seth Donahoe and the law firm of Tripp Scott P.A., jointly and severally, pursuant to Rule 11 of the Florida Rules of Civil Procedure, 28 U.S.C. § 1927, and/or by the Court's inherent authority. Specifically, the Court should admonish them for violating Rule 11 and disrupting these proceedings with multiple unsubstantiated motions. Itamar should be awarded its attorneys' fees and costs incurred and the discovery expenses necessitated in connection with each of the three motions filed by Ectosense attempting to remove Mr. Kleinhendler from this case.

## CERTIFICATION PURUANT TO LOCAL RULE 7.1(a)(3)

Undersigned counsel for Itamar certifies that she engaged in a good faith effort to resolve the issues raised in this motion during a conference call on August 11, 2021, during another conference call on September 17, 2021, and by letter dated September 20, 2021 providing Ectosense and its counsel 21 days to withdraw the Motion to Disqualify (ECF No. 181), but the parties were unable to resolve this matter.

4835-4690-9435.3

Dated: November 10, 2021

Respectfully submitted,

/s/ Laura Ganoza
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Hawwi W. Edao
Florida Bar No. 1026550
hedao@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 482-8400
Fax: (305) 482-8600

*Counsel for Plaintiff*

/s/ Gene Kleinhendler
**GK ADVISORY**
Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com
72 Ahad Haam St.
Tel Aviv 6520512, Israel
Tel.: (972) 3-735-6168

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 10th day of November, 2021 using CM/ECF, which serves all counsel of record listed on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                */s/ Laura Ganoza*
                                                Laura Ganoza

4835-4690-9435.3

# SERVICE LIST
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-60719- DIMITROULEAS/SNOW

**TRIPP SCOTT, P.A.**
Paul O. Lopez, Esq.
eservice@trippscott.com
pol@trippscott.com
sxc@trippscott.com

Seth J. Donahoe, Esq.
eservice@trippscott.com
sjd@trippscott.com
sgc@trippscott.com

B. George Walker, Esq.
eservice@trippscott.com
bgw@trippscott.com
sxc@trippscott.com

*Counsel Ectosense NV*

**GREENBERG TRAURIG, LLP**
Paul B. Ranis, Esq.
ranisp@gtlaw.com
scottlaw@gtlaw.com
FLService@gtlaw.com

*Co-Counsel Ectosense NV*

**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
lganoza@foley.com
atownsend@foley.com
Hawwi Edao, Esq.
hedao@foley.com
hmoreno@foley.com
Jessica N. Walker, Esq.
*(pro hac vice to be filed)*
jwalker@foley.com

*Counsel for Plaintiff Itamar Medical Ltd.*

**GK ADVISORY**
Anna Adamsky, Esq.
*(pro hac vice filed)*
anna@gk-ad.com

Gene Kleinhendler, Esq.
*(pro hac vice filed)*
gene@gk-ad.com

*Co-Counsel for Plaintiff Itamar Medical Ltd.*

**K&L GATES LLP**
Jonathan Bart Morton
jonathan.morton@klgates.com
Darlene F. Ghavimi, Esq.
darlene@ghavimi@klgates.com
(*admitted pro hac vice*)
Stewart Mesher
stewart.mesher@klgates.com
(*admitted pro hac vice*)

*Counsel for Defendant VirtuOx, Inc.*

4835-4690-9435.3