# Exhibit A



B. George Walker
Direct line: 954-765-2903
Email: bgw@trippscott.com

8/9/2021

**VIA EMAIL ONLY** (LGanoza@foley.com; JWalker@foley.com)
Laura Ganoza
Jessica Walker
**Foley & Lardner LLP**
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131

**VIA EMAIL ONLY** (gene@gk-ad.com)
Gene Kleinhendler
GK Advisory
72 Ahad Haam St.
Tel Aviv, 6520512
Israel
(972) 3-735-6168

Re: *Itamar Medical v. Ectosense*: **Required Conferral on Motion for Order to Show Cause**

Ms. Ganoza, Ms. Walker, and Mr. Kleinhendler:

This letter is sent in connection with the Court's recent Order [D.E. 155] denying without prejudice, and requiring conferral on, our Motion for Reconsideration of Order Granting Gene Kleinhendler's Motion for Pro Hac Vice Admission as Itamar's Counsel of Record, and Corollary Motion for Order to Show Cause [D.E. 140] (hereinafter "the Motion"). This letter constitutes our attempt to comply with the conferral obligations imposed by the Court's Order.

As you know, conferrals are not required on *pro hac vice* motions. You did not confer with us prior to seeking Mr. Kleinhendler's admission as Itamar's counsel of record on a *pro hac vice* basis. Itamar asked the Court to deny the Motion for want of conferral, and the Court granted your request. We assume you had something in mind to discuss when you objected to motion due to the lack of conferral previously, so please let us know if there is something in particular. We have read the filings in defense of Itamar and Mr. Kleinhendler's conduct. We do not find the arguments credible, and do not believe their conduct is defensible, factually or legally. As detailed in the Motion, Ectosense does not consent and will not consent to Mr. Kleinhendler's presence in this case, much less him having access to any documents Ectosense has produced in this case.

*Itamar Medical Ltd. v. Ectosense nv*
*Conferral Re: Motion for Order to Show Cause*
*Page 2 of 2*

As an aside, we had previously disclosed to Itamar's former counsel, and in a prior brief to the Court, that Ectosense was seriously concerned about Itamar's motives with the de-designation motion and explained that an Ectosense investor was receiving threats of criminal prosecution from an attorney purporting to represent Itamar. We did not believe Itamar's former counsel was contemporaneously aware of Mr. Kleinhendler's threats, and Latham & Watkins denied any knowledge or involvement. That said, Latham & Watkins withdrew from the case a few weeks later without explanation. Almost immediately thereafter, Mr. Kleinhendler's presence in the case arrived in the vehicle of your *pro hac vice* motion.

Given the serious nature of conduct on which the Motion is predicated, we are ourselves reticent to discuss this issue in any manner that would be seen as attempting to influence Mr. Kleinhendler or Itamar's decision-making, or to gain advantage in this litigation, which is yet another reason Ectosense proceeded directly to filing the Motion. As another practical matter, we view the prospect of Itamar or Mr. Kleinhendler agreeing to any of the relief requested in the Motion as, at a minimum, extremely unlikely, but please feel free to advise us if this belief is incorrect. Again however, to the extent we have not already made it clear, we offer neither Itamar nor Kleinhendler any relief in exchange for withholding bringing these issues to the Court. At this point, our position articulated in the Motion remains unchanged. As a consequence, we presently still believe the Court needs to weigh in on them.

Given the nature of the matters raised by Itamar and Mr. Kleinhendler's conduct alleged in the Motion, we view as the most prudent, and perhaps the only, conferral we can offer, is to listen to what Itamar's counsel has to say with respect to Itamar's position, and listen to Mr. Kleinhendler (or, if Mr. Kleinhendler has retained separate counsel to advise him, his counsel) has to say with respect to Mr. Kleinhendler's own position. We want to reiterate, in the same vein as our earlier comments to similar effect, we do not think it would be appropriate to respond with a compromise offer, or even a statement in response, because we don't want to be viewed as seeking to influence Itamar or Mr. Kleinhendler's decisions or actions moving forward. While we are willing to listen, it suffices to say at this point that we have already reviewed Itamar's written response, together with the supporting declaration of Mr. Kleinhendler, and do not view them as defensible or credible positions. We will, however, be open to hearing anything you have to say on these matters. Please give us times tomorrow. Barring a completely unforeseeable revelation or statement on behalf of Itamar or Mr. Kleinhendler, which is not altogether <u>completely</u> impossible, even if extremely unlikely, Ectosense is committed to raising these matters with the Court. We remain open to hearing what you have to say, but the burden of convincing Ectosense does not rest on our shoulders. Time is of the essence.

Sincerely,

/s/ *B. George Walker*

B. George Walker
FOR THE FIRM