UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

    Plaintiff,

v.

ECTOSENSE NV,
VIRTUOX, INC.

    Defendants.

_____/

### ECTOSENSE'S NOTICE OF FILING DEPOSITION TESTIMONY OF MATS DAHLQVIST AND ARNOLD BENOOT AND CORRELATED DESIGNATIONS

Ectosense hereby files the deposition transcripts for the testimony of Mats Davlquist, and Arnold Benoot, and provides correlated designations in their videographic and stenographic forms, in support of its Motion to Disqualify Counsel and Incorporated Motion for Sanctions [D.E. 181].

1. Itamar deposed Arnold Benoot and Mats Dahlqvist on October 18th and October 19th, 2021, respectively.

2. Pursuant to ECF 59 ¶ 2, "All transcripts will automatically be designated as 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY' from the day of the deposition or proceeding to 30 calendar days after the final original transcript becomes available for review."

3. Ectosense's counsel received Mr. Dahlqvist's transcript on October 25th, and Mr. Benoot's transcript on October 28th.

4. The Court's confidentiality order sets forth procedures for handling materials under a confidentiality designation and requires either consent of the other party, or a motion to file the documents under seal.

5. This Court had also ordered five page supplemental briefing and set an evidentiary hearing for Ectosense's Motion to Disqualify. *See* ECF 204, 215.

6. In the supplemental briefing ordered by this Court, Ectosense complied with the court's Confidentiality Order and treated the transcripts as confidential. *See* ECF 217 at 4 FN1 ("The two depositions are still under 30 day default designation, and Ectosense is therefore not filing the transcripts at this time, but is willing to do so if Itamar confirms that it has no designations.").

7. Ectosense also did not view the transcripts as necessary to file given that the Court scheduled an evidentiary hearing to receive live testimony. Thus, Federal Rule of Civil Procedure 32 would limit the use of such transcripts in connection with the Motion to Disqualify Hearing.

8. Itamar, however, without notifying Ectosense that it intended to file excerpts, or seeking consent to file documents that were under an automatic Attorneys' Eyes Only designation pursuant to the Confidentiality Order, filed excerpts from the deposition transcript as supporting evidence. *See* ECF 216.

9. Ectosense notified Itamar that filing the transcripts violated the Confidentiality Order, and while Ectosense tended to agree that the underlying testimony was unlikely to be designated as confidential, it had not yet confirmed this with either of the deponents as it had just received the transcripts.

10. Rather than making an issue where there may not ultimately be one, Ectosense requested that Itamar and Mr. Kleinhendler immediately confirm they had no confidentiality designations, and then sought expedited confirmation from the two deponents. Itamar confirmed that it had no designations on November 11, 2021.

11. Ectosense received final confirmation from the deponents that they had no confidentiality designations on November 15, 2021.

12. All interested persons and parties confirmed they have no confidentiality designations. The major concerns that Itamar may have filed confidential materials are now resolved.

13. This does not resolve the fact that Itamar filed excerpts rather than the entire transcripts, and that Ectosense views Itamar's presentation of the excerpts as incomplete and curated in a manner that mischaracterize the deponents' testimony.

14. For example, from Itamar's view, the deponents said they never viewed Mr. Kleinhendler's communications as a threat or felt threatened. The actual testimony was dramatically different. Mr. Dahlqvist described the situation as clearly involving threatened criminal exposure for Saffelberg, and even himself and other directors, from Mr. Kleinhendler.

15. That said, these witnesses will be appearing live, so the need for either party to designate testimony is still not apparent. Because the witnesses will give live testimony, the transcripts are excluded except for the limited purposes allowed under Rule 32.

16. However, to the extent this Court considers the transcripts filed by Itamar with its Supplemental Brief, then Rule 32(6) requires:

> Using Part of a Deposition. If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

17. Pursuant to Rule 32(6), Ectosense hereby files the complete deposition transcripts of Mats Dahlqvist and Arnold Benoot and provides the following correlated designations.

## PAGE AND LINE DESIGNATIONS FOR DEPOSITION TESTIMONY OF MATS DAVLQUIST

Ectosense designates the following pages and lines of the deposition transcript of Mats Davlquist, and the segments of the videographic record which correspond to the same:

1. 1:25-7:25.
2. 8:7-15; 9:1-23.
3. 9:24-25; 10:1-7.
4. 10:25; 11:1-6.
5. 13:7-24.
6. 14:14-25; 15:1-23.
7. 16:19-25; 17:1-23.
8. 17:24-25; 18:1-11.
9. 18:16-25; 19:1-4.
10. 20:4-20.
11. 21:5-20.
12. 22:1-25-24:1-15.
13. 25:11-25; 26:1-11.
14. 26:24-25; 27:1-15.
15. 29:7-25; 30:1-25; 31:1-25.
16. 32:1-25; 33:1-25; 34:1-7.
17. 34:15-16, 23-24.
18. 36:10-25; 37:1-23.
19. 38:4-10.
20. 38:17-24.
21. 39:6-13.
22. 39:20-25; 40:1-5, 10-14.
23. 40:25; 41:1-4.
24. 41:9-25; 42:1-4.
25. 43:5-20.
26. 43:24-25; 44:1-17.
27. 45:2-19.
28. 46:5-23.
29. 51:4-25; 52:1-25; 53:1-3.
30. 53:4-20.
31. 54:8-18.
32. 58:9-14.
33. 74:2-17.
34. 74:19-25; 75:1-8.
35. 75:9-13.
36. 76:8-25; 77:10.
37. 78:1-5-81.

1934282v1 998877.0001

## PAGE AND LINE DESIGNATIONS FOR DEPOSITION TESTIMONY OF ARNOLD BENOOT

Ectosense designates the following pages and lines of the deposition transcript of Arnold Benoot, and the segments of the videographic record which correspond to the same:

1. 1:25-7:25.
2. 9:11-25.
3. 10:1-11.
4. 10:14-24.
5. 11:2-10.
6. 11:21-25.
7. 12:8-25; 13:1-3.
8. 14:18-25.
9. 15:12-18.
10. 15:21-25; 16:1-8.
11. 18:11-25; 19:1-4.
12. 19:5-25; 20:1-18.
13. 21:2-12.
14. 21:13-25; 22:1-9.
15. 26:4-19.
16. 27:3-25.
17. 28:1-25; 29:1-8.
18. 29:9-25; 30:1-21.
19. 32:1-25; 33:1-12.
20. 34:10-25; 35:1-1-18.
21. 35:19-25.
22. 36:1-20.
23. 38:8-10, 19-25; 39:1-14.
24. 40:17-25.
25. 42:6-21, 25; 43:1-25; 44:1-3.
26. 44:11-25; 45:1-7.
27. 47:7-25; 48:1-4.
28. 48:16-25; 49:1-6.
29. 50:12-25; 51:1-3, 23-25; 52:1-5.
30. 52:6-22.
31. 53:9-25; 54:1-18.
32. 55:9-17.
33. 56:6-22.
34. 57:7-23.
35. 58:2-25.
36. 59:6-13.
37. 62:19-25; 63:1-13.
38. 64:4-18; 65:7-9.
39. 66:7-25; 67:1-7.

40. 70:2-8.
41. 70:9-10, 21-25; 71:15-18.
42. 72:22-25; 73:1-16.
43. 77:12-25l 78:10-23.
44. 82:11-25; 83:1-13.
45. 83:18-24.
46. 84:17-25; 85:1-7.
47. 85:21-25; 86:1-2.
48. 89:10-19.
49. 89:20-25:90:1-10; 91:5-6.
50. 91:9-13; 19-22.
51. 96:9-17, 24-25; 97:1-11.
52. 99:11-21.
53. 99:22-24; 100:8-11.
54. 101:6-20.
55. 102:10-25; 103:1-7.
56. 104:13-24.
57. 105:17-24.
58. 106:11-25; 107:1-5.
59. 107:13-21.
60. 108:8-9,16-25.
61. 119:5-22.
62. 119:23-25; 12-:1-5.
63. 122:1-5-126:1-25.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

>/s/   B. George Walker
Tripp Scott, P.A.
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL  33301
Telephone: (954) 525-7500
Telefax: (954) 761-8475
Paul O. Lopez, Esq.
Florida Bar No. 983314
pol@trippscott.com (primary)
eservice@trippscott.com (secondary)
sxc@trippscott.com (secondary)
Seth J. Donahoe, Esq.
Florida Bar No. 1004133
sjd@trippscott.com (primary)
sgc@trippscott.com (secondary)
B. George Walker, Esq.
FL Bar No. 0071049
bgw@trippscott.com (primary)

## SERVICE LIST

## CASE NO: 20-cv-60719-WPD

| Counsel for Plaintiff: | Counsel for Defendant ECTOSENSE: |
|---|---|
| LAURA GANOZA, ESQ.<br>Florida Bar No. 0118532<br>lganoza@foley.com<br>atownsend@foley.com<br>HAWWI EDAO, ESQ.<br>Florida Bar No. 1026550<br>hedao@foley.com<br>hmoreno@foley.com<br>**FOLEY & LARDNER LLP**<br>One Biscayne Tower, Suite 1900<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>(305) 482-8400<br>(305) 482-8600 (fax)<br><br>**Co-Counsel for Plaintiff:**<br><br>JESSICA N. WALKER, ESQ.<br>jwalker@foley.cOM<br>**FOLEY & LARDNER LLP**<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071-2418<br>(213) 972-4675<br><br>GENE KLEINHENDLER, ESQ.<br>gene@gk-ad.com<br>ANNA ADAMSKY, ESQ.<br>anna@gk-ad.com<br>**GK ADVISORY**<br>72 Ahad Haam St.<br>Tel Aviv 6520512, Israel<br>(972) 3-735-6168 | PAUL O. LOPEZ, ESQ.<br>eservice@trippscott.com (primary)<br>pol@trippscott.com (secondary)<br>sxc@trippscott.com (secondary)<br>SETH J. DONAHOE, ESQ.<br>eservice@trippscott.com (primary)<br>sjd@trippscott.com (secondary)<br>sgc@trippscott.com (secondary)<br>B. GEORGE WALKER, ESQ.<br>bgw@trippscott.com<br>sxc@trippscott.com<br>cab@trippscott.com<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 525-7500<br>Telefax: (954) 761-8475<br><br>**Co-Counsel for Defendant ECTOSENSE:**<br><br>Stephen Baird, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>90 South 7th St., Suite 3500<br>Minneapolis, MN 55402<br>bairds@gtlaw.com<br><br>Paul B. Ranis, Esq.<br>Florida Bar No. 64408<br>GREENBERG TRAURIG, P.A.<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>ranisp@gtlaw.com<br>scottlaw@gtlaw.com<br>FLService@gtlaw.com<br><br>***Counsel for VirtuOx Inc.***<br><br>Jonathan B. Morton |

|  | Florida Bar No. 956872<br>Jonathan.Morton@klgates.com<br>**K&L Gates LLP**<br>Southeast Financial Center<br>200 South Biscayne Boulevard, Suite 3900<br>Miami, Florida 33131-2399<br>Telephone: 305-539-3357<br><br>Darlene F. Ghavimi, *Admitted Pro Hac Vice*<br>Texas Bar No. 24072114<br>Darlene.Ghavimi@klgates.com<br>Stewart Mesher, *Admitted Pro Hac Vice*<br>Texas Bar No. 24032738<br>Stewart.Mesher@klgates.com<br>**K&L GATES LLP**<br>2801 Via Fortuna Suite 350<br>Austin, Texas 78746-7568<br>Telephone: (512) 482-6919 |

1934282v1 998877.0001