# DEFENDANT'S EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 20-cv-60719-Dimitrouleas**

ITAMAR MEDICAL LTD.,

                Plaintiff,

v.

ECTOSENSE NV,

                Defendant.

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS

      Plaintiff Itamar Medical Ltd. ("Itamar") and Defendant Ectosense NV ("Ectosense") hereby stipulate and agree, and request that the Court enter, the following Protective Order governing the production and use of confidential information in this action:

## I.    PURPOSES AND LIMITATIONS

      Depending upon the discovery propounded by the Parties, objections lodged by the Parties, and any orders this Court may enter addressing the scope of discovery, disclosure and discovery activity in this action may involve production of certain confidential, proprietary, private, or trade secret information for which special protection from disclosure would be warranted, such as information regarding the parties' sales and profits, marketing and advertising, product development efforts, budgets, launch schedules, and related information. Disclosure of this information would cause irreparable harm to the parties by allowing their competitors to gain an unfair advantage by accessing their confidential, proprietary, private, or trade secret information. Accordingly, protections for the disclosure of this information appears warranted. The Parties' stipulation to this Order is not to be construed as a stipulation to the discoverability of any of the confidential or highly confidential information contemplated by this Order. The Parties retain the right to raise discovery objections consistent with the applicable law.

This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited.

Further, as set forth in Section XII.D (FILING PROTECTED MATERIAL) below, this Order creates no entitlement to file confidential information under seal. The parties shall follow the applicable rules when seeking permission from the Court to file material under seal; Civil Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Notwithstanding anything in this Order, Disclosure or Discovery Material, as defined in Section II.C below, shall not be used by the Receiving Party, as defined in Section 0 below, for any purpose other than for prosecuting or defending this action.

## II.    **DEFINITIONS**

**Party or Parties:** any party to this action, and all parties to this action, including all of its or their current officers, directors, owners, members, partners, trustees, beneficiaries, insurers, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

**Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are voluntarily exchanged, produced, or generated by any Party or Non-Party in disclosures or responses to discovery in this matter.

**Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material

2

in this action.

**Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as those terms are defined below.

**"CONFIDENTIAL" Information or Items:** information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies (1) matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence; and (2) any other information that would qualify as confidential or subject to a right of privacy pursuant to the applicable legal standards.

A.      **"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items:** certain limited CONFIDENTIAL material or information that is competitively sensitive and constitutes or contains: (1) technical information such as product design or formulation, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial, personal and/or financial information of an extremely sensitive nature that may cause significant competitive harm to, and/or breach the privacy of, the Designating Party if disclosed to persons other than those described in Section VII (ACCESS TO AND USE OF PROTECTED MATERIAL) below.

B.      **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**Outside Counsel:** (i) attorneys who are not employees of a Party to this action and who have appeared on behalf of a Party in this action, and (ii) partners, counsel, associates, and staff of such counsel's law firm to whom it is reasonably necessary to disclose the information for this litigation.

    **C.**     **In-House Counsel:** attorneys, paralegals, and other legal department personnel, who are employees of a Party to this action. In-House Counsel does not include Outside Counsel or any other outside counsel.

    **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## III.   SCOPE

    The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated as Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   DURATION

    Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain jurisdiction to enforce this Order during and beyond final disposition of this action. The recipient of any Protected Material hereby agrees to subject themselves to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## V.    **DESIGNATION OF PROTECTED MATERIALS**

**A.    Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or impede the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B.    Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

1.      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):   The Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL–AEO" as space permits) at the top or bottom of each page that contains Protected Material, including on each page of any electronically produced document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and only those persons allowed to see such materials may conduct this inspection.

After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" legend at the top or bottom of each page that contains Protected Material.  If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s).

2.      For testimony given in deposition or in other pretrial or trial proceedings: All transcripts will automatically be designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the deposition or proceeding to 30 calendar days after the final original transcript becomes available for review.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.  A Designating Party may also designate certain portions of the

transcript as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the deposition or hearing.

        3.    <u>For information produced in some form other than documentary, and for any other tangible items</u>:  The Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL– AEO" as space permits) in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material.  If that matter is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material.  Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice.  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

        4.    <u>For information revealed in the course of a hearing</u>:  All hearing testimony will automatically be designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the hearing to 14 calendar days after the final original transcript becomes available for review, except that Parties may draft orders on the hearings as necessary to effectuate the Court's decisions.  During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order.  If such written designations are submitted, then the final transcript will be revised to reflect those designations.  After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.

**C.** **Inadvertent Failures to Designate.** If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. A correction should be made upon a party's timely discovery of qualified information or items that were not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." If material is appropriately designated after the material was initially produced, the Receiving Party, on timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

**D.** **FRE 502(d) Order and Clawback Procedure**

1. <u>No Waiver.</u> If the Producing Party discloses information in connection with this action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. <u>Full Protection.</u> This Order protects *any* disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

3. <u>Degree of Care.</u> Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

4. <u>Notification.</u> A Producing Party must notify the Receiving Party, in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon

receipt of such notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such Protected Information, and shall provide a written certification that it will cease further review, dissemination, and use of the Protected Information.

5.      Maximum Protections.   This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d).   The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.   However, if for any reason the Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

**E.      Applicability to Non-Parties.**   In the course of this action, the Parties may attempt to discover documents and information from third parties.   Any third party from whom discovery is sought by a Party to this action may avail itself of the protections and limitations of disclosure provided for in this Protective Order.   The third party shall identify any "CONFIDENTIAL" or "HIGHLY  CONFIDENTIAL–ATTORNEYS'  EYES  ONLY"  information produced in accordance with this Protective Order.   The Parties hereby agree to treat any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" and produced by a third party in accordance with the terms of this Protective Order.   The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A.      Timing of Challenges**.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B.      Meet and Confer.**  The challenging party shall initiate the  dispute resolution process by providing written notice of each designation it is challenging, identifying the challenged materials, and describing the basis for each challenge.  The challenged party must then respond in writing within fourteen calendar days.  If that response does not resolve the dispute, the parties must then telephonically meet and confer in good faith to address the matter.  If that does not resolve the matter, then the challenging party may seek court intervention, as further explained below.  The challenging party may not seek court intervention until it has fully complied with the meet and confer requirements of this provision.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**C.      Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. Any motion brought pursuant to this provision must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   **Basic Principles.**   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI (FINAL DISPOSITION) below.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.   In addition, the Parties shall hold and maintain Protected Materials in a manner consistent with the privacy laws of Florida, where this litigation is taking place.

B.   **Disclosure of "CONFIDENTIAL" Information or Items.**   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.   In-House Counsel of the Receiving Party;

2.   The Receiving Party's Outside Counsel in this action, as well as the partners, counsel, associates, and staff of such counsel's law firm to whom it is reasonably necessary to disclose the information for this litigation;

3.   The Receiving Party, if that party is an individual, or if the Receiving Party is an entity, then its current officers, directors, and employees of the Receiving Party and its related/affiliated entities to whom disclosure is reasonably necessary for this litigation;

4.   Experts (as defined in this Order) of the Receiving Party, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgement and Agreement to Be Bound by Order" (Exhibit A);

5.   The Court and its personnel, as well as the jury during trial;

6.   Neutral evaluators, mediators, or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

7.   Court reporters and their staff, and Professional Vendors for services such

11

as copying, scanning, or electronic document processing, to whom disclosure is reasonably necessary for this action;

8.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound by Order" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

9.      Any author or recipient of the document or the original source of the information disclosed in the document.

**C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons listed in Section VII(B)(2), (5)–(7), (9) above, as well as to experts as set forth in Section VII(B)(4) above as long as the expert is not a current officer, director, owner, member, partner, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee of a Party or a competitor of a Party.

**D.      Maintenance of Signed Acknowledgements.**  Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Order."

**E.      Disclosure Not Otherwise Authorized.**  If Outside Counsel believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Order, such Counsel shall make a written request to counsel for the Designating Party identifying the individual to whom it desires to make such disclosure to and the specific Protected Materials involved and notifying the Designating Party that it has five business days to object to such disclosure.  Within five business days of the request, counsel for the Designating Party may object to such disclosure via a written objection to counsel serving the disclosure request.  Failure to object constitutes consent to such disclosure.

If a Designating Party objects to such disclosure, such Protected Materials shall not be

disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Order until such dispute has been resolved by agreement of the Parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court.  However, both parties agree to act in good faith to approve reasonable requests, if feasible, to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information at depositions taken in this action, but acknowledge that requests of this nature should generally be made using the procedure in this Section prior to the deposition if reasonably anticipated.

       **F.**    **Authorized Disclosures.**  Nothing in this Order shall preclude any party to the proceeding or their counsel from:

       1.    Showing materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

       2.    Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

       3.    Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a lawful source other than discovery.

       4.    Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

## VIII.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

       If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must:

1.      Promptly (and within at least five days of discovering that the subpoena or order in question contemplates documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") notify the Designating Party in writing, including by providing a copy of the subpoena or court order;

2.      Promptly (and within at least five days of discovering that the subpoena or order in question contemplates documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")) notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order to that party; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Provided that the Producing Party has taken the necessary steps to prevent, through judicial process, production of the documents sought to be produced, the Receiving Party shall not produce to the party in the other action any documents that the Producing Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the resolution of the Producing Party's motion to quash or analogous proceeding related to these materials.

## IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this

Action that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party, if requested.

The Requesting Party and the relevant Non-Party must then engage in a good faith meet and confer process to resolve any issues regarding the production of such materials. If the Non-Party fails to seek a protective order from this court within 14 calendar days after the conclusion of this meet and confer process, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosure, (b)

use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom an unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## XI.   **FINAL DISPOSITION**

Unless otherwise ordered or agreed to in writing by the Parties, within 60 days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy the Protected Material.   As used in this paragraph, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.   "Reasonable efforts" shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.   Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.

Notwithstanding this provision, Outside Counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such counsel take appropriate steps to prevent the disclosure in a manner contrary to this Order of such Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to

this Order as set forth in Section IV (DURATION) above.

## XII.   <u>MISCELLANEOUS</u>

    **A.**    **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **B.**    **Admissions and Waivers.**  Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in this Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence.  Moreover, nothing in this Order shall be construed to require any Party to disclose to any other Party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to prohibit any Party from refusing to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any other Party.

    **C.**    **Right to Assert Other Objections.**  By entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material protected by this Order.

    **D.**    **Filing Protected Material.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the Applicable Federal Rules of Civil Procedure and Local Rule 5.4.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 5.4, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 5.4 is denied by the

court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

**IT IS SO STIPULATED.**

Dated: February 5, 2021

/s/ *Robert D. W. Landon, III*
Robert D. W. Landon, III (FL Bar No. 961272)
Elizabeth B. Honkonen (FL Bar No. 0149403)
KENNY NACHWALTER, P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
rlandon@knpa.com
ebh@knpa.com

Allen M. Gardner (admitted *pro hac vice*)
Chase A. Chesser (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2270
Allen.Gardner@lw.com
Chase.Chesser@lw.com

Jennifer L. Barry (admitted *pro hac vice*)
Patrick C. Justman (admitted *pro hac vice*)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Jennifer.Barry@lw.com
Patrick.Justman@lw.com

*Attorneys for Plaintiff Itamar Medical Ltd.*

By: /s/ *Seth J. Donahoe*
Paul O. Lopez
Seth J. Donahoe
TRIPP SCOTT, P.A.
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-7500
eservice@trippscott.com (primary)
pol@trippscott.com (secondary)
sxc@trippscott.com (secondary)
sjd@trippscott.com (secondary)
sgc@trippscott.com (secondary)

*Attorneys for Defendant Ectosense NV*

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ day of February, 2021.

_____

Hon. William P. Dimitrouleas
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER**

I, _____, with an address of _____,

declare under penalty of perjury that I have read in its entirety and understand the Protective

Order Governing Confidential Materials that was issued by the U.S. District Court for the

Southern District of Florida in the case of *Itamar Medical Ltd. v. Ectosense NV*, No. 20-cv-

60719-WPD.

I agree to comply with and to be bound by all the terms of this Order, and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt of court.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to the Order to any person or entity except in strict compliance

with the provisions of that Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern

District of Florida for the purpose of enforcing the terms of that Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [NAME] of

_____ [FIRM NAME AND ADDRESS] as

my Florida agent for service of process in connection with this action or any proceedings related

to enforcement of that Order.

Executed on _____, 20____, at _____ [CITY AND STATE].


Signature: _____