# DEFENDANT'S EXHIBIT 2



Paul O. Lopez
Direct line: 954-760-4921
Email: pol@trippscott.com

March 15, 2020

**VIA EMAIL** (Jennifer.Barry@lw.com; Patrick.Justman@lw.com)
Jennifer Barry
Patrick Justman
**Latham & Watkins LLP**
12670 High Bluff Drive
San Diego, CA 92130

  Re: FDA clearance of NightOwl as a PAT-based device

Ms. Barry, Mr. Justman:

  We are sending you this correspondence in furtherance of some recent conversations we have had about some pending discovery issues and trying to efficiently manage discovery in this case.

  As we discussed during our last call with Mr. Justman, Ectosense *nv* ("Ectosense") can establish that the FDA reviewed the issue of whether NightOwl is a PAT-based device during the 510(k) review process, and ultimately cleared NightOwl as a PAT-based device. During the briefing and hearing on the Motion to Dismiss, Itamar Medical Ltd. ("Itamar") argued, *inter alia*, that preclusion and preemption should not apply because it was impossible to determine at the motion to dismiss stage what parts of NightOwl's 510(k) Summary were approved of by the FDA. Itamar is alleging that NightOwl is not PAT-based as it purportedly does not measure peripheral arterial tone. We understand that given the technical nature of the issues in this case, you may be relying upon your client's view of this issue. Thus, we are providing to you outside the ordinary channel of discovery a series of communications and documents exchanged with the FDA establishing that NightOwl is in fact PAT-based, and that the FDA cleared NightOwl as a PAT-based HSAT. These documents are designated ATTORNEYS' EYES ONLY pursuant to the Court's confidentiality order.

  We explained during our last call that the FDA and Ectosense corresponded extensively about the exact issue of whether NightOwl performs a PAT-based analysis. The key communications between the FDA and Ectosense attached show that the FDA review committee specifically analyzed this issue in great detail. On February 27, 2020, Dr. Elizabeth Katz wrote to Ectosense:

> The NightOwl device does not appear to be based on PAT but PPG technology. As per our understanding, PAT technology involves application of a uniform pressure to the surface of the finger to interrupt the arterial flow momentarily to allow measurement of

pulsatile volume changes. NightOwl on the other hand does not appear to use such method but is based on red and infrared LED emitters typically seen in oximeter applications for measurement of saturation levels. Therefore, please remove claims about PAT and pAHI. We suggest that instead you use a different terminology to describe the parameters claimed to be PAT or pAHI, and provide an updated 510(k) Summary and device labeling that utilizes the revised/alternative terms.

This email prompted a dialogue between Ectosense and the FDA about what PAT is, and how Ectosense incorporates it into NightOwl—a dialogue that involved an in-depth analysis of the scientific publications regarding PAT and comparative analysis between NightOwl and WatchPAT. Ectosense initially provided a preliminary explanation of how PAT works and requested that the FDA do a more comprehensive analysis of PAT before asking that Ectosense remove from the 510(k) Summary the claim of being PAT-based. On February 29, 2020, Mr. Bart Van Pee wrote: "Would you be fine that we hold off with returning the revised final labeling and 510(k) until we have converged on the understanding of the PAT-related scientific principles?" The FDA agreed to do so replying later the same day: "Yes, we can hold off the revisions to final labeling and 510k Summary until we reach an agreement or decision."

Ectosense and the FDA continued their dialogue regarding how NightOwl, like WatchPAT, is PAT-based, and Ectosense provided an in-depth scientific explanation of PAT and NightOwl. With respect to the information Ectosense was providing, the FDA stated that it "discussed [the documents and information] internally at lengths…." Ectosense pressed the importance of the FDA allowing NightOwl to be marketed as a PAT-based device stating: "Taking all of our clinical and other evidence into consideration, we believe that allowing NightOwl to describe itself in terms of a 'PAT-based' device, allows clinical practitioners to most adequately evaluate what type of HSAT they are dealing with, when the use of such HSAT is appropriate, and what to expect from its performances."

It is evident from Ectosense's dialogue with the FDA that Itamar had at some point corresponded, or was contemporaneously corresponding, with the FDA, advancing its own position in an attempt to convince the FDA that NightOwl does not measure PAT and is not PAT-based. Itamar's efforts were unavailing. After reviewing extensive information about PAT, and how NightOwl analyzes PAT, the FDA ultimately cleared NightOwl as a PAT-based device.

The attached emails and documents are being provided voluntarily outside the ordinary discovery channel because they are case dispositive and necessitate an immediate dismissal of Itamar's case against Ectosense. Because the attached communications with the FDA contain trade secret information and in-depth technological analysis of Ectosense's product, these documents are designated **ATTORNEYS' EYES ONLY**.

We ask that you review the attached communications and that Itamar immediately dismiss the lawsuit against Ectosense. These communications establish that Itamar's claims are precluded and preempted because the FDA reviewed the exact issues Itamar is advancing in this litigation

<div align="right">
Itamar Medical Ltd. v. Ectosense nv<br>
March 15, 2021<br>
Re: FDA Communications<br>
Page **3** of **3**
</div>

and nevertheless cleared NightOwl as a PAT-based device. They also establish that even if preclusion and preemption did not apply, Itamar's claims that NightOwl is engaging in literally false advertising are without merit. NightOwl's claim of being a PAT-based device is literally true. Unless Itamar believes that the FDA is not a reasonable expert in the field of medical device technology, then Itamar has no good faith basis to argue that NightOwl is not PAT-based.

In addition to the claims premised upon false advertising, these communications further establish that Itamar cannot prevail on its trademark claims. Ectosense is, and always was, using PAT in a non-trademark way. The FDA engaged with Ectosense about PAT extensively, not as a single-source identifying trademark, but rather as a physiological signal and class of devices that measure such signal. Thus, we ask that Itamar also dismiss its trademark claims without delay.

We thank you and your client in advance for your attention to this important matter.

<div style="margin-left: 50%;">
Sincerely,

*Paul O. Lopez*

Paul O. Lopez<br>
For the firm
</div>