# DEFENDANT'S EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number: 20-cv-60719-DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,
  Plaintiff,
v.

ECTOSENSE NV,
  Defendant.
_____/

**DEFENDANT'S NOTICE OF SERVING RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

Defendant ECTOSENSE NV ("Ectosense"), by and through the undersigned counsel, hereby serves its Responses to the First Set of Requests for Admission propounded by Plaintiff ITAMAR MEDICAL LTD ("Itamar").

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of June 2021, I electronically served the following responses and objections upon Itamar's counsel of record.

             /s/ *Seth J. Donahoe*
             **PAUL O. LOPEZ**
             **Florida Bar #983314**
             **pol@trippscott.com**
             **SETH J. DONAHOE**
             **Florida Bar #1004133**
             **TRIPP SCOTT, P.A.**
             **110 S.E. 6th Street, 15th Floor**
             **Ft. Lauderdale, FL  33301**
             **(954) 525-7500 telephone**
             **(954) 761-8475 facsimile**

## SERVICE LIST
## CASE NO: 20-cv-60719-DIMITROULEAS/SNOW

| **Counsel for Plaintiff:** | **Counsel for Defendant:** |
|---|---|
| ROBERT D.W. LANDON, III ESQ.<br>rlandon@knpa.com<br>ELIZABETH B. HONKONEN, ESQ.<br>ebh@knpa.com<br>Kenny Nachwalter, P.A.<br>Four Seasons Tower<br>1441 Brickell Avenue, Suite #1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br><br>Allen M. Gardner, Esq.<br>Allen.Gardner@lw.com<br>(*pro hac vice to be filed*)<br>Chase A. Chesser, Esq.<br>Chase.Chesser@lw.com<br>(*pro hac vice to be filed*)<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite #1000<br>Washington, DC 20004<br>Telephone: (202) 637-2270 | PAUL O. LOPEZ, ESQ.<br>eservice@trippscott.com (primary)<br>pol@trippscott.com (secondary)<br>sxc@trippscott.com (secondary)<br>SETH J. DONAHOE, ESQ.<br>eservice@trippscott.com (primary)<br>sjd@trippscott.com (secondary)<br>sgc@trippscott.com (secondary)<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 525-7500<br>Telefax: (954) 761-8475<br><br>**Co-Counsel for Defendant:**<br><br>Scott J. Bornstein, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>bornsteins@gtlaw.com<br><br>Stephen Baird, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>90 South 7th St., Suite 3500<br>Minneapolis, MN 55402<br>bairds@gtlaw.com<br><br>Paul B. Ranis, Esq.<br>Florida Bar No. 64408<br>GREENBERG TRAURIG, P.A.<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>ranisp@gtlaw.com<br>scottlaw@gtlaw.com<br>FLService@gtlaw.com |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that YOU were truthful in all of YOUR COMMUNICATIONS with the FDA.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and compound. The request is vague because it fails to specify what communications are being referred to providing the sole limitation that it be a communication with the FDA—all of them at any point in time ever irrespective of whether the content of any communication has anything to do with any issue in this litigation.**

**The definition of YOUR in the instructions is:**

> **means Ectosense nv, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.**

**The definition of COMMUNICATIONS in the instructions is:**

> **means the exchange of information by any means, including, without limitation, telephone, telecopy, facsimile, electronic mail, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.**

**Neither definition specifies a time frame, specific individual, or specific communication, and instead encompasses every communication with the FDA made not only by Ectosense, but also by any of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, etc…. The failure to identify a time frame or specific communication renders this request vague.** *See Cutino v. Untch*, **303 F.R.D. 413, 415 (S.D. Fla. 2014) ("Indeed, Plaintiff's requests are replete with vague and unclear terms, and 'a party is not required to respond to a request that contains vague or ambiguous statements.'") The vagueness leaves Ectosense unsure as to what communications Itamar is referring to and who the actual entity or individual doing the communicating is.**

**The failure to identify a specific communication renders this request overbroad, compound, and unduly burdensome. It is overbroad because it would clearly sweep in communications that have absolutely nothing to do with this case whatsoever. Ectosense's communications with the FDA are not at issue in this case. Itamar has pled that NightOwl does not measure PAT. The FDA disagreed with Itamar. The FDA's decision, however, does not suddenly render the entirety of Ectosense's communications with the FDA**

relevant. This particularly true as there are communications that have nothing to do with PAT or the FDA's decision relating to whether NightOwl measures PAT.

The request is compound because the definition of YOUR encompasses no less than sixteen (16) individuals and entities. The definition of COMMUNICATIONS encompasses no less than twelve (12) potential channels of communication. Thus, the request is compound.

It is unduly burdensome because it would require Ectosense to cull through every single page of every single communication, investigate every phone call that any of the listed entities or individuals ever had with any representative to the FDA, and then determine whether every statement made on every page and during every conversation was truthful. Ectosense of course believes it has been truthful in its communications to the FDA, but the use of a Request for Admission on this point is improper because it does not present a statement that can be readily admitted or denied as it encompasses years of communications among several channels and among a multitude of individuals and entities.

REQUEST FOR ADMISSION NO. 2:

Admit that YOU were truthful in all of YOUR SUBMISSIONS to the FDA.

**RESPONSE:** Objection. This request is vague, overbroad, unduly burdensome, and compound. The request is vague because it fails to specify what communications are being referred to providing the sole limitation that it be a submission to the FDA.

The definition of YOUR in the instructions is:

> means Ectosense *nv*, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

The definition of SUBMISSIONS in the instructions is:

> "SUBMISSIONS" means all information communicated by YOU, including, without limitation, applications, filings, dossiers, modifications, amendments, supplements, revisions, reports, studies, articles, and memoranda.

Neither definition specifies a time frame, specific individual, or specific SUBMISSION, and instead encompasses every submission to the FDA made not only by Ectosense, but also by any of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, etc…. The definition broadly starting with "information communicated by YOU" renders this vague and wildly overbroad because makes it impossible to know what information Itamar is referring to,

and for the request to encompass *all information* means an unwieldy universe of potential documents that Ectosense would have to review—many of which have nothing to do with this litigation. The failure to identify a time frame or specific submission renders this request vague. *See Cutino v. Untch*, 303 F.R.D. 413, 415 (S.D. Fla. 2014) ("Indeed, Plaintiff's requests are replete with vague and unclear terms, and 'a party is not required to respond to a request that contains vague or ambiguous statements.'") The vagueness leaves Ectosense unsure as to what submission Itamar is referring to.

The failure to identify a specific submission renders this request overbroad, compound, and unduly burdensome. It is overbroad because it would clearly sweep in submissions that have absolutely nothing to do with this case whatsoever. Ectosense's submissions to the FDA are not at issue in this case. Itamar has pled that NightOwl does not measure PAT. The FDA disagreed with Itamar. The FDA's decision, however, does not suddenly render the entirety of Ectosense's submissions with the FDA relevant. This particularly true as there are submissions that have nothing to do with PAT or the FDA's decision relating to whether NightOwl measures PAT.

The request is further overbroad and compound because the definition of YOUR encompasses no less than sixteen (16) individuals and entities. The definition of SUBMISSIONS encompasses no less than eleven (11) potential types of submissions. The definitions necessarily include items that were not even prepared by Ectosense and are instead part of the academic community's discourse. For example, it would include peer reviewed articles prepared by third parties and reviewed by the publisher. An article referenced or sent to the FDA would conceivably fall under Itamar's definition here. Thus, the request is compound.

It is unduly burdensome because it would require Ectosense to cull through every single page of every single submission—particularly submissions that were merely assembling papers from the academic community—and then determine whether every statement made on every page was truthful. Ectosense of course believes it has been truthful in its submissions to the FDA, but the use of a Request for Admission on this point is improper because it does not present a request that can be readily admitted or denied.

REQUEST FOR ADMISSION NO. 3:

Admit that YOU were accurate in all of YOUR COMMUNICATIONS with the FDA.

**RESPONSE:** Objection. This request is vague, overbroad, unduly burdensome, and compound. The request is vague because it fails to specify what communications are being referred to providing the sole limitation that it be a communication with the FDA—all of them at any point in time ever irrespective of whether the content of any communication has anything to do with any issue in this litigation.

The definition of YOUR in the instructions is:

> means Ectosense nv, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

The definition of COMMUNICATIONS in the instructions is:

> means the exchange of information by any means, including, without limitation, telephone, telecopy, facsimile, electronic mail, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

Neither definition specifies a time frame, specific individual, or specific communication, and instead encompasses every communication with the FDA made not only by Ectosense, but also by any of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, etc…. The failure to identify a time frame or specific communication renders this request vague. *See Cutino v. Untch*, 303 F.R.D. 413, 415 (S.D. Fla. 2014) ("Indeed, Plaintiff's requests are replete with vague and unclear terms, and 'a party is not required to respond to a request that contains vague or ambiguous statements.'") The vagueness leaves Ectosense unsure as to what communications Itamar is referring to and who the actual entity or individual doing the communicating is.

The failure to identify a specific communication renders this request overbroad, compound, and unduly burdensome. It is overbroad because it would clearly sweep in communications that have absolutely nothing to do with this case whatsoever. Ectosense's communications with the FDA are not at issue in this case. Itamar has pled that NightOwl does not measure PAT. The FDA disagreed with Itamar. The FDA's decision, however, does not suddenly render the entirety of Ectosense's communications with the FDA relevant. This particularly true as there are communications that have nothing to do with PAT or the FDA's decision relating to whether NightOwl measures PAT.

The request is compound because the definition of YOUR encompasses no less than sixteen (16) individuals and entities. The definition of COMMUNICATIONS encompasses no less than twelve (12) potential channels of communication. Thus, the request is compound.

It is unduly burdensome because it would require Ectosense to cull through every single page of every single communication, investigate every phone call that any of the listed entities or individuals ever had with any representative to the FDA, and then determine whether every statement made on every page and during every conversation was truthful. Ectosense of course believes it has been truthful in its communications to the FDA, but the use of a Request for Admission on this point is improper because it does not present a statement that can be readily admitted or denied as it encompasses years of communications among several channels and among a multitude of individuals and entities.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU were accurate in all of YOUR SUBMISSIONS to the FDA.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome, and compound. The request is vague because it fails to specify what communications are being referred to providing the sole limitation that it be a submission to the FDA.**

**The definition of YOUR in the instructions is:**

> **means Ectosense** *nv***, its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.**

**The definition of SUBMISSIONS in the instructions is:**

> **"SUBMISSIONS" means all information communicated by YOU, including, without limitation, applications, filings, dossiers, modifications, amendments, supplements, revisions, reports, studies, articles, and memoranda.**

**Neither definition specifies a time frame, specific individual, or specific SUBMISSION, and instead encompasses every submission to the FDA made not only by Ectosense, but also by any of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, etc…. Neither definition specifies a time frame, specific individual, or specific SUBMISSION, and instead encompasses every submission to the FDA made not only by Ectosense, but also by any of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, etc…. The definition broadly starting with "information communicated by YOU" renders this vague and wildly overbroad because makes it impossible to know what information Itamar is referring to, and for the request to encompass *all information* means an unwieldy universe of potential documents that Ectosense would have to review—many of which have nothing to do with this litigation. The failure to identify a time frame or specific submission renders this request vague.** *See Cutino v. Untch***, 303 F.R.D. 413, 415 (S.D. Fla. 2014) ("Indeed, Plaintiff's requests are replete with vague and unclear terms, and 'a party is not required to respond to a request that contains vague or ambiguous statements.'") The vagueness leaves Ectosense unsure as to what submission Itamar is referring to.**

**The failure to identify a specific submission renders this request overbroad, compound, and unduly burdensome. It is overbroad because it would clearly sweep in submissions that have absolutely nothing to do with this case whatsoever. Ectosense's submissions to the**

**FDA are not at issue in this case. Itamar has pled that NightOwl does not measure PAT. The FDA disagreed with Itamar. The FDA's decision, however, does not suddenly render the entirety of Ectosense's submissions with the FDA relevant. This particularly true as there are submissions that have nothing to do with PAT or the FDA's decision relating to whether NightOwl measures PAT.**

**The request is further overbroad and compound because the definition of YOUR encompasses no less than sixteen (16) individuals and entities. The definition of SUBMISSIONS encompasses no less than eleven (11) potential types of submissions. The definitions necessarily include items that were not even prepared by Ectosense and are instead part of the academic community's discourse. For example, it would include peer reviewed articles prepared by third parties and reviewed by the publisher. An article referenced or sent to the FDA would conceivably fall under Itamar's definition here. Thus, the request is compound, and overbroad.**

**It is unduly burdensome because it would require Ectosense to cull through every single page of every single submission—particularly submissions that were merely assembling papers from the academic community—and then determine whether every statement made on every page was accurate. Ectosense of course believes it has been truthful in its submissions to the FDA, but the use of a Request for Admission on this point is improper because it does not present a request that can be readily admitted or denied.**

REQUEST FOR ADMISSION NO. 5:

Admit that the PAT TRADEMARK is not generic.

**RESPONSE: Objection. This seeks a pure conclusion of law. Ectosense has filed a cancellation proceeding with the USPTO and a Counterclaim for cancellation on the basis that PAT is generic. Thus, this request is improper.** *See Searcy v. United States*, **2019 WL 6251039 at \*1 (S.D. Fla. 2019);** *see also In re Tobkin*, **578 Fed. Appx. 962, 964 (11th Cir. 2014). Judge Snow has observed that requests of this variety are a wasteful use of the parties' resources and run counter to the time saving goals of Rule 36:**

> **Requests for admission are properly used to "relieve the parties of the cost of proving facts that will not be disputed at trial."** Perez v. Miami-Dade County, **297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). As noted by the Eleventh Circuit, Rule 36 essentially "is a time-saver," and when a party propounds a request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources."** Id.**, at 1268. The Plaintiff here has framed several of her Requests for Admissions in a way that wasted**

> the resources of the parties, because she served Requests for Admissions as to essential elements that already had been denied in the Answer.

*S.V.S. by & through Varner v. Broward County Pub. Sch.*, 18-62413-CIV, 2019 WL 10093975, at *3 (S.D. Fla. Oct. 2, 2019) (finding requests for admission that were designed to establish legal conclusions that form the elements of a claim improper).

REQUEST FOR ADMISSION NO. 6:

Admit that the PAT TRADEMARK is a source identifier for Itamar.

**RESPONSE: Objection. This seeks a pure conclusion of law. Ectosense has filed a cancellation proceeding with the USPTO and a Counterclaim for cancellation on the basis that PAT is generic. Thus, this request is improper.** *See Searcy v. United States*, 2019 WL 6251039 at *1 (S.D. Fla. 2019); *see also In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014). **Judge Snow has observed that requests of this variety are a wasteful use of the parties' resources and run counter to the time saving goals of Rule 36:**

> Requests for admission are properly used to "relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). As noted by the Eleventh Circuit, Rule 36 essentially "is a time-saver," and when a party propounds a request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Id., at 1268. The Plaintiff here has framed several of her Requests for Admissions in a way that wasted the resources of the parties, because she served Requests for Admissions as to essential elements that already had been denied in the Answer.

*S.V.S. by & through Varner v. Broward County Pub. Sch.*, 18-62413-CIV, 2019 WL 10093975, at *3 (S.D. Fla. Oct. 2, 2019) (finding requests for admission that were designed to establish legal conclusions that form the elements of a claim improper).

REQUEST FOR ADMISSION NO. 7:

Admit that YOUR use of the PAT TRADEMARK is not fair use.

**RESPONSE: Objection.** This seeks a pure conclusion of law. Ectosense has filed a defense of fair use in this case, and repeatedly stated that the use of PAT to describe the category of devices that NightOwl belongs is fair use. Thus, this request is improper. *See Searcy v. United States*, 2019 WL 6251039 at *1 (S.D. Fla. 2019); *see also In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014). Judge Snow has observed that requests of this variety are a wasteful use of the parties' resources and run counter to the time saving goals of Rule 36:

> Requests for admission are properly used to "relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). As noted by the Eleventh Circuit, Rule 36 essentially "is a time-saver," and when a party propounds a request for admissions "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Id., at 1268. The Plaintiff here has framed several of her Requests for Admissions in a way that wasted the resources of the parties, because she served Requests for Admissions as to essential elements that already had been denied in the Answer.

*S.V.S. by & through Varner v. Broward County Pub. Sch.*, 18-62413-CIV, 2019 WL 10093975, at *3 (S.D. Fla. Oct. 2, 2019) (finding requests for admission that were designed to establish legal conclusions that form the elements of a claim improper).

REQUEST FOR ADMISSION NO. 8:

Admit that PAT is different from PPG.

**RESPONSE:**

**Admitted.**

REQUEST FOR ADMISSION NO. 9:

Admit that the peripheral arterial tone signal is different from the PPG signal.

**RESPONSE: Admitted. 'Peripheral arterial tone' refers to a physiological phenomenon while the PPG signal is a measurement that may contain information relating to variations**

**in the peripheral arterial tone. Denied insofar as suggesting that variations in the peripheral arterial tone would not be obtainable from the PPG signal.**

REQUEST FOR ADMISSION NO. 10:

Admit that peripheral arterial tonometry is different from PPG.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 11:

Admit that YOU did not have authorization from Itamar to use the PAT TRADEMARK.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 12:

Admit that the term "peripheral arterial tone" is a term coined by Itamar.

**RESPONSE: Denied insofar as 'coined by' would be used in this context to suggest that Itamar is the progenitor of the term 'peripheral arterial tone' – which it is not. Ectosense incorporates by reference its Counterclaim Par. 20 – 30, which cites evidence of use of the term 'peripheral arterial tone' before Itamar's founding.**

REQUEST FOR ADMISSION NO. 13:

Admit that the term "peripheral arterial tonometry" is a term coined by Itamar.

**RESPONSE: Denied. As indicated in Ectosense's Counterclaim:**

> *Peripheral arterial tonometry, as the suffix "metry" appended to the root word "tone" indicates, is a technique for measuring peripheral arterial tone.*