**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number: 20-cv-60719-WPD

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV, and
VIRTUOX, INC.

      Defendants.

_____/

**ECTOSENSE NV's RESPONSE TO ITAMAR MEDICAL LTD.'S MOTION FOR**
**SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ITAMAR MEDICAL LTD. ("Itamar") filed an improvident Motion for Sanctions ("Motion") against Defendant, ECTOSENSE NV ("Ectosense") and its counsel under Rule 11 of the Federal Rules of Civil Procedure. Itamar's Motion should be summarily denied for the following reasons:

1.      Itamar's Motion is a retaliatory filing based on the materially-flawed premise that Ectosense's pending Motion to Disqualify Gene Kleinhendler (ECF No. 181) is a frivolous "tactical ploy" devoid of factual or legal support. As this Court observed, and actually stated to Itamar's counsel during the hearing, Ectosense's Motion to Disqualify is not frivolous.

2.      Itamar's Motion as well as its Motion to Disqualify response briefing and arguments during the hearing have all be rife with mischaracterizations of Ectosense's arguments and the witness testimony. Itamar refuses to acknowledge that Mr. Kleinhendler's *ex parte* communications and extortionate conduct was even inappropriate. Instead, Itamar's argument was initially that Mr. Kleinhendler and Itamar did nothing wrong at all, and that the entire motion practice was a strategic ploy by Ectosense's counsel. Itamar then took depositions and

shifted its argument slightly to suggest that it was both Ectosense and its counsel that were engaged in strategic motion practice. Both arguments have been contrary to the evidence.

3.      Itamar accuses Ectosense of relying upon "wild conjecture" and "circumstantial evidence." Yet, Itamar ignored the actual witness testimony during deposition and at the hearing demonstrating that Mr. Kleinhendler engaged in *ex parte* communications and lodged extortionate demands, none of which was conjecture or circumstantial—it was direct evidence of what transpired. Itamar has been trying to deflect from Mr. Kleinhendler's misconduct. This is because Itamar had, and still has, no explanation for why in the world he used an intermediary to facilitate an *ex parte* introduction to Ectosense's board member who had just shut down settlement negotiations, only then to request contact with Ectosense's Belgium based lead investor. Itamar had no business engaging an attorney to contact Ectosense's board members or lead investor. Itamar and Mr. Kleinhendler then threatened the investor with criminal prosecution in the United States unless the investor complied with Itamar demands to investigate Ectosense, and effectively pull Ectosense out of the US market. This is classic extortion and was all in writing.

4.       Mr. Kleinhendler indisputably acted unethically, and Ectosense has properly sought disqualification and sanctions for his and Itamar's misconduct here. Ectosense's Motion to Disqualify presents legitimate factual and legal arguments for this Court to resolve and is not frivolous. Despite the Court's own observations regarding the merits of the Motion during the November 22, 2021 evidentiary hearing, Itamar refuses to withdraw its improper Motion, thus necessitating further briefing. Itamar's Rule 11 Motion is itself frivolous and should be denied.

<u>**MEMORANDUM OF LAW**</u>

I.   **Legal Standard**

"Rule 11 sanctions are properly assessed '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.'" *Massengale v. Ray, 267* F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). Rule 11's purpose is to "discourage dilatory or abusive tactics." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). Rule 11 is not a supplementary means of attacking the merits of another party's contentions or attempting to bully their counsel. Unfortunately, Itamar uses Rule 11 in precisely this improper manner.

II.   **Ectosense's Motion has a Reasonable Basis in Fact and Law**

Rule 11 requires a two-step inquiry: (1) a determination whether the non-moving party's claims are objectively frivolous; and (2) whether the party should have been aware that the claims were frivolous." *Philippeaux v. City of Coral Springs*, No. 19-60617-CV, 2019 WL 10303694, at *9 (S.D. Fla. Oct. 16, 2019) (citing *Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013). As Itamar's Motion points out, "[a] factual claim is defined as frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." *Lawson v. Sec'y Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014). "When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851

F. Supp. 2d 1299, 1308 (S.D. Fla. 2011) *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 F. App'x 677 (11th Cir. 2012).

Ectosense conducted extensive briefing and provided discovery into the factual issues surrounding its Motion to Disqualify, all of which demonstrated Ectosense has presented meritorious issues to the Court. Even before the discovery, the briefing, affidavits, and declarations submitted by the parties in connection with the Motion clearly established that Ectosense is presenting a meritorious motion to the Court. Indeed, the Court scheduled an evidentiary hearing to resolve the underlying disagreements—a paradigmatic example of what the judicial process is properly used for—before deciding the issue of disqualification.

Itamar's primary arguments all focus on this claim that Ectosense's Motion to Disqualify is based upon "wild conjecture" and "circumstantial evidence." Specifically, Itamar argues on pages 6 and 7 of its Motion that "the written communications between Saffelberg and Mr. Kleinhendler do not in any way evidence that Saffelberg felt threatened or intimidated. To the contrary, Mr. Benoot, Saffelberg's General Counsel, communicated with Mr. Kleinhendler for almost a month after he was purportedly threatened and intimidated, but he never expressed those feelings to Mr. Kleinhendler."

Itamar of course ignored Mr. Benoot's testimony in deposition and at the hearing explaining that while the conversations were civil, he took the claims seriously and conducted an internal analysis before even sharing what was going on with Ectosense. Saffelberg viewed Mr. Kleinhendler's conduct as "blackmail." The civility of the communications do not change that, and have no bearing on whether or not Ectosense's Motion to Disqualify is frivolous. *See e.g. United States v. Alaboud*, 347 F.3d 1293, 1298 (11th Cir. 2003), overruled on other grounds by *United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015) ("The fact that the victim acts as if he

believed the threat is evidence that he did believe it, and the fact that he believed it is evidence that it could reasonably be believed and therefore that it is a threat."; *United States v. Orozco–Santillan*, 903 F.2d 1262, 1265 (9th Cir.1990) ("Alleged threats should be considered in light of their entire factual context, including the surrounding events and reaction of the listeners.")). Itamar was attempting to put Mr. Benoot's civility on trial rather than focusing on the fact that Itamar had no lawful or proper reason to even have Mr. Kleinhendler contact Mr. Benoot and threaten Saffelberg with prosecution in the United States. Again, what business did an Israel-based medical device manufacturer have hiring an Isreal-based attorney barred in New York to contact its adverse party's investor in Belgium? None—except to drive a wedge between the investor and Ectosense to gain advantage in the US litigation.

Even more confounding is how Itamar reconciles its argument that Ectosense's Motion has no reasonable evidentiary basis with the fact that the Court conducted an all-day evidentiary hearing on the Motion. A court is well within its discretion to deny setting an evidentiary hearing, and a hearing is not required on every motion to disqualify counsel, even when conflicting affidavits have been submitted. *See Fenik v. One Water Place*, No. 3:06CV514/RV/EMT, 2007 WL 527997, at *2 (N.D. Fla. Feb. 14, 2007) (citing *Allstate Ins. Co. v. Bowne,* 817 So.2d 994, 998 (Fla. 4th DCA 2002)). Although a motion to disqualify can be decided without an evidentiary hearing, an evidentiary hearing is required when material facts are in dispute. *Id.* Sister Courts have had the occasion to address whether motions for disqualification are "fairly debatable." *See Cochran v. Five Points Temporaries, LLC*, No. 2:10-CV-3522-SLB, 2012 WL 4726285, at *15 (N.D. Ala. Sept. 27, 2012) (finding that the issue of whether counsel should be disqualified is fairly debatable so as not to violate Rule 11(b)). Rather than point to any evidence of frivolity in connection with Ectosense's Motion to Disqualify,

Itamar's counsel is merely employing hardball litigation tactics to protract litigation and distract the Court from the underlying issues in this case.

## CONCLUSION

Itamar's refusal to withdraw its Motion despite the Court's observations that Ectosense's Motion to Disqualify is not frivolous during the evidentiary hearing simply shows that the only paper that is frivolous and violative of Rule 11 is Itamar's own sanctions Motion. Rule 11 is not designed to be a weapon to intimidate an adverse party or its counsel, which is precisely what Itamar is doing. *See Autrey v. United States*, 889 F.2d 973, 986 n.20 (11th Cir. 1989) ("[W]e look with disfavor on a party's use of Rule 11 or the ethical rules as combative tools."). Itamar's Motion for Sanctions should be denied and Ectosense should be awarded its reasonable attorneys' fees incurred in connection with defending same.

## CERTIFICATE OF SERVICE

Counsel for Ectosense NV hereby certifies that on the 3rd day of December, 2021, I electronically filed the foregoing document via CM/ECF and served this document on all counsel of record as listed in the Service List below.

/s/ *Seth J. Donahoe*
PAUL O. LOPEZ
Florida Bar #983314
pol@trippscott.com
SETH J. DONAHOE
Florida Bar #1004133
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
(954) 525-7500 telephone
(954) 761-8475 facsimile

**SERVICE LIST**
**CASE NO: 20-cv-60719-WPD**

| **Counsel for Plaintiff:** | **Counsel for Defendant ECTOSENSE:** |
|---|---|
| LAURA GANOZA, ESQ. <br> Florida Bar No. 0118532 <br> lganoza@foley.com <br> atownsend@foley.com <br> HAWWI EDAO, ESQ. <br> Florida Bar No. 1026550 <br> hedao@foley.com <br> hmoreno@foley.com <br> **FOLEY & LARDNER LLP** <br> One Biscayne Tower, Suite 1900 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> (305) 482-8400 <br> (305) 482-8600 (fax) <br><br> **Co-Counsel for Plaintiff:** <br><br> JESSICA N. WALKER, ESQ. <br> jwalker@foley.cOM <br> **FOLEY & LARDNER LLP** <br> 555 South Flower Street, Suite 3300 <br> Los Angeles, CA 90071-2418 <br> (213) 972-4675 <br><br> GENE KLEINHENDLER, ESQ. <br> gene@gk-ad.com <br> ANNA ADAMSKY, ESQ. <br> anna@gk-ad.com <br> **GK ADVISORY** <br> 72 Ahad Haam St. <br> Tel Aviv 6520512, Israel <br> (972) 3-735-6168 | PAUL O. LOPEZ, ESQ. <br> eservice@trippscott.com (primary) <br> pol@trippscott.com (secondary) <br> sxc@trippscott.com (secondary) <br> SETH J. DONAHOE, ESQ. <br> eservice@trippscott.com (primary) <br> sjd@trippscott.com (secondary) <br> sgc@trippscott.com (secondary) <br> B. GEORGE WALKER, ESQ. <br> bgw@trippscott.com <br> sxc@trippscott.com <br> cab@trippscott.com <br> Tripp Scott, P.A. <br> 110 SE 6th Street, 15th Floor <br> Fort Lauderdale, FL  33301 <br> Telephone:  (954) 525-7500 <br> Telefax:  (954) 761-8475 <br><br><br> **Co-Counsel for Defendant ECTOSENSE:** <br><br> Stephen Baird, Esq. <br> (*pro hac vice to be filed*) <br> GREENBERG TRAURIG, LLP <br> 90 South 7th St., Suite 3500 <br> Minneapolis, MN  55402 <br> bairds@gtlaw.com <br><br> Paul B. Ranis, Esq. <br> Florida Bar No. 64408 <br> GREENBERG TRAURIG, P.A. <br> 401 E. Las Olas Boulevard, Suite 2000 <br> Fort Lauderdale, Florida 33301 <br> ranisp@gtlaw.com <br> scottlaw@gtlaw.com <br> FLService@gtlaw.com <br><br> ***Counsel for VirtuOx Inc.*** <br><br> Jonathan B. Morton <br> Florida Bar No. 956872 |

|  | Jonathan.Morton@klgates.com<br>**K&L Gates LLP**<br>Southeast Financial Center<br>200 South Biscayne Boulevard, Suite 3900<br>Miami, Florida 33131-2399<br>Telephone: 305-539-3357<br><br>Darlene F. Ghavimi, *Admitted Pro Hac Vice*<br>Texas Bar No. 24072114<br>Darlene.Ghavimi@klgates.com<br>Stewart Mesher, *Admitted Pro Hac Vice*<br>Texas Bar No. 24032738<br>Stewart.Mesher@klgates.com<br>**K&L GATES LLP**<br>2801 Via Fortuna Suite 350<br>Austin, Texas 78746-7568<br>Telephone: (512) 482-6919 |
|---|---|