**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 20-cv-60719-DIMITROULEAS/SNOW**

ITAMAR MEDICAL LTD.,

          Plaintiff,

v.

ECTOSENSE NV,

          Defendant.

_____/

**<u>PLAINTIFF ITAMAR MEDICAL LTD.'S MOTION TO COMPEL AMENDED
RESPONSES AND PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S
THIRD SET OF REQUESTS FOR PRODUCTION</u>**

4888-2238-4142.2

Plaintiff, Itamar Medical Ltd. ("Itamar"), by counsel, hereby moves to compel Defendant, Ectosense *nv* ("Ectosense"), to provide amended responses and responsive documents, if any, to Requests Nos. 143–147, 169–174, 181–185, 190, and 197–198, and to produce all documents responsive to Request Nos. 175–180[1] and 191–192 of Itamar's Third Set of Requests for Production of Documents ("Third Requests"). Ectosense's initial response to the Third Requests contained objections to virtually every single request.  After good faith conferrals, Ectosense provided Supplemental Responses to Itamar's Third Requests ("Supp. Responses"), a copy of which is attached hereto as **Exhibit A**.  While the Supp. Responses resolved some deficiencies, even after further conferrals, some issues still remain.  The Court should resolve these issues in Itamar's favor and award attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

I.     **Ectosense Must Withdraw its Improper Objections and Provide Amended Responses**

In its Supp. Responses to Requests Nos. 143–147, 169–174, 181–185, 190, and 197–198, Ectosense stated that it had already produced the responsive documents or that no responsive documents existed.  However, in those same responses, Ectosense went on to interpose objections, interpret terms in a way not intended by Itamar, and state that it would produce additional documents.  To date, Ectosense continues to maintain "conditional" objections and refuses to amend its responses to remove those objections or clarify its responses.

---

[1] For Requests 176–180, Ectosense stated that "responsive materials have been produced, or are contemporaneously being produced herewith, to the extent they exist." **Exhibit A** at pp. 28–29. (Itamar added page numbers to the Supp. Responses for the Court's ease of reference).  The day after receiving the Supp. Responses, Itamar advised that no documents had been produced contemporaneously.  Ectosense responded that processing was underway and that it would produce the supplemental documents as soon as possible. As of the filing of this motion, Ectosense has yet to produce these documents. Given that Ectosense raised no objections to these Requests, Ectosense must produce all responsive documents forthwith. *See e.g., Cataño v. Capuano*, 18-20223-CIV, 2019 WL 10856760, at *1 (S.D. Fla. Feb. 5, 2019) ("as a general rule, when a party fails to timely object to . . . production requests . . . the objections are deemed waived").

2

Given the contradictions in the responses, Itamar is unable to determine whether there are responsive documents that Ectosense has yet to produce.  Not only are these responses confusing, they are also in violation of this Court's Discovery Order. (ECF No. 67).[2]  Therefore, Itamar requests that this Court order Ectosense to provide amended responses to Requests Nos. 143–147, 169–174, 181–185, 190, and 197–198, clearly stating that (1) all responsive documents have been produced or identified in the privilege log; (2) no responsive documents exist; or (3) all responsive documents will be produced or identified in an amended privilege log forthwith.  If Ectosense contends that it has already produced responsive documents in response to prior requests and there are no additional documents in response to the Third Requests, Ectosense should identify the previously produced documents by Bates numbers in order for Itamar to evaluate this contention.

**A.      To the extent Ectosense maintains its objections to Requests 143–147, 169–174, 181–185, 190, and 197–198, such objections are unfounded.**

Requests Nos. 143–145 are not vague and ambiguous.  Instead, they seek very specific documents (i.e., drafts and internal documents) related to the identified communications with the FDA. While Ectosense has produced documents to and from the FDA, no drafts or internal documents discussing the matters raised in these communications have been produced. Ectosense's privilege log does not contain any entries identifying such communications during the period that Ectosense was seeking 510(k) clearance either.  There is nothing vague about these requests.  The information is clearly relevant and should be produced forthwith.

Requests Nos. 146–147 seek documents and communications related to a specific promotional material attached to the Third Requests. Again, there is no basis to question the

---

[2] The Discovery Order admonishes that these responses "preserve[] nothing and serve[] only to waste the time and resources of the parties and the Court.  Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered." *Id.*  That is exactly what has happened here.

"intended meaning of 'promotional material'" that is actually attached as an exhibit.  Promotional materials often provide evidence of unauthorized use of a protected mark and instances of false advertising.  The internal documents related to the identified promotional material are relevant to Lanham Act claims and there is nothing for Ectosense to "interpret" to be able to respond to these requests.  Similarly, a request for communications with third parties, such as customers or potential customers, regarding the promotional material is not difficult to decipher and should be produced.

Requests Nos. 169–174 and 197–198 seek documents and communications related to VirtuOx, including the agreements between Ectosense and VirtuOx and their communications relating to the NightOwl.  Since Itamar dismissed its claims against VirtuOx, Ectosense objects to these Requests based on mootness.  However, just because VirtuOx is no longer a party to this litigation does not render these Requests moot.  Discovery requests are not moot if they seek information that is relevant to the issues that remain in the litigation.  *See Hill v. Celebrity Cruises*, Inc., 09-23815-CIV, 2010 WL 5419006, at *3 (S.D. Fla. Dec. 23, 2010) (finding that discovery request was not moot after dismissal of negligence claim because it was relevant to other pending claims).  The responsive documents may shed light on the relationship between Ectosense and VirtuOx and, among other things, are relevant to establishing that certain misrepresentations made by VirtuOx about the NightOwl in the United States can and should be attributed to Ectosense.

Documents responsive to Requests Nos. 181–185 are not beyond the scope of this litigation. Ectosense's co-founder and chief technology officer, Frederik Massie, stated in his deposition that Paul Clark was an Ectosense consultant based on his "extensive U.S. experience as a lead auditor and in preparing 510(k) applications" and that he assisted in connection with the 510(k) process for the NightOwl product. Ectosense's response to these Requests are unclear because while it states that it is "not withholding responsive documents," it ties responsiveness to

4

a purported agreement with prior counsel regarding "non-U.S. issues."  There is no reason for such

a limitation.  Documents related to Mr. Clark, a consultant on the NightOwl, are relevant and

should be produced forthwith.

Requests No. 190 is not vague and overbroad.  These nonspecific objections contravene

this Court's Discovery Order. (ECF No. 67).  Moreover, the trade secrets privilege and

confidentiality objections are improper because Ectosense failed to show how the privilege applies

to the requested information.[3]  Even if the privilege did apply, the parties already have a Protective

Order which takes care of concerns about confidentiality and commercially sensitive information.

**II.    Ectosense Must Produce The Financial Information Responsive to Request No. 175**

Request No. 175 seeks documents reflecting sales, revenue, and cost data related to the

NightOwl based on Ectosense's commercial activities in the United States. While Ectosense

disclosed "selected financial information" in a table included in its Amended Answers to Itamar's

First Set of Interrogatories, it has not produced the documents underlying this information.

Ectosense states it has produced this information in "multiple formats," but Itamar has been unable

to locate documents reflecting this information, and, despite requests, Ectosense has not identified

the purported documents it previously produced.

Ectosense further objects to Request No. 175 based on an agreement it reached with

Itamar's prior counsel.  Current counsel knows of no such agreement and Ectosense's counsel has

not provided evidence that any such binding agreement exists.  More importantly, an agreement

that absolves a defendant from producing sales information in Lanham Act case does not make

---

[3] "No absolute privilege exists that immunizes trade secrets and other confidential information
from disclosure." *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at \*4 (S.D. Fla. Jan.
25, 2013). A party claiming trade-secret privilege must show that the information sought is
confidential and that its disclosure might be harmful. *Medina v. Enhanced Recovery Co., LLC*, 15-
14342-CIV, 2017 WL 5196093, at \*9 (S.D. Fla. Nov. 9, 2017).

4888-2238-4142.2

any sense.  "[U]nder the Lanham Act, actual damages are measured by '(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.'  15 U.S.C. § 1117(a). Thus, in the present case, discovery into the parties' financial records is largely relevant." *Lifecell IP Holdings, LLC v. Cosmedique*, LLC, 0:19-CV-60978, 2019 WL 12294304, at *1 (S.D. Fla. Dec. 10, 2019).  Ectosense should produce the U.S. sales and financial data requested by Itamar.

### III.    Ectosense Must Produce Customer Documents Responsive to Request No. 191–192

Request No. 191 seeks documents related to customer complaints involving the NightOwl. Ectosense limited the Request to "complaints regarding Ectosense's assertions as to whether NightOwl measures PAT."  **Exhibit A** at 33.  During conferrals, Itamar reiterated that this Request encompasses *all* customer complaints about the NightOwl, which could include complaints about its functionality or similarity/dissimilarity to the WatchPAT.  Although Ectosense claims that it raised no objections to this Request, it has not confirmed if it continues to give this Request a restrictive interpretation.  Thus, it is unclear whether responsive documents to Itamar's Request, not Ectosense's limited interpretation, actually exist. To the extent they do, Ectosense must produce them because they are relevant to Itamar's claims.

Request No. 192 seeks Ectosense's list of customers in the United States.  Like Request No. 175, Ectosense objects to this Request based on a purported agreement it reached with Itamar's prior counsel.  It is inconceivable that any agreement would limit a plaintiff's ability to discover evidence of a defendant's customers and trade channels in a Lanham Act case.  This information is relevant to liability and damages and must be produced.

**CONCLUSION**

For the reasons stated above, Itamar respectfully requests that this Court grant this motion to compel in its entirety.

6

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3)(A) and this Court's Discovery Order (ECF No. 67), that the parties have met and conferred in good faith regarding Ectosense's responses to Itamar's Third Set of Requests for Production of Documents. Ectosense responded to Itamar's Requests on November 18, 2021 by objecting to virtually every request. Itamar sent Ectosense a conferral letter identifying deficiencies in its responses on December 16, 2021. The parties conferred via videoconference on January 4, 2022, and Ectosense agreed to supplement its responses by January 17, 2022. On that date, Ectosense provided its Supp. Responses, which resolved some, but not all, of the deficiencies Itamar had previously noted in its letter and during the videoconference. On January 19, 2022, Itamar wrote to Ectosense and identified the remaining issues. On January 24, the parties conferred telephonically regarding, among other discovery matters, the outstanding deficiencies with Ectosense's responses. Itamar wrote to Ectosense two more times, on February 2 and February 9, inquiring about the outstanding production and remaining issues. Finally, on February 15, Ectosense responded that it was maintaining a number of objections, but that additional documents that were not objected to would be produced by "mid next-week." Although Itamar sought further clarification on Ectosense's objections, as of the date of this filing, Ectosense has not amended it written responses and no documents have been produced in response to the Third Requests.

/s/ Laura Ganoza
Attorney

4888-2238-4142.2

Dated: February 23, 2022                    Respectfully submitted,

                                            */s/ Laura Ganoza*
                                            **FOLEY & LARDNER LLP**
                                            Laura Ganoza, Esq.
                                            Florida Bar No. 0118532
                                            lganoza@foley.com
                                            atownsend@foley.com
                                            Ana Romes, Esq.
                                            Florida Bar No. 101179
                                            aromes@foley.com
                                            avargas@foley.com
                                            Yelan Escalona, Esq.
                                            Florida Bar No. 1031564
                                            yescalona@foley.com
                                            hmoreno@foley.com
                                            One Biscayne Tower, Suite 1900
                                            2 South Biscayne Boulevard
                                            Miami, Florida 33131
                                            (305) 482-8400


                                            **FOLEY & LARDNER LLP**
                                            Jessica N. Walker, Esq.
                                            *(admitted pro hac vice)*
                                            555 South Flower Street, Suite 3300
                                            Los Angeles, CA 90071-2418
                                            (213) 972-4675
                                            jwalker@foley.com

                                            ***Counsel for Plaintiff Itamar Medical Ltd.***


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically

filed with the Clerk of the Court on this 23rd day of February, 2022 using CM/ECF, which serves

all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


                                            */s/ Laura Ganoza*
                                            Laura Ganoza

4888-2238-4142.2