**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case Number: 20-cv-60719-DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,
     Plaintiff,

v.

ECTOSENSE NV,
     Defendant.

_____/

**ECTOSENSE NV'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S THIRD**
**SET OF REQUESTS FOR PRODUCTION**

## INTRODUCTION

Repeating earlier discovery, Itamar once again propounded overbroad and duplicative discovery. In response, Ectosense indicated whether responsive documents were known to exist, and whether documents were being withheld on the basis of privilege. Preemptively, however, Ectosense lodged specific and particularized objections to avoid any possibility of waiver. While Ectosense significantly narrowed the issues through numerous conferrals, Itamar refuses to be satisfied with Ectosense's responses and seeks Court intervention on matters the Court already ruled on—against Itamar—when it denied Itamar's previous Motions to Compel. [D.E. 98, D.E. 103, D.E. 118].

Itamar's argument is also hypocritical. Itamar removed privilege log entries because they pertained to issues in India and Europe. Itamar explained that the parties stipulated they would not view non-U.S. matters as responsive— which is true. Yet, this presents no obstacle to Itamar demanding and seeking to compel documents pertaining to non-U.S. matters impacting Ectosense. Itamar also relies on the parties' stipulation to withhold production, while simultaneously attacking the validity of the stipulation. Itamar should be held to the same standard as Ectosense. Itamar cannot have its cake, and eat it too.  "What is good for the goose is [] also good for the gander." *Ward v. Carnival,* 2019 WL 1228063, at *8 (S.D. Fla. 2019).

## ARGUMENT

### I.   Ectosense Clarified its Responses and Objections During Conferrals.

Itamar claims Ectosense refuses to clarify its responses, but Ectosense sent an exhaustive conferral letter addressing the topics about which Itamar now complains. **Exhibit "A."** Ectosense (1) explained it had withdrawn objections asserted only for preservation, where no responsive documents actually existed; (2) identified which requests no longer had objections pending; (3) identified which requests had objections pending; (4) explained the basis of remaining objections; (5) explained it would provide a supplemental privilege log (and has); and (6) addressed Itamar's other complaints as completely as possible. Other than documents currently withheld based on an objection, it is unclear what else Itamar could possibly want or need.

### II.   Ectosense's Objections Are Appropriate and Comply with the Court's Discovery Order.

Seeking transparency, Ectosense explained to Itamar that it considered certain requests objectionable, if wording of the requests susceptible to differing interpretations led to a particular

objectionable interpretation. Otherwise, Ectosense provided specific and particularized objections for the limited number of requests where it maintained objections, which is all that is required. *Demarzo v. Healthcare*, 2021 WL 6693755, at *4 (S.D. Fla. 2021).

### a. Requests Nos. 143 – 145

Requests 143-145 seek Ectosense's "drafts and internal documents" related to certain communications with the FDA. Ectosense explained no documents responsive to this request are known to exist at this time. Any responsive documents Ectosense possessed were produced along with the entirety of Ectosense's 510(k) submissions. Ectosense qualified its objection as to vagueness of the word "drafts" by stating that it would consider any clarified definitions Itamar may offer, but sought to maintain its objection in the event that Itamar's intended meaning of "drafts" differed from what was contemplated by the Request.

Ectosense also searched again for additional "drafts" using Itamar's intended meaning, and found none. Itamar cannot demand Ectosense produce material which Ectosense does not possess. *See Thermoset v. Bldg. Materials*, 2014 WL 6473232, at *4 (S.D. Fla. 2014)

### b. Requests Nos. 146 – 147

Requests 146 and 147 seek "internal documents relating to" and communications with "third parties relating to" certain promotional materials that Itamar attached to the Requests. The phrases "relate to" and "relating to" are disfavored as ambiguous. *TIC Park v. Cabot*, 2017 WL 3034547, * 4–6 (S.D. Fla. 2017);

The terms "internal documents" and "third parties" are also overly broad and ambiguous. The Requests also seek compilations of documents, which in and of themselves are protected as work product and potentially trade secrets. *Mitchell-Proffitt Co. v. Eagle Crest, Inc.,* 2005 WL 8159669, at *3 (M.D. Fla. 2005); *Capital Asset v. Finnegan*, 160F.3d 683,686 (11th Cir. 1998); *Premier Lab v. Chemplex*, 10 So.3d 202, 206 (Fla. 4th DCA 2009).

### c. Requests Nos. 169 – 174 and 197 – 198

Requests 169-174 and 197-198 seek documents related to VirtuOx. Ectosense objects to these Requests as duplicative and cumulative of prior requests. Ectosense is not required to produce cumulative or duplicative documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 5105028, at *2 (S.D. Fla. 2021)

Itamar requested the same materials in its First Request for Production. In response, Ectosense asserted privilege and work-product, and designated the materials Highly

Confidential. [D.E. 103-1]. The Court sustained Ectosense's objections, yet Ectosense finds itself resisting the same requests in recycled form. [D.E. 98].

Itamar argues "responsive documents may shed light on the relationship between Ectosense and VirtuOx and, among other things, are relevant to establishing that certain misrepresentations made by VirtuOx about the NightOwl in the United States can and should be attributed to Ectosense." [D.E. 252, p. 4]. This is a thinly veiled attempt to circumvent privilege that exists due to the common interest doctrine. Itamar sued Ectosense before it had sold a device in the United States, let alone would have had Virtuox do so. *MapleWood Partners, v. Indian Harbor,* 295 F.R.D. 550, 605 (S.D. Fla. 2013)

### III.  Itamar's "Do as I Say, Not as I Do" Discovery Practices.

#### a.  Requests Nos. 181 – 185

Fed. R. Civ. P. 29(b) allows parties to stipulate on discovery procedures, and such agreements are enforced. *Hernandez v. Starbucks,* 2011 WL 13173810, at *3 (S.D. Fla. 2011).

Itamar's Motion argues that Ectosense ties responsiveness of the documents sought by Requests 181-185 "to a purported agreement with prior counsel regarding 'non-U.S. issues.'" On the one hand, Itamar contends in its Motion that "there is no reason for such a limitation. Documents related to Mr. Clark, a consultant on the NightOwl, are relevant and should be produced forthwith." [D.E. 252, p. 5]. On the other hand, Itamar simultaneously acknowledges the Parties' agreement to exclude non-U.S. issues from discovery while withholding certain documents in response to Ectosense's Request for Production. *See* February 4, 2022 Conferral Letter attached as **Exhibit** "**B**" ("FLI-ECA-ItamarEcto-0000023694 and its attachments are documents relating to possible litigation involving the India patent office. Because these are not related to the US market, these are technically not responsive. We have updated the log to cross these off as not responsive…"); *see also* March 4, 2022 Conferral Letter attached as Exhibit "**C**" ("FLI-ECA-ItamarEcto-0000906807.0002 and its family, FLI-ECA-ItamarEcto-0000895894.0001 and its family, are actually related to legal advice for Europe-only patent issues, and are not responsive to any request.").

With respect to Itamar's Requests concerning Ectosense's regulatory consultants, Ectosense has produced a privilege, which it amended to address issues raised in Itamar's conferral letter regarding the log. Itamar argued Ectosense's communications with regulatory consultants are not privileged or work product. March 3, 2022 Conferral Letter attached as

**Exhibit** "**D**." In doing so, Itamar argues none of these communications involve an attorney, so privilege fails. **Ex. D,** p. 2. But, Itamar makes the exact same claim of privilege in withholding its own regulatory compliance communications, and goes so far as to state "Itamar will maintain privilege or work-product (or both) for all 'regulatory compliance' materials that are protected by the attorney-client privilege, or the work product doctrine, or both." *See* Ex. B, pp. 4-5; Ex. C, p. 3.

Communications do not have to involve an attorney for privilege to attach. *Diamond v. US Consumer*, 519 F. Supp. 3d 1184, 1197 (S.D. Fla. 2021). Attorney-client privilege may apply where there is (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client. *In re Grand Jury Matter* No. 91-01386, 969 F.2d 995, 997 (11th Cir. 1992) "Privileged persons include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *In re Teleglobe*, 493 F.3d at 359. Clients may engage non-attorney professionals in furtherance of non-routine matters implicating legal issues. Such persons are acting as agents of attorneys, protecting their communications. *In re Int'l Oil Trading*, 548 B.R. 825, 833–35 (Bankr. S.D. Fla. 2016)

Ectosense's regulatory consultants prepared documents in contemplation of potential adversarial administrative proceedings with the FDA, or litigation with Itamar. They are privileged. *Royal Bahamian Association. See* 2010 WL 3637958 at \*4; *In re Cnty. of Erie,* 473 F.3d 413, 420 (2nd Cir.2007).

Itamar also argues its own draft documents are "unquestionably privileged," while arguing Ectosense's objections to Requests 143-145 are improper. *See* Ex. C, p. 3. Further, with respect to Requests 146-147, Ectosense already produced all of its marketing assets and internal approvals—Itamar has yet to produce any. The parties should be held to the same standard and Itamar's motion should be denied.

   b.  **Request No. 175**

Request 175 seeks documents reflecting the NightOwl's sales, revenue, and cost data related to Ectosense's commercial activities in the U.S. In its response, Ectosense indicated that it already produced responsive materials, including documents which contain the information contained in Table 1 of Ectosense's Amended Answers to Itamar's First Set of Interrogatories, but which were not specifically created in contemplation of Table 1. Further, revenues and costs

data was exported into Excel from Ectosense's billing and record system. No discrete file or document exists which can be produced. Ectosense should not be required to produce cumulative invoices, because Itamar stipulated the materials Ectosense already provided are sufficient.

### c.  Requests Nos. 191 – 192

Request 191 seeks all documents related to customer complaints involving the NightOwl product. Ectosense states that it "interprets the Request as limited to the topics the parties have stipulated are responsive subject-matter topics, which in relation to customer complaints, would include complaints regarding Ectosense's assertions as to whether NightOwl measures PAT. Any responsive documents known to exist have either been produced, or identified on Ectosense's privilege log." Request 192 documents identifying all customers of Ectosense's NightOwl product in the United States. This is duplicative of prior requests, and exceeds the scope of what the parties agreed was responsive.

### Conclusion

Ectosense requests the Court deny Itamar's Motion, and grant all other relief to which Ectosense is justly entitled.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of March, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/s/ *B. George Walker*
**PAUL O. LOPEZ**
Florida Bar # 983314
pol@trippscott.com
**SETH J. DONAHOE**
Florida Bar #1004133
sjd@trippscott.com
**B. GEORGE WALKER**
Florida Bar # 71049
bgw@trippscott.com
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL  33301
(954) 525-7500 telephone
(954) 761-8475 facsimile

**SERVICE LIST**
**CASE NO: 20-cv-60719-WPD**

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| ROBERT D.W. LANDON, III ESQ.<br>rlandon@knpa.com<br>ELIZABETH B. HONKONEN, ESQ.<br>ebh@knpa.com<br>Kenny Nachwalter, P.A.<br>Four Seasons Tower<br>1441 Brickell Avenue, Suite #1100<br>Miami, FL 33131<br>Telephone:  (305) 373-1000<br><br>Allen M. Gardner, Esq. (admitted *pro hac vice*)<br>Allen.Gardner@lw.com<br>Chase A. Chesser, Esq. (admitted *pro hac vice*)<br>Chase.Chesser@lw.com<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite #1000<br>Washington, DC  20004<br>Telephone:  (202) 637-2270<br><br>Jennifer L. Barry (admitted *pro hac vice*)<br>Patrick C. Justman (admitted *pro hac vice*)<br>LATHAM & WATKINS LLP 12670 High Bluff Drive San Diego, CA 92130 Telephone: (858) 523-5400<br>Jennifer.Barry@lw.com<br>Patrick.Justman@lw.com | PAUL O. LOPEZ, ESQ.<br>eservice@trippscott.com (primary)<br>pol@trippscott.com (secondary)<br>sxc@trippscott.com (secondary)<br>SETH J. DONAHOE, ESQ.<br>eservice@trippscott.com (primary)<br>sjd@trippscott.com (secondary)<br>sgc@trippscott.com (secondary)<br>Tripp Scott, P.A.<br>110 SE 6th Street, 15th Floor<br>Fort Lauderdale, FL  33301<br>Telephone:  (954) 525-7500<br>Telefax:  (954) 761-8475<br><br>**Co-Counsel for Defendant:**<br><br>Scott J. Bornstein, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY  10166<br>bornsteins@gtlaw.com<br><br>Stephen Baird, Esq.<br>(*pro hac vice to be filed*)<br>GREENBERG TRAURIG, LLP<br>90 South 7th St., Suite 3500<br>Minneapolis, MN  55402<br>bairds@gtlaw.com<br><br>Paul B. Ranis, Esq.<br>Florida Bar No. 64408<br>GREENBERG TRAURIG, P.A.<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, Florida 33301<br>ranisp@gtlaw.com<br>scottlaw@gtlaw.com<br>FLService@gtlaw.com |