# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## Case No. 20-cv-60719-DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

        Plaintiff,

v.

ECTOSENSE NV,

        Defendant.
_____/

**PLAINTIFF ITAMAR MEDICAL LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS DISCLOSED IN DEFENDANT ECTOSENSE NV'S AMENDED PRIVILEGE LOG (RFP 181-186)**

Plaintiff, Itamar Medical Ltd. ("Itamar"), by counsel, hereby moves to compel Defendant, Ectosense *nv* ("Ectosense"), to produce the documents disclosed in Ectosense's Amended Privilege Log (RFP 181-186)[1] (the "Privilege Log"), served on March 9, 2022, a copy of which is attached hereto as **Exhibit A**. Ectosense initially served a Supplemental Privilege Log on February 23, 2022.[2] In a March 3, 2022 conferral letter, Itamar identified the deficiencies in the Supplemental Privilege Log, which included a failure to identify or substantiate an applicable privilege. Although Ectosense amended the Privilege Log, the current version still fails to show how the attorney-client privilege or the work product doctrine protect Ectosense's communications with non-lawyer, third parties, namely its alleged regulatory consultants. There being no basis to withhold these responsive, highly relevant and non-privileged communications and attachments, the Court should compel Ectosense to produce these documents. In addition, the Court should order Ectosense to pay Itamar its attorneys' fees and costs incurred in filing this motion.

## I. The Documents Identified in the Privilege Log are Not Protected by the Attorney-Client Privilege Because They Do Not Involve Attorneys or Legal Advice

"To invoke the attorney-client privilege one must show the following: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of a bar of a court, or his subordinate and (b) in connection with this

---

[1] Contrary to Ectosense's title, the Privilege Log includes documents that are also responsive to Requests Nos. 176–180.

[2] Ectosense served the Supplemental Privilege Log seventeen minutes after Itamar filed its Motion to Compel Amended Responses and Production of Documents Responsive to Plaintiff's Third Set of Requests for Production (the "Motion") (ECF No. 252). The documents listed in both versions of the Privilege Log are responsive to Requests Nos. 176–185, which are addressed in the Motion. Specifically, in the Motion, Itamar explains how Ectosense failed to object to Requests Nos. 176–180 and instead stated it would produce the responsive documents. However, Ectosense never produced any documents. Itamar's Motion also explains how documents responsive to Requests Nos. 181–185 are not beyond the scope of this litigation and should be produced. Instead of producing these documents, Ectosense is now withholding them as set forth in the Privilege Log.

4861-6779-8803.2

communication is acting as a lawyer . . .." *See CSX Transp. Inc. v. Admiral Ins. Co.*, 1995 WL 855421, at *2 (M.D. Fla. July 20, 1995). Not all confidential communications between a client and its lawyer are attorney-client privileged. Under both Florida state law and federal common law, the attorney-client privilege only protects confidential communications made in the rendition of legal services to a client. § 90.502, Fla. Stat. (2021); *U.S. v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990). "Claims of the [attorney-client] privilege in the corporate context will be subjected to a heightened level of scrutiny." *So. Bell Tl. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994). Moreover, the proponent of the privilege bears the burden of establishing it by a preponderance of the evidence. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584 (S.D. Fla. 2013) (applying Florida law). If the proponent fails to prove any element of the privilege, the claim of privilege fails. *Payrange, Inc. v. Kiosoft Techs.*, LLC, 20-CV-20970, 2021 WL 1312939, at *2 (S.D. Fla. Mar. 10, 2021). Mere conclusory assertions do not suffice. *Id*. The proponent "must offer underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit. However, unless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege. An improperly asserted claim of privilege is no claim of privilege at all." *Id*. (cleaned up).

      The vast majority of the communications identified in the Privilege Log are between Ectosense's officers Bart Van Pee, Frederik Massie, Ciaran McCourt, and Ectosense's non-attorney regulatory consultants, Paul Clark and Paul Phillips. A few include employees at Ectosense and a Belgian engineering firm. With the exception of two emails involving Tripp Scott, none of the communications includes an attorney. This is fatal to a claim of attorney-client privilege. *See Poertner v. Gillette Co.*, 2013 WL 12149369, at *3 (M.D. Fla. Mar. 12, 2013) (finding that an email string is not protected where "it is a series of emails between non-attorney

3

employees of Defendants; no attorney is listed as a recipient of any email in the string; and the emails do not request legal advice from an attorney or relate to legal services being rendered"). Although Ectosense states that it communicated with its regulatory consultants at the direction of an unidentified "in-house counsel," Ectosense fails to list any communications where its in-house counsel provides the legal advice that is purportedly being communicated to the regulatory consultants. Tellingly, Ectosense has never even identified the name of its "in-house counsel" in any prior privilege log, much less logged any purported communications with an in-house counsel that would give rise the claimed privilege in the subject Privilege Log.

Additionally, none of the communications appear to relate to the rendering of legal advice. Instead, the documents relate to Ectosense's 510(k) submissions to the Food and Drug Administration ("FDA"). Ectosense describes the communications as involving discussions of "legal advice regarding regulatory compliance." However, regulatory compliance is a non-protected purpose. *See Marquette Transp. Co., LLC v. M/V CENTURY DREAM*, CV 16-522, 2016 WL 11686640, at *2 (E.D. La. Dec. 13, 2016) ("No proof has been submitted by plaintiff in support of its work product or privilege claims; e.g. whether the materials were made in anticipation of litigation or to assist counsel in trial preparation, as opposed to some other non-protected purposes, such as regulatory compliance, . . . or other ordinary course of business function").

Ectosense's primary purpose in communicating with its non-attorney consultants was not to receive legal advice; it was to receive guidance through a non-adversarial regulatory application process. But, providing expertise and guidance through a "complex regulatory situation" does not shield the consultants' communications from disclosure. *See In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 352 F. Supp. 3d 207, 212 (E.D.N.Y. 2019) (finding that the attorney-client privilege did not protect communications with FDA consultants). Because

Ectosense fails to identify where in these communications it sought or received legal advice from an attorney, the communications identified in the Privilege Log and any documents attached to them are discoverable and should be produced. *See MapleWood Partners, L.P.*, 295 F.R.D. at 592 (ordering production of documents where party "failed to offer evidence that all of these allegedly privileged communications were from an agent of Plaintiffs to or from [] attorneys specifically for the primary purpose of seeking legal advice, i.e., the communication would not have been made 'but for' the contemplation of legal services.").

## II. The Documents Identified in the Privilege Log Are Not Protected by the Work Product Doctrine Because They Were Not Prepared in Anticipation of Litigation

Rule 26 of the Federal Rules of Civil Procedure describes the work product doctrine, and protects from discovery (1) documents or tangible things, (2) prepared in anticipation of litigation, and (3) by or for a party, or for its representatives. Fed. R. Civ. P. 26(b)(3). For the doctrine to apply, the withholding party "must demonstrate that at the time the materials were created or drafted, the entity must have anticipated litigation." *Schulte v. NCL (Bahamas) Ltd.*, 2011 WL 256542, at *2 (S.D. Fla. Jan. 25, 2011). "[M]aterials or documents drafted or created in the ordinary course of business are not protected." *Id.* Specifically, the proponent must establish that the "'primary motivating purpose' behind the creation of the documents was to aid in possible future litigation." *Havana Docks Corp. v. Carnival Corp.*, 19-CV-21724, 2021 WL 2940244, at *2 (S.D. Fla. July 13, 2021). "If documents are prepared for a business purpose, or for some other non-litigation purpose, they plainly fall outside the protection of the work product doctrine." *Id*. Similar to the attorney-client privilege, the proponent of the work product doctrine bears the burden of establishing that the doctrine applies. *Schulte*, 2011 WL 256542, at *2.

4861-6779-8803.2

Ectosense claims that the work product applies to two of the communications listed in the Privilege Log. *See* Ex. A at 47, 59.[3] The materials authored by Paul Clark and Paul Phillips were not prepared in anticipation of litigation. Although Ectosense claims to have engaged in these communications at the direction of "in-house counsel," it failed to log any communications where attorneys directed the work performed by the consultants. Instead, the primary purpose behind these documents and communications was receiving FDA pre-market clearance for the NightOwl. The driving force behind these documents was regulatory compliance, which is not a protected purpose. *See Maseng v. Tuesday Morning, Inc.*, CV 3:19-3245-SAL-SVH, 2020 WL 3130261, at *8–9 (D.S.C. June 12, 2020) (work product did not apply to report of customer injuries prepared by company attorneys because it was for advising on regulatory compliance, not litigation).

Moreover, even if Ectosense had anticipated litigation, the FDA clearance process is part and parcel of the business of a medical device company. Documents and communications with regulatory consultants, especially non-attorney consultants, in connection with the 510(k) process are documents prepared in the ordinary course of business and not prepared for the primary purpose of any anticipated litigation. *See Holladay v. Royal Caribbean Cruises, Ltd.*, 334 F.R.D. 628, 636 (S.D. Fla. 2020) (work product protection does not apply to documents prepared in the ordinary course of business or created in a similar form irrespective of litigation). There is no basis to withhold them and they should be produced.

## **CONCLUSION**

Itamar respectfully requests that this Court order Ectosense to grant this motion to compel in its entirety, and to award Itamar its attorneys' fees and costs incurred in the filing of this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

---

[3] Itamar added page numbers to Ectosense's Privilege Log for the Court's ease of reference.

4861-6779-8803.2

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY, pursuant to Local Rule 7.1(a)(3)(A) and this Court's Discovery Order (ECF No. 67), that the parties have met and conferred in good faith regarding Ectosense's Privilege Log. Ectosense served its Privilege Log on February 23, 2022. On March 3, 2022, Itamar sent Ectosense a letter identifying the deficiencies in the Privilege Log and explaining why the attorney-client privilege and the work product doctrine did not apply, and requesting that Ectosense produce all documents being withheld. The parties conferred via videoconference on March 7, 2022. During the conference, counsel for Ectosense stated it would produce an amended Privilege Log by 5 p.m. on March 8, 2022. Instead of meeting that deadline, Ectosense served a deficient Amended Privilege Log close to 9:00 p.m. on March 8, and then served a corrected, but still deficient, Amended Privilege Log on March 9, 2022. As of the filing of this motion, Ectosense is still withholding all documents listed in the Amended Privilege Log, Ex. A, and the parties were unable to resolve this dispute.

*/s/ Laura Ganoza*
Attorney

Dated: March 11, 2022

Respectfully submitted,

*/s/ Laura Ganoza*
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Yelan Escalona, Esq.
Florida Bar No. 1031564
yescalona@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
(305) 482-8400

**FOLEY & LARDNER LLP**
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
(213) 972-4675
jwalker@foley.com

***Counsel for Plaintiff Itamar Medical Ltd.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 11th day of March, 2022 using CM/ECF, which serves all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Laura Ganoza*
Laura Ganoza

4861-6779-8803.2