IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-cv-60719-DIMITROULEAS/SNOW

ITAMAR MEDICAL LTD.,

       Plaintiff,

v.

ECTOSENSE NV,

       Defendant.
_____/

**PLAINTIFF ITAMAR MEDICAL LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL AMENDED RESPONSES AND PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

Ectosense's Response [ECF No. 254] provides no basis for Ectosense to continue withholding the documents it initially agreed to produce (**Requests Nos. 176–180**), and those should be produced forthwith.[1] As for the purported "preemptive," "conditional" and/or new objections raised, those should be overruled because they are unsubstantiated and contrary to applicable law. For the reasons set out in Itamar's Motion to Compel Amended Responses and Production of Documents Responsive to Plaintiff's Third Set of Requests for Production (the "Motion") [ECF No. 252] and below, Itamar's Motion should be granted in its entirety.

## I. Ectosense Must Withdraw its Preemptive and Conditional Objections and Provide Amended Responses

In its Response, Ectosense admits that it raised objections while simultaneously "clarifying" that no responsive documents existed. (ECF No. 254-1, at 5). Itamar is not asking Ectosense to produce documents that do not exist. Instead, Itamar is asking Ectosense to withdraw its preemptive objections and amend it responses to simply (1) state that all responsive documents have been produced or identified in a privilege log; (2) state that no responsive documents exist; *or* (3) produce all responsive documents. If there are no documents responsive to **Requests Nos. 143–145**, Ectosense's response should state just that. Because Ectosense's conditional responses are confusing and in violation of this Court's Discovery Order [ECF No. 67], Ectosense should provide amended responses and produce any responsive documents that do exist.

## II. All Existing and Non-Privileged Responsive Documents Should Be Produced

In **Requests Nos. 146–147**, Itamar asked specifically for internal documents and communications showing the creation of the referenced document, the intended use of the document, the internal and external distributions of the document, and any internal or external

---

[1] Notwithstanding the filing of Itamar's motion to compel, Ectosense has still not produced the documents that Ectosense stated it was producing "contemporaneously" with its supplemental written response served on January 17, 2022.

questions received about the document.  Now, for the first time, Ectosense objects to the terms "internal documents" and "third parties,"[2] and claims that the responsive documents are protected work product and trade secrets.  However, Ectosense has not included these documents in a privilege log nor shown that the trade-secret privilege applies.  "A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." *Johnson v. Gross*, 611 Fed. Appx. 544, 547–48 (11th Cir. 2015); *see Heller v. Metro. Cas. Ins. Co.*, 19-80448-CV, 2020 WL 43299, at *2 (S.D. Fla. Jan. 3, 2020) (finding that plaintiffs waived privilege by failing to object and produce a privilege log).  Therefore, Ectosense should produce the documents responsive to Requests Nos. 146–147.

Itamar's prior motion to compel concerned three document requests that, unlike **Requests Nos. 169–174** and **197–198**, did not seek documents and communications about Ectosense's relationship with VirtuOx.  Thus, Ectosense's assertion that the Court has already sustained Ectosense's objections is unfounded.  Even if the requests in Itamar's prior motion capture some of the documents Itamar now seeks in these Requests, the Court's Order was without prejudice to future discovery requests because the Court stated that it was sustaining Ectosense's objections "at [that] time." (ECF No. 118). Once again, Ectosense claims a privilege without ever disclosing any responsive documents in a privilege log. There is not a single entry in Ectosense's most recent version of its privilege log, attached hereto as **Exhibit A**, where a VirtuOx agent is identified in the Sender/Author column or the Full Recipient List. Thus, Ectosense waived its underlying privilege claim and must produce these documents.  *See Johnson*, 611 Fed. Appx. at 547–48.

---

[2] Had Ectosense sought clarification on these terms, Itamar would have informed Ectosense that internal refers to communications by and between Ectosense's agents, including its officers and employees, and documents exchanged by these agents.  Third parties are those that are not agents of Ectosense.

Instead of directly addressing the issues raised in Itamar's Motion with respect to **Requests Nos. 181–185**, Ectosense elected to focus on extraneous issues concerning Itamar's privilege log. Itamar's withholding of documents relating to patent matters exclusively in Europe and India has no bearing on this Motion. Unlike the documents Itamar is withholding, the documents responsive to Requests Nos. 181–185 concern Ectosense's actions in the United States. Specifically, these Requests seek documents prepared by and communications with the consultants that guided Ectosense through the U.S. Food and Drug Administration's 510(k) clearance process. Moreover, as Itamar set forth in its Motion to Compel Production of Documents Disclosed in Ectosense's Amended Privilege Log (RFP 181 –186) [ECF No. 256], no applicable privilege shields these documents from production. Therefore, they should be produced.

Ectosense states that it has produced documents responsive to **Request No. 175**. During conferrals, and in its Motion, Itamar expressed that it has been unable to locate such documents. Itamar has asked Ectosense to identify the documents it claims it has produced, but Ectosense has refused. Moreover, Ectosense has failed to provide proof of any binding agreement between the parties that would prevent Itamar from seeking and obtaining relevant and non-privileged sales and costs documents, like the ones sought by Request No. 175.

Finally, Ectosense fails to respond to the issues raised in the Motion regarding **Requests Nos. 191–192**, and instead regurgitates the same objections contained in its responses. These objections are unfounded. The requested customer and customer complaint information is highly relevant and all responsive documents should be produced.

## CONCLUSION

Ectosense should produce all documents responsive to Requests No. 143-147, 169-185, 191-192, and 197-198, and Itamar should be awarded its fees and costs incurred in this motion.

4

4856-0037-4549.1

Dated: March 16, 2022

Respectfully submitted,

*/s/ Laura Ganoza*
**FOLEY & LARDNER LLP**
Laura Ganoza, Esq.
Florida Bar No. 0118532
lganoza@foley.com
atownsend@foley.com
Ana Romes, Esq.
Florida Bar No. 101179
aromes@foley.com
avargas@foley.com
Yelan Escalona, Esq.
Florida Bar No. 1031564
yescalona@foley.com
hmoreno@foley.com
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131
(305) 482-8400

**FOLEY & LARDNER LLP**
Jessica N. Walker, Esq.
*(admitted pro hac vice)*
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
(213) 972-4675
jwalker@foley.com

***Counsel for Plaintiff Itamar Medical Ltd.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 16th day of March, 2022 using CM/ECF, which serves all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Laura Ganoza*
Laura Ganoza