UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ITAMAR MEDICAL LTD.,

      Plaintiff,

v.

ECTOSENSE NV,

      Defendant.                /

Case No. 20-60719-CIV-DIMITROULEAS/SNOW

**JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT**

Plaintiff / Counter-Defendant Itamar Medical Ltd., and Defendant / Counter-Plaintiff Ectosense *nv* (together, the "Parties"), respectfully and jointly move to stay these proceedings pending settlement. In support, the Parties state as follows:

Over the course of several weeks preceding this Joint Motion to Stay Proceedings Pending Settlement (the "Motion"), the Parties have engaged in detailed settlement negotiations. The Parties believe they tentatively have reached a settlement in principle. At the same time, with respect to upcoming deadlines and ongoing litigation efforts, the Parties have a number of pending motions, discovery requests, and conferrals about discovery disagreements. The Parties desire a short period of reprieve from these deadlines for two reasons: (1) the Parties do not want the Court to expend judicial resources on reviewing matters that soon may be rendered moot; and (2) the Parties seek to focus their attention and resources exclusively to finalizing what is expected to be an in-depth and complex settlement agreement to resolve this litigation entirely.

The Parties respectfully request a brief stay of this litigation through March 31, 2022, with all deadlines—both with respect to the Court and as between the Parties—tolled from the date of this Motion through the date the stay is lifted. This brief stay of deadlines will facilitate the Parties' efforts to reach an amicable resolution and a final agreement by providing much-needed breathing room. In the event the parties are unable to ultimately finalize a settlement and further litigation is necessary, the Parties will notify the court no later than April 1, 2022 and will seek an order for any necessary deadline modifications due to the stay.

**RELEVANT PROCEDURAL POSTURE**

1. Itamar filed this lawsuit April 8, 2020. (ECF No. 1.) Shortly thereafter, Ectosense filed the first of several motions to dismiss. (ECF No. 13.)

4883-5898-1398.4

2. After a few amendments, and further rounds of motion practice, the operative pleadings became at issue January 28, 2022. (ECF No. 250.)

3. The close of discovery is currently set for April 22, 2022, and the Parties have several pending cross motions to compel concerning discovery matters. (*See* ECF No. s 252, 256, 257.) In addition, the Parties have pending discovery that is coming due in within the next ten days, as well as conferral efforts over past discovery for which deadlines are approaching to move to compel.

4. Finalizing the resolution of this lawsuit will require the time and attention of both the in-house counsel teams for the Parties and the outside counsel in this case. The Parties believe they have reached a resolution and want to focus the efforts through the end of this month on reducing the agreement to writing and completing the settlement.

5. "A district court has the inherent power to manage its docket and to stay proceedings based on the circumstances of a particular case." *Tobey v. Cook*, 2019 WL 5683837 (S.D. Fla. 2019). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See, e.g., Landis v. North Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). "[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). The burden of demonstrating a stay is appropriate, is low. "A party [need only] show reasonableness and good cause n order to obtain a stay." *Chico v. Dunbar*, 2017 U.S. Dist. LEXIS 166035,*3-4 (S.D. Fla. 2017).

6. As the Court is aware, most cases are resolved through compromise before trial. Motions to stay seeking additional time to achieve such compromises, and orders granting such motions, facilitate the typical resolution of lawsuits through settlement. Granting a stay under such circumstances also avoids a needless utilization of the Court's and the Parties' time and resources. Conversely, denying a motion to stay risks thwarting negotiation efforts as the pending deadlines would require further litigation and run counter the spirit of resolution the Parties are working under right now.

7. Granting a stay will facilitate an equitable resolution of this matter. The Parties therefore request the Court issue the requested stay through March 31, 2022 tolling all deadlines.

In the event that the Parties are unable to finalize a settlement by March 31, 2022, then no later than April 1, 2022, the Parties shall jointly file a status report with a proposed scheduled for all pending matters that were impacted by the stay.

Dated: March 18, 2022                                      Respectfully submitted,

| /s/ Ana Romes | /s/ Seth J. Donahoe |
|---|---|
| **FOLEY & LARDNER LLP** | **TRIPP SCOTT, P.A.** |
| Laura Ganoza, Esq. (FBN: 0118532) | Paul O. Lopez, Esq. (FBN: 983314) |
| Ana Romes, Esq. (FBN: 101179) | Seth J. Donahoe, Esq. (FBN: 1004133) |
| One Biscayne Tower, Suite 1900 | B. George Walker, Esq. (FBN: 71049) |
| 2 South Biscayne Boulevard | 110 SE 6th Street, 15th Floor |
| Miami, Florida 33131 | Fort Lauderdale, FL 33301 |
| Phone: (305) 482-8400 | Phone: (954) 525-7500 |
| lganoza@foley.com | eservice@trippscott.com (primary) |
| atownsend@foley.com | pol@trippscott.com (secondary) |
| aromes@foley.com | sxc@trippscott.com (secondary) |
| avargas@foley.com | sjd@trippscott.com (secondary) |
|  | sgc@trippscott.com (secondary |
| **FOLEY & LARDNER LLP** | bgw@trippscott.com (secondary) |
| Jessica N. Walker, Esq. |  |
| (*admitted pro hac vice*) | Paul B. Ranis, Esq. (FBN: 64408) |
| 555 South Flower Street, Suite 3300 | GREENBERG TRAURIG, P.A. |
| Los Angeles, CA 90071-2418 | 401 E. Las Olas Boulevard, Suite 2000 |
| Phone: (213) 972-4675 | Fort Lauderdale, Florida 33301 |
| jwalker@foley.com | ranisp@gtlaw.com |
|  | scottlaw@gtlaw.com |
|  | FLService@gtlaw.com |
| **GK ADVISORY** |  |
| Gene Kleinhendler, Esq. | Scott J. Bornstein, Esq. |
| (*admitted pro hac vice*) | (*pro hac vice to be filed*) |
| gene@gk-ad.com | GREENBERG TRAURIG, LLP |
| Anna Adamsky, Esq. | MetLife Building |
| (*admitted pro hac vice*) | 200 Park Avenue |
| anna@gk-ad.com | New York, NY 10166 |
| 72 Ahad Haam St. | bornsteins@gtlaw.com |
| Tel Aviv 6520512, Israel |  |
| Phone: (972) 3-735-6168 | Stephen Baird, Esq. |
|  | (*pro hac vice to be filed*) |
| ***Counsel for Plaintiff Itamar Medical Ltd.*** | GREENBERG TRAURIG, LLP |
|  | 90 South 7th St., Suite 3500 |
|  | Minneapolis, MN 55402 |
|  | bairds@gtlaw.com |
|  |  |
|  | ***Counsel for Ectosense nv*** |

3